IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEREZ COLEMAN, | |
| Petitioner, | Civil Action No. JRR-22-1985 |
| v. | (Habeas Corpus § 2241) |
| CHRISTINA TYLER, DEPUTY DIRECTOR, *et al.*, | |
| Respondents. | |

**STATE RECORD**

BRIAN E. FROSH
Attorney General of Maryland

ANDREW J. DIMICELI
Assistant Attorney General
Bar No. 20640

Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-6422
adimiceli@oag.state.md.us

*Counsel for Respondents*

September 26, 2022

# TABLE OF CONTENTS

1. Docket entries for Circuit Court for Talbot County, Maryland, Case No. C-20-CR-19-000314 ......................................................SR 1–10

2. Criminal information, filed on November 27, 2019, in the Circuit Court for Talbot County, Maryland, Case No. C-20-CR-19-000314 ......................................................SR 11–13

3. Hearing sheet (initial appearance), filed on January 8, 2020, in the Circuit Court for Talbot County, Maryland..................................................SR 14

4. Motion to dismiss (pro se), filed on February 4, 2020, in the Circuit Court for Talbot County, Maryland ......................................................SR 15–21

5. State's opposition to motion to dismiss, filed on February 7, 2020, in the Circuit Court for Talbot County, Maryland..........................................SR 22–26

6. Hearing sheet (status conference), filed on February 21, 2020, in the Circuit Court for Talbot County, Maryland..................................................SR 27

7. Entry of appearance of defense counsel, filed on March 6, 2020, in the Circuit Court for Talbot County, Maryland ..........................................SR 28

8. Hearing sheet (motion to dismiss hearing), filed on March 6, 2020, in the Circuit Court for Talbot County, Maryland ..........................................SR 29

9.   Notice of assignment, dated on March 9, 2020, in the Circuit Court for Talbot County, Maryland .......................................................SR 30–31

10.  Hearing sheet (status conference), filed on August 21, 2020, in the Circuit Court for Talbot County, Maryland...................................................SR 32

11.  Hearing sheet (status conference), filed on September 18, 2020, in the Circuit Court for Talbot County, Maryland...................................................SR 33

12.  Bench warrant for failure to appear, issued on September 18, 2020, in the Circuit Court for Talbot County, Maryland .....................................SR 34–35

13.  Bench warrant return of service, warrant served on December 2, 2020 (filed on December 4, 2020), in the Circuit Court for Talbot County, Maryland...........................................SR 36–37

14.  Request for bail/bond review (pro se), filed on December 2, 2020, in the Circuit Court for Talbot County, Maryland ...........................................SR 38

15.  Hearing sheet (bail/bond review), filed on December 3, 2020, in the Circuit Court for Talbot County, Maryland...................................................SR 39

16.  Pre-trial commitment order, filed on December 3, 2020, in the Circuit Court for Talbot County, Maryland...........................................SR 40–41

17.  Bail bond posted, filed on December 4, 2020,
     in the Circuit Court for Talbot County,
     Maryland....................................................................SR 42–44

18.  Release order, filed on December 4, 2020, in
     the Circuit Court for Talbot County,
     Maryland....................................................................SR 45–46

19.  Hearing sheet, filed on July 30, 2021, in the
     Circuit Court for Talbot County, Maryland....................SR 47

20.  Notice of bond forfeiture, filed on July 30,
     2021, in the Circuit Court for Talbot
     County, Maryland .......................................................SR 48–49

21.  Bench warrant for failure to appear, issued
     on July 30, 2021, in the Circuit Court for
     Talbot County, Maryland...........................................SR 50–52

22.  Bench warrant return of service, warrant
     served on March 9, 2022 (filed on March 11,
     2022), in the Circuit Court for Talbot
     County, Maryland ...........................................................SR 53

23.  Request for bail/bond review (pro se), filed
     on March 9, 2022, in the Circuit Court for
     Talbot County, Maryland.................................................SR 54

24.  Hearing sheet (bail/bond review), filed on
     March 11, 2022, in the Circuit Court for
     Talbot County, Maryland.................................................SR 55

25. Pre-trial commitment order, filed on March
11, 2022, in the Circuit Court for Talbot
County, Maryland ......................................................SR 56–57

26. Request for bail/bond review (pro se), filed
on March 11, 2022, in the Circuit Court for
Talbot County, Maryland, and marginal
order denying motion on March 15, 2022 .......................SR 58

27. Request for bail/bond review (counseled),
filed on March 17, 2022, in the Circuit Court
for Talbot County, Maryland ....................................SR 59–60

28. Hearing sheet (bail/bond review), filed on
March 18, 2022, in the Circuit Court for
Talbot County, Maryland...................................................SR 61

29. Pre-trial commitment order, filed on March
18, 2022, in the Circuit Court for Talbot
County, Maryland ............................................................SR 62

30. Request for bail/bond review (pro se), filed
on March 22, 2022, in the Circuit Court for
Talbot County, Maryland, and marginal
order denying motion on March 22, 2022 .......................SR 63

31. Request for bail/bond review (pro se), filed
on March 24, 2022, in the Circuit Court for
Talbot County, Maryland, and marginal
order denying motion on March 25, 2022 .......................SR 64

32. Request for bail/bond review (pro se), filed
on April 6, 2022, in the Circuit Court for
Talbot County, Maryland, and marginal
order denying motion on April 15, 2022....................SR 65–72

33.  Request for bail/bond review (pro se), filed
     on April 22, 2022, in the Circuit Court for
     Talbot County, Maryland, and marginal
     order denying motion on May 11, 2022......................SR 73–94

34.  Correspondence regarding application for
     leave to appeal, filed on April 25, 2022, in
     the Court of Special Appeals of Maryland ...............SR 95–106

35.  Application for leave to appeal, filed on
     April 26, 2022, in the Circuit Court for
     Talbot County, Maryland.......................................SR 107–145

36.  Order of the Court of Special Appeals of
     Maryland, filed on May 13, 2022,
     administratively closing related appeal and
     ordering that Coleman's appeals shall
     proceed under CSA-ALA-0450-2022 .............................SR 146

37.  Hearing sheet (motion to discharge counsel;
     competency), filed on May 20, 2022, in the
     Circuit Court for Talbot County, Maryland..................SR 147

38.  Order of the Circuit Court for Talbot
     County, filed on May 23, 2022, committing
     Coleman to the Maryland Department of
     Health for an examination as to competency
     to stand trial ...........................................SR 148–149

39.  Motion to obtain record, filed on May 23,
     2022, in the Court of Special Appeals of
     Maryland.................................................SR 150–152

40. "Notice of Motion Constitutional Brief," filed on May 24, 2022, in the Court of Special Appeals of Maryland .................................SR 153–163

41. Motion for appeal bond, filed on May 24, 2022, in the Court of Special Appeals of Maryland.................................................SR 164–169

42. Application for leave to appeal, filed on May 31, 2022, in the Circuit Court for Talbot County, Maryland .................................................SR 170–176

43. Order of the Court of Special Appeals of Maryland, filed on June 28, 2022, denying Coleman's records-related motion and appeal bond-related motion, but construing his third motion as a supplement to his application for leave to appeal......................................SR 177

44. Opinion of the Court of Special Appeals of Maryland, filed on June 30, 2022, in CSA-ALA-0450-2022, summarily denying leave to appeal.......................................SR 178–179

45. Petition for a writ of certiorari, filed on July 11, 2022, in the Court of Appeals of Maryland................................................SR 180–186

46. Informal Brief of Appellant, filed on July 15, 2022, in the Court of Special Appeals of Maryland in Appeal No. CSA-REG-0685-2022.............................................SR 187–196

47. Mandate of the Court of Special Appeals of Maryland, filed on August 1, 2022, in CSA-ALA-0450-2022.................................................................SR 197

48. "Notice of Petition of Constitutional Question / Bail Reduction" (pro se), filed on August 3, 2022, in the Circuit Court for Talbot County, Maryland, and September 12, 2022 marginal order denying bail/bond reduction...............................................................SR 198–216

49. Amendment to petition for a writ of certiorari, received on August 17, 2022, in the Court of Appeals of Maryland.........................SR 217–231

50. Brief of Appellee, filed on September 2, 2022, in the Court of Special Appeals of Maryland in Appeal No. CSA-REG-0685-2022.............................................SR 232–243

51. Scheduling notice, filed on September 6, 2022, in Appeal No. CSA-REG-0685-2022, indicating that the appeal will be decided without oral argument in the court's October 2022 session......................................................SR 244

52. Emergency Motion for Bail Reduction / Pretr[ia]l Release" (pro se), filed on September 8, 2022, in the Circuit Court for Talbot County, Maryland.......................................SR 245–262

53. Hearing sheet (competency), filed on September 14, 2022, in the Circuit Court for Talbot County, Maryland..............................................SR 263

54. Order of the Circuit Court for Talbot County, issued on September 15, 2022, finding Coleman incompetent to stand trial and committing him to the Maryland Department of Health ............................................. SR 264–265

## Case Information

Court System:        **Circuit Court For Talbot County - Criminal**
Location:            **Talbot Circuit Court**
Case Number:         **C-20-CR-19-000314**
Title:               **State of Maryland vs. Jerez Nehemiah Stone-Coleman**
Case Type:           **Criminal - Information**
Filing Date:         **11/27/2019**
Case Status:         **Appealed**
Tracking Number(s): **197020000236**

## Other Reference Numbers

Judgment **C-20-JG-21-000176**
Case Appealed **CSA-REG-0367-2022**
Application for Leave to Appeal Filed **CSA-ALA-0450-2022**
Case Appealed **CSA-REG-0685-2022**
Petition Filed **COA-PET-0168-2022**

## Defendant Information

### Defendant

Name: **Stone-Coleman, Jerez Nehemiah**
Race:        **Black**  Sex: **Male**  Height: **6'1"**  Weight: **157**
HairColor:    EyeColor:
DOB:          **01/17/1995**
Address: **#182468, Talbot County Det. Ctr.**
         **115 W. Dover Street**
City:        **Easton**  State: **MD**  Zip Code: **21601**

#### *Attorney(s) for the Defendant*

Name:           **PETTICOLAS, KISHA T**
Appearance Date: **03/06/2020**
Address Line 1:  **Talbot County Office of the Public Defender**
Address Line 2:  **301 Bay Street**
Address Line 3:  **Suite 308**
City:           **Easton**  State: **MD**  Zip Code: **21601**

Name:           **Public Defender, Talbot County**
Appearance Date: **03/06/2020**
Removal Date:    **12/30/2020**
Address Line 1:  **Suite 308**
Address Line 2:  **301 Bay Street**
City:           **Easton**  State: **MD**  Zip Code: **21601**

## Involved Parties Information

### Plaintiff

Name: **State of Maryland**

#### *Attorney(s) for the Plaintiff*

Name:           **State's Attorney - Talbot County**

Appearance Date: **11/27/2019**
Removal Date: **03/10/2022**
Address Line 1: **20 N WEST ST.**
City: **EASTON** State: **MD** Zip Code: **21601**

Name: **COALE, JOSEPH**
Appearance Date: **03/10/2022**
Address Line 1: **Talbot County State's Attorney Office**
Address Line 2: **20 N West Street**
City: **EASTON** State: **MD** Zip Code: **21601**

## Bond Remitter/Bondsman

Name: **EDGAR A PINDER**
Address: **PO BOX 1013**
City: **CAMBRIDGE** State: **MD** Zip Code: **21613**

## Surety

Name: **Allegheny Casualty Company**
Address: **P.O. Box 9810**
City: **Calabasas** State: **CA** Zip Code: **91372**

## Court Scheduling Information

| Event Type | Event Date | Event Time | Court Location | Court Room | Result |
|---|---|---|---|---|---|
| Hearing - Initial Appearance | 01/08/2020 | 08:30:00 | Talbot County Circuit Calendar | Courtroom 1 | Concluded / Held |
| Conference - Status | 02/21/2020 | 08:30:00 | Talbot County Circuit Calendar | Courtroom 1 | Concluded / Held |
| Hearing - Motion | 03/06/2020 | 13:00:00 | Talbot County Circuit Calendar | Courtroom 1 | Concluded / Held |
| Trial - Jury | 04/22/2020 | 09:00:00 | Talbot County Circuit Calendar | Courtroom 1 | CancelledReason: Postponed/Reset |
| Conference - Status | 08/21/2020 | 10:00:00 | Talbot County Circuit Calendar | Courtroom 1 | Defendant / Respondent Failed to Appear |
| Conference - Pre-Trial | 09/18/2020 | 10:00:00 | Talbot County Circuit Calendar | Courtroom 1 | Defendant / Respondent Failed to Appear |
| Hearing - Video Bail / Bond Review | 12/03/2020 | 13:30:00 | Talbot County Circuit Calendar | Courtroom 1 | Concluded / Held |
| Conference - Pre-Trial | 07/30/2021 | 13:30:00 | Talbot County Circuit Calendar | Courtroom 1 | Concluded / Held |
| Hearing - Video Bail / Bond Review | 03/11/2022 | 14:00:00 | Talbot County Circuit Calendar | Courtroom 1 | Concluded / Held |
| Hearing - Video Bail / Bond Review | 03/18/2022 | 14:30:00 | Talbot County Circuit Calendar | Courtroom 1 | Concluded / Held |
| Conference - Status | 04/01/2022 | 09:45:00 | Talbot County Circuit Calendar | Courtroom 1 | Concluded / Held |
| Conference - Pre-Trial | 04/15/2022 | 09:45:00 | Talbot County Circuit Calendar | Remote | Concluded / Held |
| Conference - Status | 05/20/2022 | 09:45:00 | Talbot County Circuit Calendar | Remote | Concluded / Held |
| Hearing - Competency | 09/14/2022 | 13:30:00 | Talbot County Circuit Calendar | Courtroom 1 | Concluded / Held |
| Trial - Jury | 11/01/2022 | 09:00:00 | Talbot County Circuit Calendar | Courtroom 1 | CancelledReason: Canceled/Vacated |
| Trial - Jury | 11/02/2022 | 09:00:00 | Talbot County Circuit Calendar | Courtroom 1 | CancelledReason: Canceled/Vacated |
| Trial - Jury | 11/03/2022 | 09:00:00 | Talbot County Circuit Calendar | Courtroom 1 | CancelledReason: Canceled/Vacated |

## Charge and Disposition Information

Charge No: **1** CJIS Code: **1-1135** Statute Code: **CR.7.104**

SR 2

Charge Description: **Theft: $25,000 To Under $100,000**  Charge Class: **Felony District Court**
Probable Cause:
Offense Date From: **05/14/2018**  To: **05/21/2018**
Agency Name:          Officer ID:
*Disposition*
Plea: **Not Guilty**  Plea Date: **12/19/2020**

Charge No: **2**  CJIS Code: **1-1367**  Statute Code: **CR.8.301 (c)(2)(i)(ii)**
Charge Description: **Fraud Ident Info Thft $25k-<$100k**  Charge Class: **Felony District Court**
Probable Cause:
Offense Date From: **05/14/2018**  To: **05/21/2018**
Agency Name:          Officer ID:
*Disposition*
Plea: **Not Guilty**  Plea Date: **12/19/2020**

Charge No: **3**  CJIS Code: **1-1371**  Statute Code: **CR.8.301(c)(2)(iii)**
Charge Description: **Fraud-Per Id Avoid Pay $25k -<100k**  Charge Class: **Felony District Court**
Probable Cause:
Offense Date From: **05/14/2018**  To: **05/21/2018**
Agency Name:          Officer ID:
*Disposition*
Plea: **Not Guilty**  Plea Date: **12/19/2020**

## Warrants Information

| Type | Issue | Last Status | Status Date |
|------|-------|-------------|-------------|
| **Bench Warrant - Failure to Appear** | **09/18/2020** | **Warrant Served** | **12/02/2020** |
| **Bench Warrant - Failure to Appear** | **07/30/2021** | **Warrant Served** | **03/09/2022** |

## Bond Setting Information

Bail Date: **12/03/2020**
Bail Setting Type: **Percentage Bond**
Bail Amount: **$2,000.00**

Bail Date: **03/11/2022**
Bail Setting Type: **Set by Judge**
Bail Amount: **$50,000.00**

Bail Date: **03/18/2022**
Bail Setting Type: **Set by Judge**
Bail Amount: **$50,000.00**

Bail Date: **09/18/2020**
Bail Setting Type: **Hold Without Bond**
Bail Amount: **$0.00**

Bail Date: **07/30/2021**
Bail Setting Type: **Hold Without Bond**
Bail Amount: **$0.00**

## Bail Bond Information

| Type | Bond Amount Posted | Bond Status Date | Bond Status |
|------|-------------------|------------------|-------------|
| **CORP** | **$2,000.00** | **12/17/2021** | **Forfeiture - Satisfied** |
| **CORP** | **$2,000.00** | **12/02/2021** | **Forfeiture - Judgment** |
| **CORP** | **$2,000.00** | **07/30/2021** | **Forfeiture - 90 Days** |
| **CORP** | **$2,000.00** | **12/04/2020** | **Posted** |

## Document Information

File Date: **05/10/2011**

Filed By:
Document Name: **Subpoena Issued**

File Date: **11/27/2019**
Filed By:
Document Name: **Criminal Information**

File Date: **11/27/2019**
Filed By:
Document Name: **Summons Issued (Service Event)**

File Date: **11/27/2019**
Filed By:
Document Name: **Writ - Habeas Corpus**

File Date: **12/04/2019**
Filed By:
Document Name: **Crime Victim Certificate of Compliance**

File Date: **12/12/2019**
Filed By:
Document Name: **Return of Service - Served**

File Date: **01/08/2020**
Filed By:
Document Name: **Hearing Sheet**

File Date: **01/08/2020**
Filed By:
Document Name: **Defendant Advisement of Rights - MD Rule 4-213**

File Date: **01/15/2020**
Filed By:
Document Name: **Crime Victim Notification Request Form**

File Date: **01/22/2020**
Filed By:
Document Name: **Returned Paper Filing Status Notice - MDEC Action**

File Date: **01/24/2020**
Filed By:
Document Name: **Writ - Habeas Corpus**

File Date: **02/04/2020**
Filed By:
Document Name: **Motion / Request - To Dismiss**

File Date: **02/07/2020**
Filed By:
Document Name: **Opposition**

File Date: **02/11/2020**
Filed By:
Document Name: **Writ - Habeas Corpus**

File Date: **02/20/2020**
Filed By:
Document Name: **Discovery Pursuant to Rule 4-263**

File Date: **02/21/2020**
Filed By:
Document Name: **Hearing Sheet**

File Date: **02/28/2020**
Filed By:
Document Name: **Public Defender Eligibility Certificate**

File Date: **03/04/2020**
Filed By:

| | |
|---|---|
| Document Name: | **Returned Paper Filing Status Notice - MDEC Action** |
| File Date:<br>Filed By: | **03/06/2020** |
| Document Name: | **Hearing Sheet** |
| File Date:<br>Filed By: | **03/06/2020** |
| Document Name: | **Defense Attorney Appearance Filed** |
| File Date:<br>Filed By: | **03/09/2020** |
| Document Name: | **Writ - Habeas Corpus** |
| File Date:<br>Filed By: | **03/27/2020** |
| Document Name: | **Returned/Undeliverable Mail** |
| File Date:<br>Filed By: | **03/30/2020** |
| Document Name: | **Writ of Habeas Corpus - Canceled** |
| File Date:<br>Filed By: | **04/21/2020** |
| Document Name: | **Returned/Undeliverable Mail** |
| File Date:<br>Filed By: | **04/24/2020** |
| Document Name: | **Writ - Habeas Corpus** |
| File Date:<br>Filed By: | **05/04/2020** |
| Document Name: | **Writ of Habeas Corpus - Returned** |
| File Date:<br>Filed By: | **05/15/2020** |
| Document Name: | **Returned/Undeliverable Mail** |
| File Date:<br>Filed By: | **08/21/2020** |
| Document Name: | **Hearing Sheet** |
| File Date:<br>Filed By: | **09/18/2020** |
| Document Name: | **Hearing Sheet** |
| File Date:<br>Filed By: | **09/18/2020** |
| Document Name: | **Bench Warrant Issued** |
| File Date:<br>Filed By: | **12/02/2020** |
| Document Name: | **Warrant/Writ Served** |
| File Date:<br>Filed By: | **12/03/2020** |
| Document Name: | **Motion / Request - For Bail Review** |
| File Date:<br>Filed By: | **12/03/2020** |
| Document Name: | **Pretrial Supervision Summary/Report/Notice** |
| File Date:<br>Filed By: | **12/03/2020** |
| Document Name: | **Hearing Sheet** |
| File Date:<br>Filed By: | **12/03/2020** |
| Document Name: | **Commitment Pending Hearing** |

| | |
|---|---|
| File Date: | **12/04/2020** |
| Filed By: | |
| Document Name: | **Bond Posted** |

| | |
|---|---|
| File Date: | **12/04/2020** |
| Filed By: | |
| Document Name: | **Release From Commitment** |

| | |
|---|---|
| File Date: | **12/04/2020** |
| Filed By: | |
| Document Name: | **Affidavit** |

| | |
|---|---|
| File Date: | **07/30/2021** |
| Filed By: | |
| Document Name: | **Hearing Sheet** |

| | |
|---|---|
| File Date: | **07/30/2021** |
| Filed By: | |
| Document Name: | **Bond Forfeiture - 90 Days** |

| | |
|---|---|
| File Date: | **07/30/2021** |
| Filed By: | |
| Document Name: | **Bench Warrant Issued** |

| | |
|---|---|
| File Date: | **12/02/2021** |
| Filed By: | |
| Document Name: | **Bond Forfeiture Judgment** |

| | |
|---|---|
| File Date: | **12/17/2021** |
| Filed By: | |
| Document Name: | **Bond Forfeiture Satisfied** |

| | |
|---|---|
| File Date: | **12/17/2021** |
| Filed By: | |
| Document Name: | **Bond Forfeiture Satisfied** |

| | |
|---|---|
| File Date: | **03/09/2022** |
| Filed By: | |
| Document Name: | **Warrant/Writ Served** |

| | |
|---|---|
| File Date: | **03/10/2022** |
| Filed By: | |
| Document Name: | **Motion / Request - For Bail Review** |

| | |
|---|---|
| File Date: | **03/10/2022** |
| Filed By: | |
| Document Name: | **Attorney Appearance for State** |

| | |
|---|---|
| File Date: | **03/11/2022** |
| Filed By: | |
| Document Name: | **Hearing Sheet** |

| | |
|---|---|
| File Date: | **03/11/2022** |
| Filed By: | |
| Document Name: | **Commitment Pending Hearing** |

| | |
|---|---|
| File Date: | **03/14/2022** |
| Filed By: | |
| Document Name: | **Motion / Request - For Bail Review** |

| | |
|---|---|
| File Date: | **03/15/2022** |
| Filed By: | |
| Document Name: | **Ruling - Noted:** |

| | |
|---|---|
| File Date: | **03/17/2022** |
| Filed By: | |
| Document Name: | **Motion / Request - To Review / Alter Bond** |

| | |
|---|---|
| File Date: | **03/18/2022** |
| Filed By: | |
| Document Name: | **Hearing Sheet** |

| | |
|---|---|
| File Date: | **03/18/2022** |
| Filed By: | |
| Document Name: | **Commitment Pending Hearing** |

| | |
|---|---|
| File Date: | **03/22/2022** |
| Filed By: | |
| Document Name: | **Motion / Request - For Bail Review** |

| | |
|---|---|
| File Date: | **03/22/2022** |
| Filed By: | |
| Document Name: | **Ruling** |

| | |
|---|---|
| File Date: | **03/25/2022** |
| Filed By: | |
| Document Name: | **Motion / Request - For Bail Review** |

| | |
|---|---|
| File Date: | **03/25/2022** |
| Filed By: | |
| Document Name: | **Ruling - Noted:** |

| | |
|---|---|
| File Date: | **03/30/2022** |
| Filed By: | |
| Document Name: | **Returned/Undeliverable Mail** |

| | |
|---|---|
| File Date: | **04/01/2022** |
| Filed By: | |
| Document Name: | **Hearing Sheet** |

| | |
|---|---|
| File Date: | **04/01/2022** |
| Filed By: | |
| Document Name: | **Writ - Habeas Corpus** |

| | |
|---|---|
| File Date: | **04/05/2022** |
| Filed By: | |
| Document Name: | **Returned/Undeliverable Mail** |

| | |
|---|---|
| File Date: | **04/06/2022** |
| Filed By: | |
| Document Name: | **Motion / Request - For Bail Review** |

| | |
|---|---|
| File Date: | **04/15/2022** |
| Filed By: | |
| Document Name: | **Hearing Sheet** |

| | |
|---|---|
| File Date: | **04/15/2022** |
| Filed By: | |
| Document Name: | **Ruling** |

| | |
|---|---|
| File Date: | **04/18/2022** |
| Filed By: | |
| Document Name: | **Writ - Habeas Corpus** |

| | |
|---|---|
| File Date: | **04/22/2022** |
| Filed By: | |
| Document Name: | **Motion / Request - For Bail Review** |

| | |
|---|---|
| File Date: | **04/26/2022** |
| Filed By: | |
| Document Name: | **Application for Leave to Appeal** |

| | |
|---|---|
| File Date: | **05/10/2022** |
| Filed By: | |
| Document Name: | **Subpoena Issued** |

| | |
|---|---|
| File Date: | **05/10/2022** |

Filed By:
Document Name: **Subpoena Issued**

---

File Date:        **05/10/2022**
Filed By:
Document Name: **Subpoena Issued**

---

File Date:        **05/10/2022**
Filed By:
Document Name: **Subpoena Issued**

---

File Date:        **05/10/2022**
Filed By:
Document Name: **Subpoena Issued**

---

File Date:        **05/10/2022**
Filed By:
Document Name: **Subpoena Issued**

---

File Date:        **05/10/2022**
Filed By:
Document Name: **Subpoena Issued**

---

File Date:        **05/11/2022**
Filed By:
Document Name: **Ruling**

---

File Date:        **05/12/2022**
Filed By:
Document Name: **Return of Service - Served**

---

File Date:        **05/12/2022**
Filed By:
Document Name: **Return of Service - Served**

---

File Date:        **05/12/2022**
Filed By:
Document Name: **Return of Service - Served**

---

File Date:        **05/12/2022**
Filed By:
Document Name: **Return of Service - Served**

---

File Date:        **05/12/2022**
Filed By:
Document Name: **Return of Service - Served**

---

File Date:        **05/20/2022**
Filed By:
Document Name: **Hearing Sheet**

---

File Date:        **05/23/2022**
Filed By:
Document Name: **Order for Outpatient Examination Competency to Stand Trial**

---

File Date:        **05/24/2022**
Filed By:
Document Name: **Writ /Summons/Pleading - Electronic Service**

---

File Date:        **05/24/2022**
Filed By:
Document Name: **Original Record Sent**

---

File Date:        **05/31/2022**
Filed By:
Document Name: **Application for Leave to Appeal**

---

File Date:        **05/31/2022**

**Filed By:**
**Document Name:** Return of Service - Not Served

---

**File Date:** 05/31/2022
**Filed By:**
**Document Name:** Return of Service - Not Served

---

**File Date:** 06/22/2022
**Filed By:**
**Document Name:** Notice of Restricted Information

---

**File Date:** 06/22/2022
**Filed By:**
**Document Name:** MDH Letter

---

**File Date:** 06/22/2022
**Filed By:**
**Document Name:** MDH Letter

---

**File Date:** 06/23/2022
**Filed By:**
**Document Name:** Order - Motion/Request/Petition Granted

---

**File Date:** 06/27/2022
**Filed By:**
**Document Name:** Writ /Summons/Pleading - Electronic Service

---

**File Date:** 06/30/2022
**Filed By:**
**Document Name:** Original Record Sent

---

**File Date:** 07/14/2022
**Filed By:**
**Document Name:** Acknowledgement of Petition for Writ of Certiorari

---

**File Date:** 08/01/2022
**Filed By:**
**Document Name:** Mandate

---

**File Date:** 08/03/2022
**Filed By:**
**Document Name:** Criminal Motion

---

**File Date:** 08/03/2022
**Filed By:**
**Document Name:** Criminal Motion

---

**File Date:** 08/17/2022
**Filed By:**
**Document Name:** Criminal Motion

---

**File Date:** 08/18/2022
**Filed By:**
**Document Name:** Writ /Summons/Pleading - Electronic Service

---

**File Date:** 09/08/2022
**Filed By:**
**Document Name:** Motion / Request - For Bail Review

---

**File Date:** 09/09/2022
**Filed By:**
**Document Name:** Notice of Restricted Information

---

**File Date:** 09/09/2022
**Filed By:**
**Document Name:** Report from MDH

---

**File Date:** 09/12/2022
**Filed By:**

Document Name: **Writ - Habeas Corpus**

File Date: **09/12/2022**
Filed By:
Document Name: **Ruling**

File Date: **09/14/2022**
Filed By:
Document Name: **Hearing Sheet**

File Date: **09/15/2022**
Filed By:
Document Name: **Commitment to MDH - Finding of Incompetence to Stand Trial**

File Date: **09/15/2022**
Filed By:
Document Name: **Writ /Summons/Pleading - Electronic Service**

## Service Information

| Service Type | Issued Date | Service Status |
|---|---|---|
| **Summons Issued** | **11/27/2019** | |
| **Subpoena Issued** | **05/10/2022** | |
| **Subpoena Issued** | **05/10/2011** | |
| **Subpoena Issued** | **05/10/2022** | |
| **Subpoena Issued** | **05/10/2022** | |
| **Subpoena Issued** | **05/10/2022** | |
| **Subpoena Issued** | **05/10/2022** | |
| **Subpoena Issued** | **05/10/2022** | |
| **Subpoena Issued** | **05/10/2022** | |

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*

**SR 10**

STATE OF MARYLAND

vs.

JEREZ N. STONE-COLEMAN
Inmate No. 00474746
Eastern Correctional Institution
30420 Revells Neck Rd
Westover, MD   21890

IN THE CIRCUIT COURT

FOR

TALBOT COUNTY, MD

CRIMINAL NO.

TRACKING NO. 19-7020-00023-6

2019 NOV 27 AM 11:50

CIRCUIT COURT
FOR TALBOT COUNTY
EASTON, MD

\*   \*   \*   \*   \*   \*   \*   \*

# INFORMATION

## COUNT 1

THEFT: $25,000 TO UND $100,000
CJIS Code 1-1135
Article CR 7 104
Penalty:  10 Years &/or $15,000

Colin C. Carmello,  Assistant State's Attorney for Talbot County, Maryland duly

authorized and empowered to investigate and prosecute the entitled case in this Court, on his

official oath does inform said Court that JEREZ N. STONE-COLEMAN, on or about May 14,

2018, to May 21, 2018, in Talbot County, Maryland, did steal security services of Chesapeake

Strategies Group, having a value of at least $25,000 but less than $100,000, in violation of

Criminal Law Article 7-104, contrary to the form of the Act of Assembly, in such case made and

provided, and against the peace, government and dignity of the State.

## COUNT 2

### FRAUD ID INFO THFT $25K-<100K
CJIS Code 1-1367
Article CR 8 301(c)(2)(i)(ii)
Penalty: 10 Years &/or $15,000

Colin C. Carmello, Assistant State's Attorney for Talbot County, Maryland duly

authorized and empowered to investigate and prosecute the entitled case in this Court, on his

official oath does inform said Court that JEREZ N. STONE-COLEMAN, on or about May 14,

2018, to May 21, 2018, in Talbot County, Maryland, did knowingly and willfully assume the

identity of another, to wit: "Tyrone Davis," "Noah Preston," and "Dion 'NO ID' Wilson," with

the fraudulent intent of obtaining security services of Chesapeake Strategies Group, having a

value of at least $25,000 but less than $100,000, in violation of Criminal Law Article 8-301,

contrary to the form of the Act of Assembly, in such case made and provided, and against the

peace, government and dignity of the State.

## COUNT 3

### FRAUD-PER ID AVD PY 25K-<100K
CJIS Code 1-1371
Article CR 8 301(c)(iii)
Penalty: 10 Years &/or $25,000

Colin C. Carmello, Assistant State's Attorney for Talbot County, Maryland duly authorized

and empowered to investigate and prosecute the entitled case in this Court, on his official oath

does inform said Court that JEREZ N. STONE-COLEMAN, on or about May 14, 2018, to May

21, 2018, in Talbot County, Maryland, did knowingly and willfully assume the identity of

another/fictitious person, to wit: a "representative" of Artium Recordings, a division of Universal

Music Group Recordings, Inc., d/b/a "Def Jam Records," with fraudulent intent to avoid payment

for security services of Chesapeake Strategies Group, having a value of at least $25,000 but less

than $100,000, in violation of Criminal Law Article 8-301, contrary to the form of the Act of

Assembly, in such case made and provided, and against the peace, government and dignity of the

State.

Colin C. Carmello
Assistant State's Attorney
Talbot County, Maryland

# IN THE CIRCUIT COURT FOR TALBOT COUNTY

**Date:** January 8, 2020    **Judge:** Stephen H Kehoe

**Case Number/Title:** C 20 CR 19 314    St vs J Stone - Coleman

**Hearing Type:** Initial Appearance

**Parties Present:**

☒ State's Attorney  Ault

☒ Defendant    ☐ Defendant's Counsel: _____

☐ Defendant FTA


☐ Appeal dismissed and case be returned to District Court

☒ Defendant advised of pending charges and right to counsel

☒ Advice of Rights filed

**Court's Ruling:**

☐ Bench warrant issued

  ○ No bond    ○ Bond: $_____

        ○ Cash      ○ Surety      ○ Property      ○ May post _____%


☒ Other:  deft Stated he has an atty from D.C

_____

_____

# Motion to Dismiss
## With Prejudice

Jerez Coleman                    Case No: C-20-CR-14-00034

Clerk of Court,

The Defense is moving this court to dismiss this case with prejudice for the following constitutional violations:

On July 2nd, 2014, this case was dismissed in district court, prior to the proceeding the prosecutor threatned and coerced me into trying to agree with a plea, but due to me not accepting it, he proceeded in filing this case on 11/27/14 in circuit court. The Due Process Clause is the constitutional provision, that prohibts the government from unfairly or arbitrarily depriving a person of life, liberty and freedom or property. The government violated my due process, due to the governments unreasonable and unexplained delay in this matter, which has substantially impaired my ability to mant a defense. Procedural Due Process was violated, the prosecutor tried more than once to charge the same crime, which is considered double jeopardy. My 8th amendment right to cruel and unusual punishment, has been violated. I have been subjected to dehumanizing jail conditions, my safety has been comprimized by me being in prison, around violent criminals, people getting stabbed, corrupt correctional officers, being subjected to verbal and mental abuse, being confined to a small cell, phone companies that gouged my families money by charging them exorbitant rates to talk with them, poor health care which was abysmal, I have missed school (I am on a full academic scholarship at

haward university, I was expected to start my graduate carces, my school is awaiting the outcome of this matter, me being away from my family, by me witnessing and being subjected to these violent conditions, which has excerbated symptoms from depression, post trautmatic stress, mental abuse, emotional distress, pain and suffering, these events have traumatized and humiliated me. The Prosecutor and police googled me and seen Numerous articles (that is considered gossip) about me, and engaged in selective prosecution which the Prosecutors actions is cleary arbitrary. (CHAVEZ VS. Illinois State Police, see also flowers VS. Fiore). Selective enforcement violates equal protection of laws (YICK WO VS. Hopkins), see also (Armstrong VS. United States). African Americans are incarcerated at grossly disproportionate rates throughout america. Prosecutors routinely described black and whites differently. Black people committed crimes because of internal personality flaws such as disrespect, white people did so because of external conditions, such as family conflict. Immunizing Prosecutors from claims of racial bias and failing to impose any meaningful check on the excercise of their discretion in charging, plea bargaining, transferring cases, and sentencing has created an enviornment in which conscious and unconscious biases are allowed to flourish. Numerous studies have shown that Prosecutors interpret and respond identical criminal activity differently based on the race of the offender The study reviewed by san Jose Mercury News took criminal

PG. 4

Case was filed, Just like this matter, but it's the same
crime, the premise of double Jeopardy prevents multiple prosec-
utions stemming from the same crime. Colin Carmello violat-
ed the double Jeopardy clause, my due process rights in the
14th Amendment and my 8th amendment right.
This is clearly arbitrary. on 4/31/19, a court commissioner
called me a N-word and refused bail, when their is
no history of violence in this matter. MY 8th amendment
right has been violated. Defendents are typically denied
meaningful legal representation, pressured by the threat
of a lengthy sentence into a plea bargain, and then placed
under formal control - in prison, or Jail, on probation or
parole. Tens of thousands of poor people go to Jail, every
year without ~~talking~~ to a lawyer, and those who do meet
with a lawyer often spend only a few minutes discussing their
case options before making a decision that will profoundly affect
the rest of their lives. In Gideon vs. Wainwright, the supreme
court ruled that poor people accused of crimes were entitled
to counsel. Yet people are processed through courts annually either
with no lawyer at all or with a lawyer who does not have
the time, resources, or the inclination to provide effective represen
tation, this violates my 8th amendment right and the criminal
Justice Act (title 18 3006A). People of color who are in Jail
were legally distinguishable from slaves for a time, during
his service in the prison, he is in a state of penal servitude
to the state. He is civiliter mortus, and ~~his estate~~ his estate, is admini-
stered like that of a dead man. In conclusion, throughout
the criminal Justice system, as well in our schools, public

spaces, young + black + male equated with reasonable suspicion, justifying the arrest, interrogation, search and detention of thousands of African Americans every year. (Black men are thought as criminals). black youth are viewed as criminals, we face severe employ- ment discrimination and are also "pushed out" of school through racially biased school discipline policies. More African American adults are under correctional control today - in prison or jail, or on probation or parole - than were enslaved in 1850, a decade before the civil war began. Thousands of black men have disappeared into prisons and jails, locked away for non violent offenses and drug crimes that are largely ignored when committed by whites. The mass incarceration of people of color is a big part of the reason that a black child born today is less likely to be raised by both parents than a black child born during slavery. More, black men are imprisoned today than at any other moment in our nations history. More are disenfranchised today than in 1870, the year the 15th amendment was ratified prohibiting laws that explicitly deny the right to vote on the basis of race. When K. Packered and Russell Gray lodged racial slurs at me (on 4/3/19, Ms. K. Packered called me a N-ward", stated we dont give bonds to african americans and your race is a threat). For more than three decades, images of black men in handcuffs, have been a regular staple of evening news. In fact, it is precisely because we know that black and brown people are far more likely to be imprisoned that we, as a nation, have not cared too much about it. the U.S criminal justice system is some kind of a tool

PG.6

of racial control. The unfortuanate reality we must face is that racism manifests itself not only in individual attitudes and stereotypes, but also in the basic structure of society. In closing, I am petitioning this cart to dismiss this case with prejudice due to constitutional violations of my 8th, 5th, 14th, 6th amendment rights, along with violation of title VI of the 1964 civil rights Act, title 18 3006A (The criminal justice Act (The Ajuate representation of defendents) and the racial slurs lodged against me is a direct violation of my rights. title 18 3142(c) No judicial officer shall cause the pretrail detention of the accussed.

Respectfully submitted,
Jerez coleman
1643 Fort Davis Pl SE
Washington, DC 20020

Jerez Coleman

Dear Judge Kehoe;

I am requesting for a bond in this matter, so I can properly defend myself. I have been the victim of racial profiling and selective prosecution in this case. I have been denied the right to effective legal representation, which is my 6th amendment right and under title 18 3006A (Adquate representation of defendants). Me being in jail it's very hard to make legal calls, or obtain legal stamps and envelope's, my family has to buy that and if I was released, it would be better to handle and defend myself. This case has been dropped, re-filed dropped, since 11-18-18; on 7/2/19 in district court this case was dropped and my family was told this matter was over, I was shocked to learn it's in this court. I have been pressured, threaten and coerced by the prosecuting attorney. The delay has impaired my defense, me, not having a bail hearing, me having racial slurs lodged at me, is highly unconstitutional. on 4-3-19, I met with a court commissioner (which you can see), she called me a N-word and stated "bail isn't given to members of my race)- That was recorded, this whole case has been investigated by the depart of justice civil rights division and I have alot of people in my corner, but I am a public figure, so people know me, but I don't know these people. I want allow racial slurs and my constitutional rights violated. Title 18 3142(c) states " No Judicial officer shall cause the pre-trail detention of the accussed and I am afforded the presumption of innocence and to properly defend myself. I am in school and much more.

warm regads
Jerez coleman

CIRCUIT COURT FOR Talbot County _____, MARYLAND

Located at 11 No. Washington Street   Case No. C-20-CR-19-000314
                          Court Address

Colin Carmello                    vs.   Jerez Coleman, PKA DJ Silent Assassin
Plaintiff                                Defendant

20 No. West Street                       1443 Fort Davis Pl SE
Address                                  Address

Easton, MD, 21601    410-770-8060        Washington, DC 20020
City, State, Zip     Telephone           City, State, Zip        Telephone


## CERTIFICATE OF SERVICE


I certify that on this 24th day of Jan , 2020 , a copy of the
                                   Month        Year

document(s) titled Motion to Suppress W/ Prejudice
                          Title(s) of document(s)


was/were ☑ mailed, postage prepaid ☐ hand delivered, to:


Kathleen M. Duvall                   11 No. West Street
_____                     _____
       Name                                Address

                                     Easton, MD 21601
                                       City, State, Zip

Colin Carmello, Bar # 1312170135     20 No. West Street
_____                     _____
       Name                                Address

                                     Easton, MD 21601
                                       City, State, Zip

1-24-20
_____                     _____
       Date                          Signature of Party Serving


CC-DR-058 (Rev. 06/2019)

| | | |
|---|---|---|
| **STATE OF MARYLAND** | * | **CIRCUIT COURT** |
| vs. | * | **FOR** |
| **JEREZ N. STONE-COLEMAN** | * | **TALBOT COUNTY** |
| **AKA "DJ SILENT ASSASSIN"** | | |
| **Defendant.** | * | **CASE No.: C-20-CR-19-000314** |

\* \* \* \* \*

## STATE'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR BAIL HEARING

The State of Maryland, by Colin Carmello, Assistant State's Attorney for Talbot County, hereby opposes Defendant's Motion to Dismiss and Request for Bail Hearing, and respectfully states:

1. Defendant claims "this case was dismissed in [D]istrict [C]ourt" on July 2, 2019. The docket entries in case D-035-CR-18-000794 clearly show the charges in that matter were entered *nolle prosequi*, which is not a dismissal or otherwise an adjudication on the merits. At that time, it was also made clear that the State intended to recharge the matter in this Court by way of Information, which has been done.

2. Defendant alleges "the prosecutor threatened and coerced [him] into trying to agree [to] a plea." No member of the State's Attorney's Office has communicated directly with the Defendant by any means. An offer to resolve the matter in District Court was conveyed to Counsel for the Defendant while the matter was then pending there, which was rejected. The State also informed Defendant's Counsel that should the matter not be resolved in District Court, the State would enter the charges *nolle prosequi*, and recharge by Information in the Circuit Court. No threats or coercion occurred in any sense on the part of the State.

**SR 22**

3.      Defendant alleges, without any specific facts, that the State has unfairly or arbitrarily violated his due process rights. Defendant also alleges the State acted with "unreasonable and unexplained delay." The State interprets this to be an allegation that the State improperly delayed the filing of charges in this matter. However, Defendant alleges no facts that he has suffered any actual prejudice due to any purported delay, nor that any such delay by the State was for the improper purpose of gaining a tactical advantage. *See Clark v. State*, 364 Md. 611, 645 (2001) (citing *Smallwood v. State*, 51 Md. App. 463, 472 (1982)). "[I]nvestigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused.'" *Clark*, 364 Md. at 630 (quoting *U.S. v. Lovasco*, 431 U.S. 783, 795 (1977)) (internal quotation marks omitted).

4.      Defendant alleges a double jeopardy violation. Jeopardy on the facts at issue in this case has never attached. The District Court never received evidence nor swore any witnesses, and no jury has been empaneled, any of which is a prerequisite to the attachment of jeopardy under the 5th Amendment to the US Constitution and Maryland common law.[1]

5.      Defendant alleges an 8th Amendment violation inasmuch as he complains of cruel and unusual punishment. Defendant has not been incarcerated in this case. He is incarcerated at the Eastern Correctional Institution pursuant to a Harford County District Court sentence in case D-09-CR-19-000804, unrelated to this matter, and therefore any alleged misconduct would not properly be before this Court. As well, Defendant alleges no specific facts to support the allegation.

6.      Defendant alleges "[t]he prosecutor and police googled [him] and seen [sic] numerous articles (that is considered gossip) about [him] and engaged in selective

---

[1] Defendant also specifically alleges undersigned counsel engaged in this nefarious plot, without any facts whatsoever.

prosecution which the prosecutors [sic] actions is clearly arbitrary," citing cases.[2] Whether the State engaged in any public search on the Defendant (such as Google) is of zero consequence. Using public information is an appropriate investigative tool. The charges before the Court are in no way based on selective prosecution or arbitrary decisions, and Defendant points to no specific facts to the contrary, nor could he.

7.      Defendant alleges that, when he was brought before a District Court Commissioner on April 3, 2019, he was unfairly discriminated against on the basis of his race and that said Commissioner used derogatory language. Assuming for the sake of argument that this unfortunate event actually occurred in the manner Defendant alleges, it occurred in Harford County, unrelated any charges brought against him in Talbot County, in either court. As such, his complaint is not properly before this Court.

8.      Defendant complains that he has had no bail hearing in this case, which is true. However, in this matter, Defendant was served with a summons and is not being held on the charges pending in this Court; therefore a bail review is unnecessary.[3]

9.      Defendant again alleges, quite contrary to reality, that he has "been pressured, threaten[ed] and coerced by the prosecuting attorney." The State has never communicated with the Defendant other than through his Counsel or through the Court, and has never exerted any influence upon him whatsoever.

---

[2] The State interprets the references as: *Chavez v. Illinois State Police*, 251 F.3d 612 (7th Cir.) (2001), in which the US Court of Appeals for the Seventh Circuit affirmed summary judgment and dismissal of plaintiffs alleged numerous civil rights violations; *Flowers v. Fiore*, 359 F.3d 24 (1st Cir.) (2004), in which the First Circuit affirmed summary judgment in favor of defendants on similar complaints; and *Yick Wo v. Hopkins*, 188 U.S. 356 (1886), which does generally stand for the proposition Defendant appears to assert, but he alleges no facts that would lead to a similar conclusion.

[3] Defendant asserts that his "family was told this matter was over," and he "was shocked to learn it's in this court." Given that Defendant was informed, in open court, that his matter would be recharged by Information, his surprise is confusing.

10.     Defendant also makes numerous references to the state of criminal justice in the United States, as well as to historical injustices faced by African-Americans.[4] However accurate or inaccurate these characterizations may be, they bear no weigh in Defendant's case before this Court on these charges.

**WHEREFORE,** the State respectfully requests this Honorable Court to deny Defendant's Motion to Exclude.

Respectfully submitted,

   /s/
Colin C. Carmello, #1312170135
Assistant State's Attorney
20 N. West Street
Easton, Maryland  21601
(410) 770-8060
circt@talbotcountysao.org

---

[4] Defendant also asserts that "this whole case has been investigated by the [D]epart[ment] of Justice[,] [C]ivil [R]ights [D]ivision." The State has been unable to confirm any such investigation.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Response, together with a Proposed Order, was forwarded, via US Mail, on this 7th day of February, 2020, to the Defendant, at Inmate #474-746, c/o Eastern Correctional Institution, 30420 Revells Neck Rd., Westover, MD 21890.  I hereby certify in accordance with Maryland Rule 20-201 that neither this pleading nor any submission attached thereto contains restricted information.

_____/s/_____
Colin C. Carmello
Assistant State's Attorney

# IN THE CIRCUIT COURT FOR TALBOT COUNTY

**Date:** 02/21/2020 **Judge:** Stephen H. Kehoe
**Case Number/Title:** C-20-CR-19-314 State vs. Jerez Nehemiah Stone-Coleman ✓EC1
**Hearing Type:** Status

**Parties Present:**
☑ State's Atty _Carmello_       ☑ Defendant ☐ Defendant's Counsel: _____
☐ Interpreter: _____                 _appeared w/o counsel_
☐ Defendant FTA
☐ Bench warrant issued: No Bond/Bond: $_____ ○ Cash  ○ Surety ○ Property ○ May post _____ %


**Plea:** ☐ Guilty to Count(s): _____
☐ Defendant sworn   ☐ Jury trial waiver   ☐ 180 day waiver
☐ Testimony taken   ☑ Parties/Counsel heard by Court

**Witnesses:**
_____       _____
_____       _____
_____       _____

**Court's Ruling:**
☐ Defendant has freely, voluntarily, knowingly and intelligently:
○ waived right to jury trial   ○ waived right to speedy trial   ○ entered into plea
☐ State entered Nolle Pros on the record, Court so notes
☑ Pre Trial/Status hearing: _04-03_          ☑ Motions hearing: _03-06-2020_
☑ Court/Jury Trial: _04-22_ ~~Deft's Address Upon Release~~   ☐ Plea date: _____
☑ Other: _1643 Fort Davis Place SE_      _- To be released 03-11-2020_
     _Washington DC 20020_
     _State's Discovery handed to Deft_
     _Application_
_____

☐ Bench Warrant issued   ○ No bond   ○ Bond: $_____

C-20-CR-19-000314
HRSHE
Hearing Sheet / Open Court Proceedings
67097

**SR 27**

## IN THE CIRCUIT COURT FOR TALBOT COUNTY, MARYLAND

**STATE OF MARYLAND**        *    **CASE NO:  C-20-CR-19-000314**

    **vs**

 **Jerez Nehemiah Stone-Coleman**

* * * * * * *

### NOTICE TO ENTER APPEARANCE

Dear Clerk:

         Please enter the appearance of:

                 **KISHA PETTICOLAS, ESQUIRE 0612130208**
                 **ASSISTANT PUBLIC DEFENDER**
                 **301 BAY STREET, SUITE 308**
                 **EASTON, MD  21601**
                 **TELEPHONE: (410) 820-6100   FAX:  (410) 820-4098**
                 **EMAIL: kpetticolas@opd.state.md.us**

                     **/p/Kisha Petticolas#0612130208**
                     Assistant Public Defender
                     301 Bay Street, Suite 308
                     Easton, MD 21601
                     Telephone: (410) 820-6100 Fax 410) 820-4098

      as attorney for defendant in the above-captioned case.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Motion was electronically e-filed through MDEC and sent to the State's Attorney for Talbot County, 20 North West Street, Suite 1, Easton,  MD 21601, on this  05 day  of  **March 2020**, and a copy was mailed to the Defendant, **Jerez Nehemiah Stone-Coleman**, for the purpose stated above.

                     /s/Tamara V. Stofa, #9612190188
                     Tamara V. Stofa, Esq.
                     Office of the Public Defender
                     301 Bay Street, Suite 308
                     Easton, MD  21601
                     Telephone:  (410) 820-6100

**SR 28**

# IN THE CIRCUIT COURT FOR TALBOT COUNTY

**Date:** 3/4/20  **Judge:** S. Kehoe

**Case Number/Title:** C-20-CR-19-314 Jerez N Stone Columan

**Hearing Type:** Motion

**Parties Present:**

☑ State's Atty C. Carmelo  ☑ Defendant ☑ Defendant's Counsel: K. Petticolas

☐ Interpreter: _____

☐ Defendant FTA

☐ Bench warrant issued: No Bond/Bond: $_____ ○ Cash  ○ Surety  ○ Property  ○ May post ____%

**Plea:**  ☐ Guilty to Count(s): _____

☐ Defendant sworn  ☐ Jury trial waiver  ☐ 180 day waiver

☐ Testimony taken  ☑ Parties/Counsel heard by Court

**Witnesses:**

_____  _____
_____  _____
_____  _____

**Court's Ruling:**

☑ Defendant has freely, voluntarily, knowingly and intelligently: elected to argue this motn hearing pro se.

○ waived right to jury trial  ○ waived right to speedy trial  ○ entered into plea

☐ State entered Nolle Pros on the record, Court so notes

☑ Pre Trial/Status hearing: 4/17/2020  ☐ Motions hearing: _____

☑ Court/Jury Trial: 4/22/2020  ☐ Plea date: _____

☑ Other: motion to dismiss heard
motion denied

_____
_____
_____

☐ Bench Warrant issued  ○ No bond  ○ Bond: $_____

**SR 29**


**CIRCUIT COURT FOR TALBOT COUNTY, MARYLAND**
11 N. Washington Street
Easton, Maryland 21601

**To:** JEREZ NEHEMIAH STONE-COLEMAN
#474-746
EASTERN CORRECTIONAL INSTITUTION
30420 REVELLS NECK RD
WESTOVER MD 21890

| | |
|---|---|
| Case Number: | C-20-CR-19-000314 |
| Tracking Number: | 197020000236 |
| Related Case Number: | |

**STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN**

Date: 3/9/2020

## NOTICE OF ASSIGNMENT

**You are hereby NOTIFIED TO APPEAR before Judge Stephen Hughes Kehoe in the:**
CIRCUIT COURT FOR TALBOT COUNTY, 11 N. Washington Street, Easton, MD 21601

| Date | Time | Type of Proceeding |
|---|---|---|
| 04/17/2020 | 8:30AM | Conference - Pre-Trial |
| | | Rescheduled from April 3, 2020 |
| 04/22/2020 | 9:00AM | Trial - Jury |

**DEFENDANT SHALL COME TO THE CIRCUIT COURTROOM 30 MINUTES PRIOR TO THE PRETRIAL UNLESS OTHERWISE NOTIFIED BY THEIR COUNSEL OF RECORD.**

Proper attire required in **ALL** courtrooms. NO shorts, cut off pants, tank tops, tee shirts with suggestive or negative language or hats.

### NOTICE TO COUNSEL:

Pursuant to Second Judicial Circuit Administrative Order C, counsel shall report to the courtroom fifteen (15) minutes prior to the commencement of a hearing or court trial.

For Jury Trials, Counsel and Defendant shall report at 8:30 a.m. VOIR DIRE IS TO BE SUBMITTED 48 BUSINESS HOURS BEFORE TRIAL.

Counsel is expected to file with the Clerk of Court an order for summons of witnesses at least ten (10) days prior to the date of trial. Immediately upon learning that the presence of a summoned witness will not be required, it shall be the responsibility of counsel who requested the summons to give notice to the witness or to the Sheriff if the summons has not been served, that his presence is no longer required.

Kristine Short

Assignment Clerk (410) 770-6801

cc: Parole and Probation
States Attorney - Talbot County 20 N West St Easton Md 21601
Kisha T. Petticolas Talbot County Office Of The Public Defender 301 Bay Street Suite 308 Easton Md 21601



U.S. POSTAGE >> PITNEY BOWES

ZIP 21601 $ 000.50⁰
02 4W
0000366183 MAR 09 2020

RECEIVED

MAR 11 2020

Eastern Correctional Institution
MAILROOM

NIXIE      212    DE 1      0003/23/20

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD

BC: 21601319599      *2027-02495-09-34

E SHORE
MD 215
020 MAR 200
PM 3 1

CIRCUIT COURT
FOR TALBOT COUNTY
EASTON MD

2020 MAR 27    AM 11: 21

REF
21650-336820

Assignment Clerk
CIRCUIT COURT
FOR TALBOT COUNTY
11 N. WASHINGTON STREET
EASTON, MARYLAND 21601

Please

RETURN
TO
SEN

Refused by Inmate _____

Paroled _____

Released ✓

**SR 31**

# IN THE CIRCUIT COURT FOR TALBOT COUNTY

**Date:** 08/21/2020    **Judge:** Stephen H. Kehoe
**Case Number/Title:** C-20-CR-19-314 State vs. Jerez Nehemiah Stone-Coleman
**Hearing Type:** Status          ☐ In Person Hearing    ☑ Remote Hearing
                                         ☐ Defendant elected/consented to proceed remotely

**Parties Present:**
☑ State's Atty _Carmello_        ☐ Defendant ☑ Defendant's Counsel: _Petticolas_
☐ Interpreter: _____
☑ Defendant FTA
☐ Bench warrant issued: No Bond/Bond: $_____ ○ Cash  ○ Surety  ○ Property  ○ May post _____%


**Plea:**  ☐ Guilty to Count(s): _____
☐ Defendant sworn  ☐ Jury trial waiver  ☐ 180 day waiver
☐ Testimony taken  ☑ Parties/Counsel heard by Court

**Witnesses:**

_____    _____
_____    _____
_____    _____
_____    _____

**Court's Ruling:**
☐ Defendant has freely, voluntarily, knowingly and intelligently:
○ waived right to jury trial   ○ waived right to speedy trial   ○ entered into plea
☐ State entered Nolle Pros on the record, Court so notes
☑ Pre Trial/Status hearing: _09-18_        ☐ Motions hearing: _____
☐ Court/Jury Trial: _____    ☐ Plea date: _____
☐ Other: _PT postponed_ _____
_____
_____
_____
_____

☐ Bench Warrant issued   ○ No bond   ○ Bond: $_____

# IN THE CIRCUIT COURT FOR TALBOT COUNTY

**Date:** Friday, September 18, 2020  **Judge:** Hon. Stephen H. Kehoe

**Case Number/Title:** C 20 CR19 314  St vs Jerez Stone-Coleman

**Hearing Type:** (Pretrial)  Status  □ In Person Hearing  **X** Remote Hearing

□ Defendant elected/consented to proceed remotely

**Parties Present:** Carmella for

□ State's Atty  Katherine Ault  □ Defendant  ☒ Defendant's Counsel: Petticolas

□ Interpreter: _____

☒ Defendant FTA

☒ Bench warrant issued: No Bond/Bond: $_____ ○ Cash  ○ Surety  ○ Property  ○ May post ____ %

**Plea:** □ Guilty to Count(s): _____

□ Defendant sworn  □ Jury trial waiver  □ 180 day waiver

□ Testimony taken  □ Parties/Counsel heard by Court

**Witnesses:**

_____  _____
_____  _____
_____  _____

**Court's Ruling:**

□ Defendant has freely, voluntarily, knowingly and intelligently:

○ waived right to jury trial  ○ waived right to speedy trial  ○ entered into plea

□ State entered Nolle Pros on the record, Court so notes

□ Pre Trial/Status hearing: _____  □ Motions hearing: _____

□ Court/Jury Trial: _____  □ Plea date: _____

□ Other: _____
_____
_____
_____
_____

□ Bench Warrant issued  ○ No bond  ○ Bond: $_____

**SR 33**



# CIRCUIT COURT FOR TALBOT COUNTY, MARYLAND
11 N. Washington Street
Easton, Maryland 21601
Clerks Office: 410-822-2611 Assignment Office: 410-770-6801 Juvenile Assignment Office: 410-822-2611

| | | |
|---|---|---|
| **Case Number:** | | C-20-CR-19-000314 |
| **Related Case Number:** | | |
| **Tracking Number:** | | 197020000236 |

## STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN

CC#: _____

Warrant Control No. C-20-CR-19-000314 - 1

1-1135      CR.7.104      Theft: $25,000 To Under $100,000
**See Charge Sheet for additional charges and addresses**

## Bench Warrant - Failure to Appear

STATE OF MARYLAND, Talbot County,
TO ANY PEACE OFFICER:

An Order of the Court was entered on 09/18/2020, ordering the arrest of **JEREZ NEHEMIAH STONE-COLEMAN, AKA, no AKAs found,** to be brought before this Court for: **Bench Warrant - Failure to Appear.**

**YOU ARE ORDERED** to immediately arrest the above named person who resides or may be located at **1643 Fort Davis Place Se  Washington Dc  20020** to answer unto the State of Maryland concerning a certain contempt by him/her committed by:

☒ failing to appear in this Court on 09/18/2020 for trial or hearing after being notified to do so.
☐ failing to obey an Order of this Court or a condition of probation dated  by Stephen H. Kehoe.
**IF THE DEFENDANT IS NOT IN CUSTODY FOR ANOTHER OFFENSE,**
☐ **Initial appearance is to be held in the county in which Warrant was issued.**
☐ **Initial appearance is to be held in the county in which Defendant was arrested.**
**YOU ARE FURTHER DIRECTED TO:**
☐ to immediately take this person before a judicial officer of the District Court; or if the Warrant so specifies, before a judicial officer of the circuit court. An appearance by video satisfies the requirements of this directive.
☒ to hold this person at Talbot Co. Detention Center pending his/her appearance in the above named Court on the first sitting of the Court following his/her apprehension.
☒ **IF THE DEFENDANT IS IN CUSTODY FOR ANOTHER OFFENSE, this Warrant is to be lodged as a detainer for the continued detention of the Defendant for the offense charged in the charging document. When the Defendant is served with a copy of the charging document and Warrant, the Defendant shall be taken promptly before a judicial officer of the District Court; or if the Warrant so specifies, before a judicial officer of the circuit court.**
☐ the person shall be released only upon posting a bail bond in the full penalty amount of $

☐ without  ☐ with collateral security or obligation of a corporation which is an insurer. Bond may be posted in county of arrest.

## SR 34

LOCAL DETENTION CENTER, JAIL OR BOOKING FACILITY: **YOU ARE ORDERED** to:

☒ Receive from any officer the body of the above named Defendant who is HEREBY COMMITTED TO YOUR CUSTODY.

☐ Transfer the Defendant to: _____,
The Defendant, once transferred, shall be taken without unnecessary delay, before this Court during the next session to answer these charges.

A failure to appear Bench Warrant with preset bond amount may be posted by the defendant with a District Court commissioner prior to arrest. Law enforcement should verify the status of the warrant before arrest.

09/18/2020 12:54:46 PM

| Date | Judge/Clerk of the Circuit Court |
|------|----------------------------------|

**DESCRIPTION:** Driver's License #: S352402626047      State: MD            Race: Black
Sex: Male              Ht.: 6 Ft. 1 In.       Wt.: 157 Lbs.    Hair:
Eyes:                  DOB: 01/17/1995                   FBI #:
SID #: MD 37749592     SSN:                   Complexion:
Tattoos, Marks, Scars:                                    Other:

Given to Law Enforcement Agency: _____

## RETURN OF SERVICE

☐ I certify that at _____ ☐ AM ☐ PM on _____ at _____
           Time                            Date                    Place
_____, I executed this Bench Warrant by
                  Place
arresting the person named above and delivered a copy of the Bench Warrant to him/her.

☐ I left a copy of the Warrant as a detainer for the continued detention of the person named above at:

_____
Detention Facility

_____
Address

_____
Signature of Peace Officer

_____
Title

_____
Agency                Sub-Agency        ID Number

**SR 35**



**CIRCUIT COURT FOR TALBOT COUNTY, MARYLAND**
11 N. Washington Street
Easton, Maryland 21601
Clerks Office: 410-822-2611 Assignment Office: 410-770-6801 Juvenile Assignment Office: 410-822-2611

|  | Case Number: | C-20-CR-19-000314 |
|---|---|---|
|  | Related Case Number: |  |
|  | Tracking Number: | 197020000236 |

**STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN**

CC#: _____

Warrant Control No. C-20-CR-19-000314 - 1

1-1135      CR.7.104      Theft: $25,000 To Under $100,000
See Charge Sheet for additional charges and addresses

**Bench Warrant - Failure to Appear**

STATE OF MARYLAND, Talbot County,
TO ANY PEACE OFFICER:
    An Order of the Court was entered on 09/18/2020, ordering the arrest of **JEREZ NEHEMIAH STONE-COLEMAN, AKA, no AKAs found,** to be brought before this Court for: **Bench Warrant - Failure to Appear.**

    **YOU ARE ORDERED** to immediately arrest the above named person who resides or may be located at **1643 Fort Davis Place Se Washington Dc 20020** to answer unto the State of Maryland concerning a certain contempt by him/her committed by:

☒ failing to appear in this Court on 09/18/2020 for trial or hearing after being notified to do so.
☐ failing to obey an Order of this Court or a condition of probation dated by Stephen H. Kehoe.

**IF THE DEFENDANT IS NOT IN CUSTODY FOR ANOTHER OFFENSE,**
☐   **Initial appearance is to be held in the county in which Warrant was issued.**
☐   **Initial appearance is to be held in the county in which Defendant was arrested.**
    **YOU ARE FURTHER DIRECTED TO:**
☐   to immediately take this person before a judicial officer of the District Court; or if the Warrant so specifies, before a judicial officer of the circuit court. An appearance by video satisfies the requirements of this directive.
☒   to hold this person at Talbot Co. Detention Center pending his/her appearance in the above named Court on the first *sitting of the Court following his/her apprehension.*
☒   **IF THE DEFENDANT IS IN CUSTODY FOR ANOTHER OFFENSE, this Warrant is to be lodged as a detainer for the continued detention of the Defendant for the offense charged in the charging document. When the Defendant is served with a copy of the charging document and Warrant, the Defendant shall be taken promptly before a judicial officer of the District Court; or if the Warrant so specifies, before a judicial officer of the circuit court.**
☐   the person shall be released only upon posting a bail bond in the full penalty amount of $

    ☐ without    ☐ with collateral security or obligation of a corporation which is an insurer. Bond may be posted in county of arrest.

**SR 36**

LOCAL DETENTION CENTER, JAIL OR BOOKING FACILITY: **YOU ARE ORDERED** to:

☒ Receive from any officer the body of the above named Defendant who is HEREBY COMMITTED TO YOUR CUSTODY.

☐ Transfer the Defendant to: _____,

The Defendant, once transferred, shall be taken without unnecessary delay, before this Court during the next session to answer these charges.

A failure to appear Bench Warrant with preset bond amount may be posted by the defendant with a District Court commissioner prior to arrest. Law enforcement should verify the status of the warrant before arrest.

09/18/2020 12:54:46 PM

_____     _____
Date        Judge/Clerk of the Circuit Court

**DESCRIPTION:** Driver's License #: S352402626047    State: MD      Race: Black
Sex: Male      Ht.: 6 Ft. 1 In.    Wt.: 157 Lbs.    Hair:
Eyes:      DOB: 01/17/1995      FBI #:
SID #: MD 37749592    SSN:      Complexion:
Tattoos, Marks, Scars:      Other:

Given to Law Enforcement Agency: _____

**RETURN OF SERVICE**

☑ I certify that at `1736` ☐ AM ☒ PM on `12/2/20` at `115 W. DOVER ST` `EASTON MD 21601`
Time       Date       Place
Place, I executed this Bench Warrant by arresting the person named above and delivered a copy of the Bench Warrant to him/her.

☐ I left a copy of the Warrant as a detainer for the continued detention of the person named above at:

_____
Detention Facility

_____
Address

Signature of Peace Officer

Title `CPC`

Agency `ZT`     Sub-Agency `8010`     ID Number `0967`

CIRCUIT COURT
FOR TALBOT COUNTY
EASTON, MD
2020 DEC -4 AM 9: 09



## TALBOT COUNTY PUBLIC SAFETY CENTER
### DEPARTMENT OF CORRECTIONS
115 W. DOVER ST
EASTON, MD 21601

## CIRCUIT COURT BAIL/BOND REVIEW REQUEST

NAME: _Jerez Stone-Coleman_

CASE NUMBER: _C20CR19000314_

BOND AMOUNT: _NO Bond_

DATE / TIME RECEIVED: _12-2-2020 1750_

    I, _Jerez Stone-Coleman_ do hereby request a bond review reference the above mentioned case.

_12-2-2020  1848_
DATE/TIME

SIGNATURE

TCDC Form 130-2a, Revised 08/06

**SR 38**

# IN THE CIRCUIT COURT FOR TALBOT COUNTY

Date: Thurs. Dec 3, 2020 **Judge:** Hon Stephen H Kehoe
**Case Number/Title:** CR 19-314 St vs Stone-Coleman

**Hearing Type:** Bail Review     □ In Person Hearing    ☒ Remote Hearing
                                           □ Defendant elected/consented to proceed remotely

**Parties Present:**
☒ State's Atty: Carmello
☒ Plaintiff / Defendant     ○ Appeared via poly com
☒ Plaintiff / Defendant's Counsel: Dufour
□ OCS              □ OCS Atty: _____

☒ Counsel/Parties heard on bail
□ Defendant advised of pending charges and right to counsel
□ OPD will be representing Defendant
☒ Current Address:
_____
_____

□ Current Arrears: $ _____

**Court's Ruling:**
□ Released on     ○ his/her personal recognizance     ○ Pre-Trial release
☒ Bail / Purge set at: $ 2,000 _____ ○ Full cash ○ Surety     ○ Property    ☒ May post 10 %
☒ Commitment Pending issued
□ Release issued
□ Advice of Rights filed
□ Other: _____
□ Contempt Hearing on: _____ before the ○ Judge    ○ Magistrate
□ Personal Recognizance Form issued

JERNZ Stone co

ME, Com

**SR 39**



# CIRCUIT COURT OF MARYLAND FOR TALBOT COUNTY

11 N. Washington Street
Easton, Maryland 21601
Clerks Office: 410-822-2611 Assignment Office: 410-770-6801 Juvenile Assignment Office: 410-822-2611

| | |
|---|---|
| **Case Number:** | **C-20-CR-19-000314** |
| **Tracking Number:** | **197020000236** |
| **Other Reference Number(s):** | |

## STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN

DOB: 01/17/1995    INMATE ID #:          FBI #:          SID #: MD-37749592

## COMMITMENT PENDING HEARING
☐ CIVIL ☒ CRIMINAL ☐ TRAFFIC ☐ DOMESTIC VIOLENCE

To:   TALBOT COUNTY DETENTION CENTER
115 W. Dover Street
Easton, Maryland 21601

**YOU ARE HEREBY COMMANDED** to receive from any officer the body of Jerez Nehemiah Stone-coleman. Charges are listed below.

**COUNT/CJIS CODE/STATUTE/DESCRIPTION/DISPOSITION/DISPOSITION DATE**

| | | | |
|---|---|---|---|
| 1  1-1135 00 | CR.7.104 | Theft: $25,000 To Under $100,0 | 10 Y/$15000.00 |
| 2  1-1367 00k | CR8301 (c)(2) | Fraud Ident Info Thft $25k-<$1 | 10 Y/$5000.00 |
| 3  1-1371 100k | CR8301(c)(2)( | Fraud-Per Id Avoid Pay $25k -< | 10 Y/$15000.00 |

☒  Bond is set at $2,000 (10% acceptable).
      (☒ Secured ☐ Unsecured)
☐  Bail review was held and the bond is set at $2,000 (10% acceptable).
      (☐ Secured ☐ Unsecured)
☐  In default of $2,000 bail (10% acceptable).
☐  Bail review was held by Judge Stephen H. Kehoe and above named individual is committed
      in default of $2,000 bail (10% acceptable).
☐  Having been surrendered by bondsman, bond of $2,000 to continue.
☐  Hold without bond.

☐  Special Conditions                           Additional Information
    No Additional Special Conditions Exist
    No Additional Special Conditions Exist

☐  Other:

**YOU ARE FURTHER COMMANDED** to:

☐  Transfer above named individual to the jail or detention center in  County/City. If the above named individual
    has not been transferred prior to the next session of court, and has not had a bail review, he is to be brought
    before the court in your county for bail review.

☐  Produce the above named individual for further review before a judicial officer at the Court and address
    below:

**SR 40**

Circuit Court of Maryland for Talbot County
11 N. Washington Street
Easton, Maryland 21601

within ☐ 30 days from date of arrest ☐ 60 days from second commitment if before that time the above named individual has not posted the bail or been arrested on a warrant of the Governor of Maryland on a requisition of the executive authority of the State of MD. Pending hearing date: .

☐ Produce the above named individual for court appearance at the Court and address below:

Circuit Court of Maryland for Talbot County
11 N. Washington Street
Easton, Maryland 21601

whenever notified for: _____. Pending court appearance is set for:

_____ at _____.

12-3-2020          Kathleen M Dulall
Date                    Clerk / Judge / Commissioner

12/04/2020  10:29  4108209518              COURT                        PAGE  01/03



**CIRCUIT COURT OF MARYLAND FOR TALBOT COUNTY**
11 N. Washington Street
Easton, Maryland 21601
Clerks Office: 410-822-2611 Assignment Office: 410-770-6801 Juvenile Assignment Office: 410-822-2611

|  |  |
|---|---|
| Case Number: | C-20-CR-19-000314 |
| Tracking Number: | 197020000236 |
| Other Reference Number(s): | |

**STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN**

Hearing or Trial Date _____                                      DOB: 01/17/1995
MDEC Bond #
Charge: CR.7.104; CR.8.301    Theft: $25,000 To Under $100,000; Fraud Ident Info Thft $25k-<$100k; Fraud-Per Id
(c)(2)(i)(ii);              Avoid Pay $25k-<100k
CR.8.301(c)(2)(iii)

**BAIL BOND**
**(Md. Rule Form 4-217.2)**

KNOW ALL PERSONS BY THESE PRESENTS:
That I/we, the undersigned, jointly and severally acknowledge that I/we, our personal representatives, successors, and assigns are held and firmly bound unto the State of Maryland in the penalty sum of _____
Two Thousand _____ Dollars ( $ 2,000.000 ):

☐ without collateral security;
☐ with cash or other collateral security equal in value to _____ % of the penalty sum;
☐ with cash or other collateral security equal in value to the full penalty amount;
☐ with collateral security in value to a percentage greater than 10 % ( ____ %) but less than the full penalty amount;
☒ with the obligation of the corporation _Allegheny Casualty Company_ which is an insurer or other surety in the full penalty amount.

To secure payment the ☐ defendant ☐ surety ☐ individual has:
☐ deposited ☐ in cash or ☐ by certified check the amount of $ _____
☐ pledged the following intangible personal property:

☐ encumbered the real estate described in the ☐ Declaration of Trust filed herewith, or ☐ in a Deed of Trust dated
the _____ day of _____ , _____ , from the undersigned surety to _____
                          Month              Year
to the use of the State of Maryland.
THE CONDITION OF THIS BOND IS that the defendant personally appear, as required, in any court in which the charges are pending, or in which a charging document may be filed based on the same acts or transactions, or to which the action may be transferred, removed, or, if from the District Court, appealed.
IF, however, the defendant fails to perform the foregoing condition, this bond shall be forfeited forthwith for payment of the above penalty sum in accordance with law.
IT IS AGREED AND UNDERSTOOD that this bond shall continue in full force and effect until discharged pursuant to Rule 4-217.
AND the undersigned surety covenants that the only compensation chargeable in connection with the execution of this bond consisted of a ☐ fee, ☒ premium, ☐ service charge for the loan of money, or ☐ other (describe) _____
                                                        in the amount of $ 2,000.00

☐ Fee or premium paid by _Jerez Stone-Coleman_
(address) _____

CC-DC-CR-008 (Rev. 10/2019)              Page 1 of 3              12/04/2020 10:09 AM

**SR 42**

12/04/2020  10:29     4108209518                    CCOURT                                        PAGE  02/03

Case Number: C-20-CR-19-000314

Tracking Number: 197020000236

Other Reference Number(s):

AND the undersigned surety covenants that no collateral was or will be deposited, pledged, or encumbered directly or indirectly in favor of the surety in connection with the execution of this bond except: _____

IN WITNESS WHEREOF, these presents have been executed under seal this ⟨4th⟩ day of ⟨December⟩ '
⟨2020⟩
　　Year　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Month

X ⟨Jerez Coleman⟩                          X ⟨1243 Fort davis Pl S E, Washington DC⟩
　　　　Defendant　　　　　　　　　　　　　　　　　　　　Address of Defendant　⟨20020⟩

_____                    _____
　Personal Surety/Individual　　　　　　　　　　　　　　　Address of Surety

X ⟨Edgar Pinder⟩                           X ⟨P.O. Box 1013 Cambridge MD 21613⟩
　　　Surety-Insurer　　　　　　　　　　　　　　　　　　Address of Surety-Insurer
By
　⟨Edgar Pinder⟩                           _____
　　　Bail Bondsman　　　　　　　　　　　　　　　　　Power of Attorney No.

SIGNED, sealed, and acknowledged before me:   X ⟨Kathleen M. Durrell⟩
⟨12/4/20⟩                                   Commissioner/Clerk/Judge of the ⟨Circuit⟩ Court
　　Date　　　　　　Time                      for  ⟨Talbot⟩　　　　　　　　　　County/City

SEE IMPORTANT INFORMATION ON NEXT PAGE OF THIS FORM

CC-DC-CR-008 (Rev. 10/2019)            Page 2 of 3                12/04/2020 10:09 AM

SR 43

Case Number: C-20-CR-19-000314

Tracking Number: 197020000236

Other Reference Number(s):

## IMPORTANT NOTICE TO SURETY POSTING BOND

**YOUR OBLIGATION ON POSTING BOND**

You have pledged bond for the release of another person. This makes you responsible for seeing that the defendant appears in court at the time and place specified on the bond.

**DISCHARGE OF BOND BY SURRENDERING DEFENDANT**

If you believe that the defendant may not appear or is planning to leave the State of Maryland, you may surrender the defendant and any fee received for the bond to a commissioner at any time before forfeiture and be relieved of the obligation.

**YOUR LOSS IF DEFENDANT DOES NOT APPEAR FOR TRIAL**

Failure of the defendant to appear will result in the forfeiture of the bond. The forfeiture may be satisfied by payment of the full amount of the bond or by producing the defendant within 90 days of the forfeiture. You may request that a judge grant an extension up to 180 days for the satisfaction of the bond. If the defendant is produced within the required time you must petition the Court to enter the forfeiture satisfied.

The Court may require that you pay the expenses the State incurred in producing the defendant. Failure to pay the forfeiture will result in the entry of a judgment against you and could result in the seizure and sale of your house, car, or other personal property to satisfy the judgment.

**RETURN OF BOND AFTER DEFENDANT APPEARS FOR TRIAL**

If you have posted a cash bond and the defendant has been placed on probation before judgment, found not guilty, or the charges were dismissed, nol prossed, or stetted, a refund will be made to you by check.

If an appeal is filed, the bond will continue in effect until trial in the higher court. However, the bond may be released if the defendant personally appears to sign a release of the bond, and a statement that the defendant understands that a new bond must be posted if an appeal is filed. This release can be signed only by the defendant in the presence of a Court official. The refund will then be made to you by check.

**NO PROFESSIONAL BAIL BOND SHALL BE ACCEPTED IF THE SURETY ON THE BOND IS ON THE CURRENT LIST MAINTAINED BY THE CHIEF CLERK OF THE DISTRICT COURT OF THOSE IN DEFAULT.**

SR 44



# CIRCUIT COURT FOR TALBOT COUNTY, MARYLAND

11 N. Washington Street
Easton, Maryland 21601
Clerks Office: 410-822-2611 Assignment Office: 410-770-6801 Juvenile Assignment Office: 410-822-2611

| | |
|---|---|
| **Case Number:** | **C-20-CR-19-000314** |
| **Tracking Number:** | **197020000236** |
| **Other Reference Number(s):** | |

## STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN

### Eastern Correctional Institute                                       00474746

| Charge Code | Description | CJIS Code | Disposition |
|---|---|---|---|
| CR.7.104 | Theft: $25,000 To Under $100,000 | 1-1135 | |

**See Charge Sheet for additional charges**

## RELEASE FROM COMMITMENT

To:  SOMERSET COUNTY DETENTION CENTER
30474 REVELLS NECK RD
WESTOVER MD 21871

YOU ARE HEREBY COMMANDED to release Jerez Nehemiah Stone-coleman, Defendant as:

- ☐ Bail Review was held and Defendant is released on own personal recognizance.
- ☒ Surety Bond in the amount of $2,000.00 was posted by Edgar Pinder
- ☐ Original Surety bond in the amount of $2,000.00 which had been previously posted, was reinstated.
- ☐ Hearing was held and all charge(s) were dismissed, stetted, or a nolle prosequi.
- ☐ Trial/sentencing was held on  and there was no further commitment.
  Disposition:
- ☐ Fine of $, the payment of which was in default, has now been paid.
- ☐ Special Pre-trial Conditions:
- ☐

**NOTE: This release applies only to the case listed above. Before release check for detainers. If Defendant is committed for any other reason, hold Defendant pursuant to that commitment.**

12/4/20
/Date

Kathleen M. Duvall
Clerk / Judge / Commissioner

SR 45

## NOTICE TO DEFENDANT

You are scheduled for the following court appearances:

      Date                Time               Type of Proceeding

at: Talbot Circuit Court, 11 N. Washington Street  Easton, Maryland  21601.


To request a foreign language interpreter or a reasonable accommodation under the Americans with Disabilities Act,
please contact the court immediately.  Maryland Relay call: 711.
**Possession and use of cell phones and other electronic devices may be limited or prohibited in designated areas of
the court facility.**

**SR 46**

# IN THE CIRCUIT COURT FOR TALBOT COUNTY

**Date:** 07-30-21    **Judge:** Hon Stephen H Kehoe

**Case Number/Title:** C20CR19-314   St vs Jerez Stone-Coleman

**Hearing Type:** _____    □ In Person Hearing    ☑ Remote Hearing

                                         □ Defendant elected/consented to proceed remotely

**Parties Present:**

☑ State's Atty Carmello        □ Defendant ☑ Defendant's Counsel: Petticolas

□ Interpreter: _____

□ Defendant FTA

□ Bench warrant issued: No Bond/Bond: $_____ ○ Cash   ○ Surety   ○ Property   ○ May post _____%

**Plea:**   □ Guilty to Count(s): _____

□ Defendant sworn    □ Jury trial waiver    □ 180 day waiver

□ Testimony taken    □ Parties/Counsel heard by Court

**Witnesses:**

_____      _____

_____      _____

_____      _____

_____      _____

**Court's Ruling:**

□ Defendant has freely, voluntarily, knowingly and intelligently:

○ waived right to jury trial    ○ waived right to speedy trial    ○ entered into plea

□ State entered: □ Nolle Pros on the record, Court so notes   □ Stet on the record, Court so notes

□ Pre Trial/Status hearing: _____    □ Motions hearing: _____

□ Court/Jury Trial: _____    □ Plea date: _____

□ Other: _____

_____

_____

_____

_____

☑ Bench Warrant issued     ☑ No bond    ○ Bond: $_____

Current Corporate Bond forfeited

**SR 47**



**CIRCUIT COURT FOR TALBOT COUNTY, MARYLAND**
11 N. Washington Street
Easton, Maryland 21601

Clerks Office: 410-822-2611
Assignment Office: 410-770-6801
Juvenile Assignment Office: 410-822-2611

**To:** EDGAR A PINDER
PO BOX 1013
CAMBRIDGE MD 21613

| | |
|---|---|
| **Case Number:** | **C-20-CR-19-000314** |
| **Tracking Number:** | **197020000236** |
| **Related Case Number:** | |

**STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN**

Date: 7/30/2021

## NOTICE OF BOND FORFEITURE – 90 DAYS

You are hereby notified in accordance with the Maryland Rules of Procedure that the bond was forfeited and a Bench Warrant was issued on 07/30/2021 by Hon. Stephen H. Kehoe, Judge in the above-captioned case.

Within 90 days from the date the defendant, Jerez Nehemiah Stone-coleman, failed to appear, the surety shall satisfy this forfeiture, either by producing the defendant in court, or by paying the penalty sum of $2000.00.

*Kathleen M. Duvall*
Kathleen M. Duvall
Clerk of the Circuit Court

cc: Edgar A Pinder
Allegheny Casualty Company



**CIRCUIT COURT FOR TALBOT COUNTY, MARYLAND**

11 N. Washington Street
Easton, Maryland 21601

Clerks Office: 410-822-2611
Assignment Office: 410-770-6801
Juvenile Assignment Office: 410-822-2611

**To:** ALLEGHENY CASUALTY COMPANY
PO BOX 9810
CALABASAS CA 91372

| | |
|---|---|
| **Case Number:** | C-20-CR-19-000314 |
| **Tracking Number:** | 197020000236 |
| **Related Case Number:** | |

**STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN**

Date: 7/30/2021

## NOTICE OF BOND FORFEITURE – 90 DAYS

You are hereby notified in accordance with the Maryland Rules of Procedure that the bond was forfeited and a Bench Warrant was issued on 07/30/2021 by Hon. Stephen H. Kehoe, Judge in the above-captioned case.

Within 90 days from the date the defendant, Jerez Nehemiah Stone-coleman, failed to appear, the surety shall satisfy this forfeiture, either by producing the defendant in court, or by paying the penalty sum of $$2000.00.

*Kathleen M. Duvall*

Kathleen M. Duvall
Clerk of the Circuit Court

cc:   Edgar A Pinder
      Allegheny Casualty Company

SR 49



# CIRCUIT COURT FOR TALBOT COUNTY, MARYLAND

11 N. Washington Street
Easton, Maryland 21601
Clerks Office: 410-822-2611 Assignment Office: 410-770-6801 Juvenile Assignment Office: 410-822-2611

| | | |
|---|---|---|
| **Case Number:** | | C-20-CR-19-000314 |
| **Related Case Number:** | | |
| **Tracking Number:** | | 197020000236 |

## STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN

CC#: _____

Warrant Control No. C-20-CR-19-000314 - 2

1-1135          CR.7.104          Theft: $25,000 To Under $100,000
**See Charge Sheet for additional charges and addresses**

## Bench Warrant - Failure to Appear

STATE OF MARYLAND, Talbot County,
TO ANY PEACE OFFICER:

   An Order of the Court was entered on 07/30/2021, ordering the arrest of **JEREZ NEHEMIAH STONE-COLEMAN, AKA, no AKAs found,** to be brought before this Court for: **Bench Warrant - Failure to Appear.**

   **YOU ARE ORDERED** to immediately arrest the above named person who resides or may be located at **1643 Fort Davis Place Se  Washington Dc  20020** to answer unto the State of Maryland concerning a certain contempt by him/her committed by:

☒ failing to appear in this Court on 07/30/2021 for trial or hearing after being notified to do so.
☐ failing to obey an Order of this Court or a condition of probation dated  by Hon. Stephen H. Kehoe.
**IF THE DEFENDANT IS NOT IN CUSTODY FOR ANOTHER OFFENSE,**
☐ **Initial appearance is to be held in the county in which Warrant was issued.**
☐ **Initial appearance is to be held in the county in which Defendant was arrested.**
**YOU ARE FURTHER DIRECTED TO:**
☐ to immediately take this person before a judicial officer of the District Court; or if the Warrant so specifies, before a judicial officer of the circuit court. An appearance by video satisfies the requirements of this directive.
☒ to hold this person at Talbot Co. Detention Center pending his/her appearance in the above named Court on the first sitting of the Court following his/her apprehension.
☒ **IF THE DEFENDANT IS IN CUSTODY FOR ANOTHER OFFENSE, this Warrant is to be lodged as a detainer for the continued detention of the Defendant for the offense charged in the charging document. When the Defendant is served with a copy of the charging document and Warrant, the Defendant shall be taken promptly before a judicial officer of the District Court; or if the Warrant so specifies, before a judicial officer of the circuit court.**
☐ the person shall be released only upon posting a bail bond in the full penalty amount of $

   ☐ without   ☐ with collateral security or obligation of a corporation which is an insurer. Bond may be posted in county of arrest.

CC-DC-CR-142B (Rev. 03/2018)          Page 1 of 3          7/30/2021 1:45 PM

**SR 50**

LOCAL DETENTION CENTER, JAIL OR BOOKING FACILITY: **YOU ARE ORDERED** to:

☒ Receive from any officer the body of the above named Defendant who is HEREBY COMMITTED TO YOUR CUSTODY.

☐ Transfer the Defendant to: _____,
The Defendant, once transferred, shall be taken without unnecessary delay, before this Court during the next session to answer these charges.

A failure to appear Bench Warrant with preset bond amount may be posted by the defendant with a District Court commissioner prior to arrest. Law enforcement should verify the status of the warrant before arrest.

| 07/30/2021 2:48:22 PM | |
|---|---|
| Date | Judge/Clerk of the Circuit Court |

**DESCRIPTION:** Driver's License #: S352402626047     State: MD          Race: Black
Sex: Male          Ht.: 6 Ft. 1 In.     Wt.: 157 Lbs.     Hair:
Eyes:               DOB: 01/17/1995            FBI #:
SID #: MD 37749592     SSN:               Complexion:
Tattoos, Marks, Scars:                        Other:

Given to Law Enforcement Agency: _____

## RETURN OF SERVICE

☐ I certify that at _____ ☐ AM ☐ PM on _____ at _____
          Time                              Date                        Place
_____, I executed this Bench Warrant by
                        Place
arresting the person named above and delivered a copy of the Bench Warrant to him/her.

☐ I left a copy of the Warrant as a detainer for the continued detention of the person named above at:

_____
                    Detention Facility

_____
                    Address


_____
Signature of Peace Officer

_____
Title

_____
Agency          Sub-Agency          ID Number



**CIRCUIT COURT FOR TALBOT COUNTY,
MARYLAND**
11 N. Washington Street
Easton, Maryland 21601

Clerks Office: 410-822-2611
Assignment Office: 410-770-6801
Juvenile Assignment Office: 410-822-2611

| | |
|---|---|
| Case Number: | C-20-CR-19-000314 |
| Case Status: | 11/27/2019 |
| Filing Date: | 11/27/2019 |
| Assigned Judge: | Kehoe, Stephen Hughes |
| District Court Number: | |
| Other Reference Number(s) | |
| Tracking Number: | 197020000236 |
| Warrant Control No: | C-20-CR-19-000314 - 2 |

STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN

| D.O.B.: | SID: | FBI: | Inmate No: |
|---|---|---|---|
| 01/17/1995 | # MD 37749592 | # | |
| Violation Date: | _____ | | |

## CHARGE SHEET

**COUNT/CJIS CODE/STATUTE/DESCRIPTION/DISPOSITION/DISPOSITION DATE**

| | | | | | |
|---|---|---|---|---|---|
| 1 | 1-1135 | CR.7.104 | Theft: $25,000 To Under $100,000 | 10 Y/$15000.00 | |
| 2 | 1-1367 | CR8301 (c)(2)(Fraud Ident Info Thft $25k-<$100k | 10 Y/$15000.00 | |
| 3 | 1-1371 | CR8301(c)(2)(iFraud-Per Id Avoid Pay $25k -< 100k | 10 Y/$15000.00 | |

**Inmate Number Information:**

**Defendant: JEREZ NEHEMIAH STONE-COLEMAN**
AKAs/Aliases:

1643 FORT DAVIS PLACE SE
WASHINGTON DC 20020

SR 52

**LOCAL DETENTION CENTER, JAIL OR BOOKING FACILITY: YOU ARE ORDERED** to:

☒ Receive from any officer the body of the above named Defendant who is HEREBY COMMITTED TO YOUR CUSTODY.

☐ Transfer the Defendant to: _____.
The Defendant, once transferred, shall be taken without unnecessary delay, before this Court during the next session to answer these charges.

A failure to appear Bench Warrant with preset bond amount may be posted by the defendant with a District Court commissioner prior to arrest. Law enforcement should verify the status of the warrant before arrest.

| 07/30/2021 2:48:22 PM | |
|---|---|
| Date | Judge/Clerk of the Circuit Court |

**DESCRIPTION:** Driver's License #: S352402626047     State: MD          Race: Black
Sex: Male                     Ht.: 6 Ft. 1 In.      Wt.: 157 Lbs.    Hair:
Eyes:                         DOB: 01/17/1995                      FBI #:
SID #: MD 37749592            SSN:                    Complexion:
Tattoos, Marks, Scars:                               Other:

Given to Law Enforcement Agency: _____

### RETURN OF SERVICE

☒ I certify that at __4:48__ ☐ AM ☒ PM on __3-9-22__ at __115 W. Down St.__
        Time                          Date                      Place
__Easton__, __MD  21601__ , I executed this Bench Warrant by
            Place
arresting the person named above and delivered a copy of the Bench Warrant to him/her.
☐ I left a copy of the Warrant as a detainer for the continued detention of the person named above at:

| Detention Facility |
|---|
| |

| Address |
|---|
| |

TALBOT CIRCUIT COURT
2022 MAR 11 AM 9:37

CPL Mc.L    #0066
Signature of Peace Officer
CPL
Title
ZT  8010          0066
Agency      Sub-Agency      ID Number



## TALBOT COUNTY PUBLIC SAFETY CENTER
### DEPARTMENT OF CORRECTIONS
#### 115 W. DOVER ST
#### EASTON, MD 21601

## CIRCUIT COURT BAIL/BOND REVIEW REQUEST

NAME: Jerez Stone-Coleman

CASE NUMBER: C 20 CR 19 000814

BOND AMOUNT: NO BOND

DATE / TIME RECEIVED: 3|9|22 1659

I, Jerez Coleman do hereby request a bond review reference the above mentioned case.

3|9|22    1659
_____
DATE/TIME

_____
SIGNATURE

TALBOT CIRCUIT COURT
2022 MAR 10 AM 8:13

TCDC Form 130-2a, Revised 08/06

**SR 54**

# IN THE CIRCUIT COURT FOR TALBOT COUNTY

**Date:** 3/11/2022    **Judge:** Stephen H. Kehoe

**Case Number/Title:** C20CR19314 State v. Jerez Stone-Coleman

**Hearing Type:** Bail Review    ☐ In Person Hearing    ☑ Remote Hearing

☐ Defendant elected/consented to proceed remotely

**Parties Present:**

☑ State's Atty: C. Endzel.

☑ Plaintiff / <u>Defendant</u>    ○ Appeared via poly com

☑ Plaintiff / Defendant's Counsel: K. Petticolas

☐ OCS    ☐ OCS Atty: _____

☑ Counsel/Parties heard on bail                    252-518-3738

☐ Defendant advised of pending charges and right to counsel

☐ OPD will be representing Defendant

☑ Current Address:

1043 Fort Davis Place SE    Mother's
Washington, DC 20020        Address

☐ Current Arrears: $ _____

**Court's Ruling:**            9308 cherry Hill Road APT. 224
                              Lanham, MD 20706

☐ Held without bond

☐ Released on    ○ his/her personal recognizance    ○ Pre-Trial release    ○ unsecured bond

☑ Bail / Purge set at: $ 50,000    ○ Full cash ☑ Surety    ○ Property    ○ May post _____ %

☑ Commitment Pending issued

☐ Release issued

☐ Advice of Rights filed

☐ Other: _____

☐ Contempt Hearing on: _____ before the ○ Judge    ○ Magistrate

☐ Personal Recognizance Form issued

☐ Bond paperwork issued

☐ Supervision Order issued

Pre-trial Hearing    9:45 Am April 1st, 2022
   set for:



# CIRCUIT COURT OF MARYLAND FOR TALBOT COUNTY

11 N. Washington Street
Easton, Maryland 21601
Clerks Office: 410-822-2611 Assignment Office: 410-770-6801 Juvenile Assignment Office: 410-822-2611

| | |
|---|---|
| **Case Number:** | **C-20-CR-19-000314** |
| **Tracking Number:** | **197020000236** |
| **Other Reference Number(s):** | **C-20-JG-21-000176** |

## STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN

DOB: 01/17/1995    INMATE ID #:              FBI #:              SID #: MD-37749592

## COMMITMENT PENDING HEARING
☐ CIVIL ☒ CRIMINAL ☐ TRAFFIC ☐ DOMESTIC VIOLENCE

To:  SOMERSET COUNTY DETENTION CENTER
30474 REVELLS NECK RD
WESTOVER MD 21871

   **YOU ARE HEREBY COMMANDED** to receive from any officer the body of Jerez Nehemiah Stone-coleman.
   Charges are listed below.

**COUNT/CJIS CODE/STATUTE/DESCRIPTION/DISPOSITION/DISPOSITION DATE**
| | | | | |
|---|---|---|---|---|
| 1 | 1-1135 | CR.7.104 | Theft: $25,000 To Under $100,000 | 10 Y/$15000.00 |
| 2 | 1-1367 | CR8301 (c)(2)(Fraud Ident Info Thft $25k-<$100k | 10 Y/$15000.00 |
| 3 | 1-1371 | CR8301(c)(2)(iFraud-Per Id Avoid Pay $25k -< $100k | 10 Y/$15000.00 |

☒ Bond is set at $50,000.00 Corporate Bond.
   (☒ Secured ☐ Unsecured)
☐ Bail review was held and the bond is set at $50,000.00 (% acceptable).
   (☐ Secured ☐ Unsecured)
☐ In default of $50,000.00 bail (% acceptable).
☐ Bail review was held by Judge Stephen H. Kehoe and above named individual is committed
   in default of $50,000.00 bail (100% acceptable).
☐ Having been surrendered by bondsman, bond of $50,000.00 to continue.
☐ Hold without bond.

☐ Special Conditions                     Additional Information
   No Additional Special Conditions Exist
   No Additional Special Conditions Exist
   No Additional Special Conditions Exist
   No Additional Special Conditions Exist   .

☐ Other:

## YOU ARE FURTHER COMMANDED to:

☐ Transfer above named individual to the jail or detention center in  County/City. If the above named individual
   has not been transferred prior to the next session of court, and has not had a bail review, he is to be brought
   before the court in your county for bail review.

☐ Produce the above named individual for further review before a judicial officer at the Court and address

**SR 56**

below:

Circuit Court of Maryland for Talbot County
11 N. Washington Street
Easton, Maryland 21601

within ☐ 30 days from date of arrest ☐ 60 days from second commitment if before that time the above named individual has not posted the bail or been arrested on a warrant of the Governor of Maryland on a requisition of the executive authority of the State of MD. Pending hearing date: 4/1/2022.

☐ Produce the above named individual for court appearance at the Court and address below:

Circuit Court of Maryland for Talbot County
11 N. Washington Street
Easton, Maryland 21601

whenever notified for: Conference - Status. **Pending court appearance is set for: 4/1/2022 at 9:45 AM.**

3/11/2022
Date

Kathleen M. Duvall
(Clerk) Judge / Commissioner



## TALBOT COUNTY PUBLIC SAFETY CENTER
### DEPARTMENT OF CORRECTIONS
115 W. DOVER ST
EASTON, MD  21601

# CIRCUIT COURT BAIL/BOND REVIEW REQUEST

NAME: _Jerez Stone-Coleman_

CASE NUMBER: _C20 CR19000314_

BOND AMOUNT: _$50,000_

DATE / TIME RECEIVED: _3/11/22  2012_

I, _Jerez Coleman_ do hereby request a bond review reference the above mentioned case.

_3/11/22  2012_
DATE/TIME

_Jerez Coleman_
SIGNATURE

Defendant has not alleged any
reason as to why bond should be
changed.
**03/15/2022 9:29:02 AM**

TCDC Form 130-2a, Revised 08/06

## IN THE CIRCUIT COURT FOR TALBOT COUNTY, MARYLAND

**STATE OF MARYLAND**           *

    vs           *           **CASE: C-20-CR-19-000314**

**JEREZ STONE-COLEMAN**           *

    *    *    *    *    *

### REQUEST FOR BOND REVIEW

Defendant, Jerez Stone-Coleman, by and through his attorney, Kisha Petticolas, Esq., Assistant Public Defender, hereby requests a second bond review in the above captioned case, and for reasons states the following:

1. Mr. Stone-Coleman was before the Court on March 11, 2022 for a bond review. The Court set a $50,000 bond. The Court said that if Defendant found that his family could not afford the bond, he could request another bond review.
2. Mr. Stone-Coleman has informed undersigned counsel that his family cannot afford that bond. They can only pay $2,000 toward bond.

WHEREFORE, Defendant requests a bond review in this matter at the Court's earliest convenience.

Kisha Petticolas, Esq./0612130208
Assistant Public Defender
301 Bay Street, Suite 308
Easton, MD 21601
(410) 820-6100, (410) 820-4098 fax
kpetticolas@opd.state.md.us

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** this 17th day of March, 2022, that a copy of the foregoing Motion was electronically delivered to the Office of the State's Attorney for Talbot County, 20 N. West Street, Easton, Maryland 21601.

Kisha Petticolas, Esq.
Attorney for Defendant

**SR 59**

## MD RULE 20-201(f) CERTIFICATE

I HEREBY CERTIFY that the foregoing does not contain any restricted information or, if it does contain restricted information, a redacted submission has been filed contemporaneously pursuant to subsection MD Rule 20-201(f)(2) of this Rule.

Kisha Petticolas, Esq.
Assistant Public Defender

# IN THE CIRCUIT COURT FOR TALBOT COUNTY

**Date:** Friday, March 18, 2022     **Judge: Hon. Sidney S. Campen, Jr.**

**Case Number/Title:** CR-19-314   St vs Jerez Stone-Coleman

**Hearing Type:** ___Bail Review_____     □ In Person Hearing     ☑ Remote Hearing

☐ Defendant elected/consented to proceed remotely

**Parties Present:**

☑ State's Atty: _Endzel_

□ Plaintiff / Defendant     ✓ Appeared via poly com

☑ Plaintiff / (Defendant's Counsel) Petticolas

□ OCS     □ OCS Atty: _____

☑ Counsel/Parties heard on bail

□ Defendant advised of pending charges and right to counsel

□ OPD will be representing Defendant

□ Current Address:

_____

_____

□ Current Arrears: $ _____

**Court's Ruling:**

□ Held without bond

□ Released on     ○ his/her personal recognizance     ○ Pre-Trial release     ○ unsecured bond

□ Bail / Purge set at: $ _____ ○ Full cash ○ Surety     ○ Property     ○ May post _____%

□ Commitment Pending issued

□ Release issued

□ Advice of Rights filed

☑ Other: _Bail remains unchanged_ _____

□ Contempt Hearing on: _____ before the ○ Judge   ○ Magistrate

□ Personal Recognizance Form issued

□ Bond paperwork issued

□ Supervision Order issued

**SR 61**

# THE CIRCUIT COURT FOR TALBOT COUNTY

**STATE OF MARYLAND**

VS.

Jerez Stone Coleman

CASE NO. C 20 CR 19 314

DOCKET NO. _____

DISTRICT COURT TR# _____

DATE OF BIRTH _____

## COMMITMENT PENDING FURTHER ACTION

TO: __✓__ WARDEN, TALBOT COUNTY DETENTION CENTER

_____ MARYLAND DIVISION OF CORRECTIONS

**YOU ARE HEREBY COMMANDED TO RECEIVE THE BODY OF THE ABOVE NAMED DEFENDANT, WHO IS COMMITTED FOR FURTHER ACTION AS FOLLOWS:**

_____ Awaiting Formal Commitment and transfer to the Maryland Division of Corrections for a period of _____

_____ Awaiting Formal Commitment To The Talbot County Detention Center for a period of _____

_____ Awaiting Further Proceedings before the Circuit Court For Talbot County: _____

_____ OTHER DETENTION: _____

__✓__ BOND HAS BEEN SET BY THE COURT IN THE AMOUNT OF $ 50,000 *100% Corporate or Cash*

ISSUED THIS 18th DAY OF March , 2022

Kathleen M DuVall

**CLERK OF THE CIRCUIT COURT**
**FOR TALBOT COUNTY**

SR 62



## TALBOT COUNTY PUBLIC SAFETY CENTER
### DEPARTMENT OF CORRECTIONS
**115 W. DOVER ST
EASTON, MD 21601**

## CIRCUIT COURT BAIL/BOND REVIEW REQUEST

NAME: Jerez Stone-Coleman

CASE NUMBER: C-20-CR-19-000314

BOND AMOUNT: $50,000 Corporate bond

DATE / TIME RECEIVED: 3/11/22

    I, Jerez Stone-Coleman do hereby request a bond review reference the above mentioned case.

3/22/22
**DATE/TIME**

**SIGNATURE**

### DENIED

The Defendant has not
alleged any reason as to why
bond status should change.

03/22/2022 3:53:26 PM

TALBOT CIRCUIT COURT
2022 MAR 22 PM 2:22

TCDC Form 130-2a, Revised 08/06

**SR 63**



## TALBOT COUNTY PUBLIC SAFETY CENTER
### DEPARTMENT OF CORRECTIONS
115 W. DOVER ST
EASTON, MD 21601

## CIRCUIT COURT BAIL/BOND REVIEW REQUEST

NAME: Stone-Coleman, Jerez

CASE NUMBER: C-20-CR-19-000314

BOND AMOUNT: ~~No bond~~ $50,000 corporate bond

DATE / TIME RECEIVED: 3|24|22 2110

I, Jerez Coleman do hereby request a bond review reference the above mentioned case.

3|24|22 2110
**DATE/TIME**

**SIGNATURE**

## DENIED

Defendant has failed to allege any reason
why bond status should be changed.

**03/25/2022 12:02:43 PM**

TALBOT CIRCUIT COURT
2022 MAR 25 AM 9:26

TALBOT CIRCUIT COURT
2022 MAR 25 AM 9:26

TCDC Form 130-2a, Revised 08/06

**SR 64**

Jerez Coleman        (3/28/22)    case No:
                                         C-20-CR-19-000314

Notice of Motion
of Bail Review and
Bail Reduction.


Clerk of court


TALBOT CIRCUIT COURT
  2022 APR 6 AM 11:38


TALBOT CIRCUIT COURT
  2022 MAR 24 PM 12:13                          **DENIED**


                                         04/15/2022 5:12:03 PM


*Laurence G. Bohlen,*
*P.A.*
*Attorney at Law*
*509 Court Lane*
*Cambridge, Md 21613*
*410-228-9444*

(Notice of Motion
(Bail Review / Bail Reduction)

Jerez Coleman                                    3/28/22

Clerk of Court,

Comes Now, Jerez Coleman, for a bail reduction / Bail Review, Pursant to title 42 1983, 8th Amendment, 6th Amendment, title 18 3142(B)(2). The facts are stated as follows.

1.) The bail reform act, along with the criminal Justice reform bill that was passed by the senate and became effective Jan. 2020, states the bail reform act is used to trump pre trail detention for non violent charges and for those who can't afford bail while awaiting trail. title 18 3142(c), Paragraph 2 states " No Judicial officer may impose a financial condition that results in the pre trail detention of the Person". This right was violated, when the court gave a 50,000 bail, which is excessive and violates my right to due process of law and constitutes an 8th Amendment violation.

2.) There is a conflict of interest in this matter, the Prosecuter in this case is an attorney paid by the state government and the public defender in this case is an attorney paid by the state government, this presents a conflict of interest

because the Prosecuter and Public defender are
Paid by the same agency, Which Presents biased
Judgement, breaches of confidential information and
ineffective assistance of cansel, Which violates
my 6th amendment right to effective assistance
of cansel and title 18 3006(A). The facts of the
bias behaivor is as follows. Fact 1: The Public
defender stated that since the attorney in this
matter has 5 Jury trail's, she cant focus on my
case; that is what her office stated. Fact 2: on 3/28/22
the Public defender's Supervisor told my mom; that
the Judge in this case didnt want me with a bond;
that Presents biased and impartial behaivor. Fact 3:
My Family must Pay for me to call them, the only way
to contact Your lawyer is through an inmate phone, in
Which the public defender must pay to accept, but
denies calls and dont take messages, this Presents
hardship and an impairment in my defense. Fact 4:
I was released during the Coranvius surge in MO and
I was told on record, I Would be notified, but nobody
contacted me, the lack of communication and blockage
from the public defender office from no answered
calls, blocked from seeing discovery, blocked from
building a defense, blocked from my family, blocked
from medical treatment, being treated with biasness
when the Judge and this court is suppose to uphold
uphold, Protect and defend the constitution. An fairness
in Justice, along with an effective cansel will ensure

Your able to reach them 24/7, answer phone calls (According to the public defender they only accept emails, not voice messages). That alone is a violation of my constitutional rights, in which this court is suppose to uphold and protect. Also, under the criminal Justice Act, the court is suppose to appoint a private lawyer that practices public lawyers and they are called CJA lawyers. The 6th Amendment guarntee is to effective assistance of counsel, have due process of law under the 14th Amendment and 5th amendent, and to be treated fairly and not threatnen, coerced or pressured or retalited against. Pursant to the Constitution, I will need to read and interpret the discovery, help defend this case, I do have the right to assist in the defense of this case and that right is best vitiated by allowing me to be free, without an excessive bail in a non violent matter, with reasonable conditions to assist counsel. The calls are mointered and recorded which violates attorney/client previlese. - 6th Amendment violation and violation of title 18 3006(A), and abuse of power and use of special skill violation, which is a violation of title 21 822(6). Fact 5: I have Proof, along with paperwork, emails and other information on my person in my property proviving my condition and for Judge campen (who is retired and acted in his private capacity, tried to diminish my condition and engage in biased treatment based on alleged

information. The individuals in this case who are employed by the state and judicial officers are all counterparts and have a biased viewpoint on a matter that has yet to be decided, from the excessive bail, lawyers failing to maintain contact with me and my family, people blocking me from medical treatment (I have glioblastomia, a cancerous brain tumor (I take radiation therapy), maintaining lawyer communication, being treated fairly and with an unpartial or biased mindset, is an 8th Amendment violation and an ongoing policy of deliberate indifference to my medical needs, I do have a serious medical condition, this arbitrary behavior violates title 42 1983 and my 8th amendment right. - Case law Shomo vs. City of New York. This has caused me great psychological and emotional harm, which violates title 11 chapter 11. I do have cancer and for someone to try to play with my life and deminish this is an issue. Fact 6: Judge Joseph A. Wapner, a judge of the municipal court of los Angeles, had a matter in front of him. It was a man who had been speeding on olympic boulevard, where the limit was 35 miles per hour. The police stated he was going 60, the defendant stated the car was broken, it wont go over 35. Judge Wapner stated, if you wait until i finish my other cases, I will ride in your car myself

If it won't go over 35, you win. Later that day, the bailiff got behind the wheel, with the defendant and the Judge as Passengers. No matter how hard the bailiff pressed on the accelerator, the car wouldn't go over 35. The transmission was broke and they returned to court and the Judge ruled not guilty. I state, this true story because, I have cancer, I have videos, documents, and other stuff, I can show Judge Kehoe, along with the Public Corruption complaint, that was filed on my behalf and this case being looked into by the Depart of Justice "Civil rights Division," I would like to show Judge Kehoe these personally, like how Judge Wapner, did his case. In conclusion We are aware of the constitutional violations in this matter, along with biased treatment and a one sidedness to this case. I fully intend to defend this case and will agree to normal bail conditions, ~~that is reasonable~~ that is reasonable and not excessive in nature, since i have no real estate assets that can be pledged. This matter is non violent, with me being released on my own recognizance with the Probation Office or Pre trail services or a non excessive unsecured bond that will not cause pre trail detention. I will also abide by law. In order to Properly defend

myself and assist in the defense of this
case that right is best vitiated by allowing
me to be free from an excessive bail, with
reasonable conditions to ~~be~~ able to assist
cansel. I will in fact appear for all
Pre trail Proceedings in this case and defend
myself. I must be treated fairly and with
an unbiased Judgement and Properly defend
myself. This motion is submitted

RESPECTfully
Jerez Coleman

CIRCUIT COURT FOR <u>Talbot County</u> <span style="float:right">, MARYLAND</span>

Located at <u>11 N. Washington St, Easton, MD 21601</u>
Court Address

Case No. <u>C - 20 - CR - 19 - 000842</u>

| | |
|---|---|
| <u>State of Maryland</u><br>Plaintiff | vs. <u>Jerez Coleman</u><br>Defendant |
| <u>11. N. Washington Street</u><br>Address | <u>1643 Fort Davis Pl SE</u><br>Address |
| <u>Easton, MD 21601</u><br>City, State, Zip    Telephone | <u>Washington, DC, 20020</u><br>City, State, Zip    Telephone |

## CERTIFICATE OF SERVICE

I certify that on this <u>28</u> day of <u>March</u>, <u>2022</u>, a copy of the
                 Month          Year
document(s) titled <u>Bail Reduction title 18 3142 (B)(Z)</u>
                                  Title(s) of document(s)

was/were ☑ mailed, postage prepaid ☐ hand delivered, to:

| | |
|---|---|
| Name | Address |
| | City, State, Zip |
| <u>Jerez Coleman</u><br>Name | Address |
| | City, State, Zip |
| <u>3/28/22</u><br>Date | Signature of Party Serving |

CC-DR-058 (Rev. 06/2019)

Emergency Motion For Pre trail release Due to Public and Safety Threat Posed by Covid 19 Pandemic

1

Jerez Coleman                                    4/14/22

Clerk of court,

Jerez coleman moves this court for immediate release from pre trail detention. Jerez coleman requests that the court grant the motion, or alternatively, hold an emergency hearing on this motion and allow the parties to appear by phone.

As the novel coronavirus that causes covid 19 has spread across the globe, hundreds of thousands of people have been infected and thousands of people have died. Covid cases in DC, MD and VA are rising, according to howard university, who has suspended in person classes due to the increase in the second wave. The county Jail has never confronted a global health Pandemic like this one. The facility is unequipped either to prevent transmission of covid 19 among detainees and staff or to isolate and treat individuals who become infected. For the reasons set forth below, Jerez coleman's ongoing pre trail detention poses an imminent threat to Jerez coleman's life and to the health and safety of the community from a deadly infectious disease.

**DENIED**
05/11/2022 6:16:06 PM

*feathers*

Facts: The world health organization has officially classified the spread of covid 19 as a global pandemic. See world health organization, Director - General opening remarks (March 11, 2020). Https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020.

Saralyn cruickshank, "Experts discuss covid-19 and ways to prevent spread of disease," John Hopkins Mag. (Mar. 17, 2020), https://hub.jhu.edu/2020/03/17/coronavirus-virology-vaccine-social-distancing-update

Given covid 19's contagiousness and relatively high death rate, Particularly in vulnerable populations, the President ordered a directive to avoid gatherings in groups of more than 10 people. The presidents coronavirus guidelines

for America, Whitehouse. gov, https://www.whitehouse.gov/wp-content/uploads/2020/03/03.16.20_coronavirus-guidance_8.5x11_315pm.pdf.

Under these unique circumstances, the court must release Jerez Coleman on appropriate conditions, at least until the resolution of this outbreak or provide a non excessive bail.

1.) Background

A.) Procedural History

1.) Jerez Coleman on March 8th was arrested on theft of services charges, ~~and charges that the state also charged~~

2.) Jerez Coleman has been detained prior to trail (because Jerez Coleman can't afford to pay the 50,000 corporate bond required for pre trail release. If Jerez Coleman, could pay $50,000, Jerez Coleman would be immediately released. Title 18 3142(B)(2) states, no judicial officer may impose a financial condition that causes pre trail detention to the accussed. That right was violated by Judge Kehoe, who seems to have a personal bias against me, when this person doesn't know me or the fact that I am on a full Academic scholarship at Howard university Graduate Program. I have a full time job, I recently got approved for my own apartment, I am a man of God. This matter has been very one-sided and my rights has been violated by the Judicial ~~officers~~ in this matter and it's coming across very racial. In the record of this case, the court already knew I ~~knew~~ have cancer, (Glioblastoma), I am missing work, I am being interfered with my ability to defend myself, the law in title 18 3142(I)(3)· The bail reform Act permits the court to temporarily release an individual in custody when "it's necessary for the preparation of the person's defense". My life isn't to be played with or taken as a joke. I fully intend to defend this case and will agree to non excessive bail conditions imposed upon persons with non-violent offenses. That would include the execution of a suitable unsecured or secured bond. My mother who is a government employee in Washington, DC will co-execute an unsecured bond or secured bond of 3K, ~~with no~~ with reasonable restrictions. →

3.) At no point ~~since jerez coleman's~~ Since jerez coleman's arrest has a judicial officer concluded that jerez coleman's pre-trail detention is neccessary to serve the government's compelling interest in preventing flight or reasonably assuring Public safety, as the federal constitution requirs. - United states vs. Salerno, 481 U.S. 739, 751 ((1987); Bearden vs. Georgia, 461 U.S. 660, 672 (1983). - I am a great young man and I am being treated with biasness, also high bail should be given to violent murders, people who have violent energy. That isn't me. ~~crossed out~~ This has been very harsh, oppressive, this has caused me great economic and psychological hardship, interfered with my ability to defend myself. The supreme court stated "The statutes of the united states have been framed upon the theory, that a person accused of a crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo punishment") - case law (Hudson V. Parker, 15 S. Ct. 450, 453, 156 U.S 277, 285 (39 L. Ed. 424).

(B) The Public Health Crisis

4.) On March 11th, 2020, the world Health organization declared a global Pandemic. citing "DEEP [ ] concern [ ] both by the alarming levels of spread and severity, and by the alarming levels of inaction," it called for countries to take "urgent and aggressive action."

5.) The Gov. of MO, still requirs social distancing, masks and various People, even vacinated individuals still can catch covid 19. The state of MO identifies covid 19 as an imminent threat to the health and safety of the community. Since then, normal life has ceased. People who have control over their bodies are self-isolating to prevent contracting or spreading this deadly disease. - "coronavirus: covid 19 is now officially

A Pandemic, WHO says," NPR (March 11, 2020), https://www.npr.org/sections/goats and soda/2020/03/11/814474930/coronavirus-covid-19-is-now-officially-a-pandemic-who-says.

(6) The number of people infected is growing exponentially. The death toll in china, Italy, which began experiencing this epidemic about a week earlier than the first diagnosed American case, saw a rise of 30% overnight in 24 hours between March 5th 2020 and March 6th, 2020 and a rise of 25% on march 15th alone - a day that killed 368 people in Italy. Experts predict similar rapid growth in the united states on second wave, my school howard university has stop in person classes due to in spike in cases. The numbers of people diagnosed reflect only a portion of those infected. Very few people have been tested, and some not vaccanated, but many are asymptomatic transmitters. Thousands of people are carrying a potentially fatal disease that is easily transmitted - and few are aware of it. The current estimated incubation period is between 2 and 14 days. Approximately, 20% of people infected experience life-threatening complications and between 1% and 3.4% die. The national Institutes of health, National cancer Institute, also advises that those with cancer "are at a higher risk of developing more serious complications from contagious illnesses such as covid 19". It further advises that cancer treatments such as chemotherapy can weaken your immune system and may increase your risk of any infection, including with SARS-Cov-2, the virus that causes covid 19," and that during Cheomotherapy "there will be times in your treatment cycle when you are at increased risk of infection. I do take temodar for my Glioblastomia, I have a serious condition that is being taken lightly.

1.) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

2) https://www.cancer.gov/contact/emergency-preparedness/coronavirus.

3) Italy coronavirus deaths near 200 after biggest daily Jump" Crispian Balmer and Angelo Amante, Reuters (Mar. 6, 2020) https://www.reuters.com/article/US-health-coronavirus-italy/italy-coronavirus-deaths-

near - zoo - after - biggest - daily - Jump - idUSKBN20T2ML.

7.) Melissa Healy, "True number of US coronavirus cases is far above tally, scientist say," L.A. times, Https://www.msn.com/en-us/health/medical/true-number-of-us-coronavirus-cases-is-far-above-official-tally-scientist-say/ar-BB11090A.

Roni Caryn Babin, "They were Infected with the Coronavirus. They never showed signs," N.Y. Times (Feb. 26, 2020 updated Mar. 6, 2020), https://www.nytimes.com/2020/02/26/health/coronavirus-asymptomatic.html. Aria Bendix, "A person can carry and transmit covid-19 without showing symptoms, scientists confirm," Bus. Insider (Feb. 24, 2020), https://www.sciencealert.com/researches-confirmed-patients-can-transmit-the-coronavirus-without-showing-symptoms.

Coronavirus Disease covid-19 symptoms," Centers for Disease Control (updated: Feb. 29 2020), https://www.cdc.gov/coronavirus/2019-ncov/about/symptoms.html.

Vox, why covid-19 is worse than the flu, in one chart, https://www.vox.com/science-and-health/2020/3/18/21184992/coronavirus-covid-19-flu-comparison-chart.

8.) The virus is thought to spread through respiratory droplets or by touching a surface or object that has the virus on it.[12] Thus, infected people - who may be asymptomatic and not even know they are infected - can spread the disease even know they are infected - can spread the disease even through indirect contact with others.

9.) According, to officials and experts they urge " social distancing " - isolating oneself from other people as much as possible.[13] Social distancing is virtually impossible inside the county jail. →

10.) Other federally recommended precautions include frequent hand-washing, alcohol-based hand sanitizers, and frequent cleaning and disinfecting of any surfaces touched by any person.[14]

11.) It is virtually impossible to engage in these basic preventive measures in the county Jail.

12.) During Pandemics, jail facilities become "ticking time bombs" as "many people crowded together, often suffering from diseases that weaken their immune systems, form a potential breeding ground and reservoir for diseases."[15] As Dr. Jaimie Meyer, an expert in public health in Jails and prisons, recently explained "The risk posed by covid-19 in Jails and Prisons is significantly higher than in the community, both in terms of risk of transmission, exposure, and harm to individuals who become infected." Declaration of Dr. Jaimie Meyer ("Meyer Decl.") (Mar. 15, 2020). This is due to a number of factors: The close proximity of individuals in those facilities; their reduced ability to protect themselves through social distancing; the lack of necessary medical and hygiene supplies ranging from hand sanitizer to protective equipment; ventilation systems that encourage the spread of airborne diseases; difficulties quaranting individuals who become ill; the increased susceptibility of the population in Jails and Prisons; the fact that Jails and Prisons normally have to rely heavily on outside hospitals that will become unavailable during a pandemic; and loss of both medical and correctional staff illness.

*Sace facts*

12 → Centers for Disease Control, Coronavirus factsheet (Mar. 3, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/2019-ncov-factsheet.pdf.

[13] See supra notes 2 and 3

[14] Centers for Disease Control, steps to prevent Illness: https://www.cdc.gov/coronavirus/2019-ncov/about/prevention.html?cdc_AA_refVal=https%

3A % 2F % 2F www.cdc.gov % 2F coronavirus % 2F 2019 - ncov % 2F about % 2F prevention - treatment.html; see also supra notes 2 and 3.

[15] See Saint Louis University, "Ticking Time Bomb," Prisons Unprepared For Flu Pandemic, Science Daily (2006), https://www.sciencedaily.com/releases/2006/09/060915012301.htm.

13) When coronavirus suddenly exploded in China's Prisons, there were reports of more than 500 cases quickly spreading across five facilities in three provinces.[17] In Iran, 54,000 prisoners were temporarily released to protect them and protect the community from propagation of an outbreak.[18]

14) People incarcerated at the Jail:

A.) Are typically housed in close proximity to others and unable to distance themselves;

B.) Spend significant time in communal spaces, such as eating areas, recreation rooms, bathrooms, and cells or holding areas, and they are unable to choose to do otherwise;

C.) Live in spaces with open toilets within a few feet of their beds, and unable to access a closed toilet that would not aerosolize bodily fluids into their living spaces;

D.) Are constantly within six feet of other people, likely none of whom have been tested for covid - 19 and they are unable to choose to do otherwise.

→

E) Must physically touch others or be touched by others, such as correctional officers and medical staff, many of whom have not been tested for covid-19, and they are unable to opt out of this contact;

F) Are frequently subjected to intimate contact by correctional staff, many of whom have not been tested for covid-19, during searches of their person, including those staff placing their hands inside of people's mouths and other body cavities;

G) Lack recommended access to soap, water, tissue, and paper towels;

H) Lack access to hand sanitizer that complies with CDC guidelines.

16 → "The pathway for transmission of pandemic influenza between jails and the community is a two-way street. Jails process millions of bookings per year. Infected individuals coming from the community may be housed with healthy inmates and will come into contact with correctional officers, which can spread infection throughout a facility." Pandemic Influenza and Jail Facilities and Populations, American Journal of Public Health, october, 2009; See also Dr. Anne Spaulding, coronavirus and the correctional facility: For correctional staff leadership, Mar. 9, 2020, https://www.ncchc.org/filebin/news/covid_covid _for_ C.F_ Administrators _ 3.9.2020.pdf    →

[17] Claudia Lauer and Colleen Long, " US Prisons, Jails on alert for spread of coronavirus," AP News (Mar. 7, 2020), https://apnews.com/af48b0a38aaabedbcb05909zdb356697.

15.) People in Jail also lack access to quality, efficient medical care. Although an incarcerated person can request to see a member of the medical staff, those requests take significant time to process. I do have Glioblastomia and this Jail isn't equipped to care for me. I have missed (20) Radiation therapy appointments. I am susceptible to contracting covid - 19, and that I am at a high risk if I contract it. - See, e.g., United States V. Gonzalez, No. 2:18-cr-232, 2020 WL 1536155, at 2-3 (E.D. Wash. Mar. 31st, 2020)

16. This combination of lack of adequate sanitation, close quarters and limited medical capacity create an intolerably dangerous situation, putting detainees, Jail staff, and the communities they belong to at greater risk of illness and death - without any compelling need. The constant cycling of people in and out of the Jail,[19] makes containment impossible, even if visitations are stopped.[20]

17. Science shows that, within Jails and Prisons, isolation, segregation, and lockdown are ineffective against covid - 19, and regardless, the Jail does not have the physical space to accomplish these efforts for the current Jail population. Covid-19, can survive in the air, so separation in a facility where

there is still other movement of people, and occasional interaction, will not contain it. Surfaces are still touched - inside cells, in bathrooms, and in transport, at the very least. Further, the reality is that some contact with others, whether through close proximity or actual contact, is inevitable. Kitchen staff, intake staff, officers and medical staff all interact with incarcerated people as a matter of course, even on lockdown.

[19] See Peter Wagner and Emily Widra, "No need to wait for Pandemics: the Public health case for criminal justice reform," Prison Policy Initiative (Mar. 6, 2020), https: www.prisonpolicy.org/blog/2020/03/06/Pandemic. [20] Premal Dharia "The coronavirus could Spark a Humanitarian Disaster in Jails and Prisons," Slate (Mar. 11, 2020), https://slate.com/news-and-politics/2020/03/coronavirus-civil-rights-Jails-and-Prisons.html.

18.) Release serves Public Health and community safety:

A.) I will appear at all proceedings and normal conditions will assure my appearance.

B.) The bail in this case should be lowered to a normal non excessive amount, I was released before on a 2K bail and was told I would be contacted, but the public Defender office, failed to notify me or email me and looking on paperwork, I was at radiation therapy. Due to covid - A and other things my family can do 2K or 3K or even a 5,000 bail with reasonable restrictions on travel and Due to my family having no real estate assets →

that can be pledged. The Power to require bail is not to be used as an instrument of oppression, in this matter my constitutional rights have been violated, this matter has been one-sided. I do have a conflict of interest with the public Defender officer, the public Defender is paid by the state of maryland and the prosecutor is paid by the state of maryland and the state of maryland is against me, this places a conflict of interest upon this matter and it makes since why the appointed cansel is bias and imparhal the parties in this matter have open complaints by myself and family, I do have evidence that proves the retaliation in this case. Judge Kehoe, has been very bias and impartial toward me as well, when I dont know these people. I have been threatned and coerced to do a jury trail, when I never entered no Guilty or no Guilty plea, I dont have discovery, I have been blocked from showing the misconduct in this case, my family fand a Private lawyer that will take my case, but the excessive bail need's to be lowered to a reasonable amant, that way my family can pay this lawyer and I get treated fairly. People in this case, must have space with the Judge about what they think they know about my character, but Iam a great Yang man and GOD say's in his word in Deuteronmy 16:18, '' Judges and officers shalt thau make thee in all thy gates, which the Lord thy GOD Giveth thee, throughout thy tribes and they shall Judge the People with just Judgement. In, Leviticus 19:15,' You shall do no unrighteaus in Judgement; thou shalt

B - Continued



not respect the person of the poor, nor honour the person of the mighty: but in righteousness shalt thou judge thy neighbor. GOD's word and law, we must follow and my release plan is to be with my mom, who works for the government, obtain trustworthy counsel, the court has a right to appoint panal attorney under the CJA Act (private lawyers that practices publiz cases). Myself, family and others dont trust the people involved or her office because of various misconduct and the retaliation due to open complaints and the fact my family is filing a lawsuit, I have cancer, I missed several appointments, I have a full time job, Iam in graduate school at howard university. In Dr. Meyer's words" reducing the size of the population in jails and prisons is crucially important to reducing the level of risk both for those within those facilities and for the community at large". In this unique moment, release enhances the safety of other people and the community — and is necessary to protect my own health and safety, including the right to prepare my defense, read and interpret discovery, meeting's with witnesses, meeting with my private counsel that is best vitiated allowing a reasonable non excessive bail, so that i can get the right documents. I will be appearing for all pre trail proceedings in this case, and for trail and defend myself properly. There is no lawful basis for an excessive bail I must be able to also excercise self-protective measures in a sanitary, disinfected space, and to

and to maintain social distance from other community
members to flatten the curve of the virus spread.
The court must consider the stark change in circumstances.

c.) Argument:

Covid 19 is causing an unprecedented public health
crisis that underscores the constitutional requirement
that pre-trail detention be a last resort. In this case,
I have been ordered release, but because my release
is contingent on me making an upfront monetary payment
that is excessive, I am still in Jail, which violates
my constitutional rights. The basic principle which underlies and
aught to govern no excessive bail, it has been stated by the
Supreme court, the statutes of the united states have been
framed upon the theory, that a person accused of a crime
shall not, until he has been finally adjudged guilty in the
court of last resort, be absolutely compelled to undergo
punishment, but may be admitted to bail that isn't excessive
- Hudson V. Parker, 156 S. CT. 450, 453, 156 U.S. 277, 285 (39 L.
Ed. 424). Section 1679 of the complied statutes reads: Bail
shall be admitted upon all arrests in criminal cases where
the offense is not punishable by death; and in such cases
it may be taken by any of the persons authorized by the
preceding section to arrest and imprison offenders". Court of Appeals
Judges of the sixth circuit, Judges Lurton, Day and Severens. In
Rose ex rel. carter V. Roberts, 99 F. 952, 40 C. C. A. 203, the
Court of appeals of the second circuit said: "it is the right
and privilege of a person deprived of his liberty to review
constitutional violations. We must consider if there is a



racial bias in this matter. Those detained pretrial are 13% more likely to be convicted and 21% more likely to plead guilty." Pretrail dentention causes " instability in employment (I missed a month of work and education), housing, and care for dependent relatives. These effects are more pronounced for people of color. The pandemic has only made it worse for people in jail. Chief United States Judge Lee H. Rosenthal, stated " courts across the country are being asked to examine our nations approach to pre trail bail. People are innocent,' until proven guilty, no Judge, Jury has found them guilty. They have a right to liberty from detention for the offenses charged, unless and until they are convicted. See, O'Donnell v. Harris county (ODonnell I), 892 F.3d 147, 157-58 (5th cir. 2018).

D.) Requiring An Excessive Money bond in this case Means unconstitutional detention:

1.) An order requiring an unattainable financial condition of release is a de facto order of pretrial detention. "The setting of bond unreachable because of it's amount is tantamant to setting no conditions at all". United States VS. Leathers, 412 F.2d 169, 171 (D.C cir. 1969) (per curiam) United States V. Mantecon-Zayas, 949 F.2d 548, 550 (1st cir. 1991) (per curiam) (" once a court finds itself in this situation - insisting on terms in a release order that will cause the defendant to be detained pending trail - it must satisfy the procedural requirements for a valid detention order). Every appellate court to address

the question has agreed. See Odonnell vs. Harris Canty, 892 F.3d 147, 162 (5th Cir. 2018) (holding that defendants practices result in the absolute deprivation of most basic liberty interests - freedom from incarceration"); united states V. Leisure, 710 F.2d 422, 415 (8th Cir 1983) ("The amant of bail shaid not be used as an indirect, but effect, method of ensuring conthued custody"); Brangan vs. Commonwealth, 80 N.E.3d 949, 963 (Mass. 2017); State vs. Brown, 338 P.3d 1276, 1292 (N.M. 2014) (" Intentionally setting bail so high as to be unattainable is simply as a less honest method of unlawfully denying bail altogether).

B.) In ar society, liberty is the norm, and detention Prior to trail or without trail is the carefully limited exception. "United states V. Salerno, 481 U.S 739, 755 (1987); id. at 750 (holding that the individual's strong interest in Pretrail liberty is fundamenta') This norm reflects the longstanding principle that "freedom from bodily restraint has always been at the core of the liberty protected by the Due process clause." Faucha V. ~~Louisiana~~ Louisiana, 504 U.S. 71, 80 (1992) (citing Yangberg v. Romero, 457 U.S. 307, 316 (1982). In salerno, the supreme cart upheld a law that authorized Pretrail detention when necessary to protect Public safety in serias federal felony offenses. see 481 U.S at 742; 18 U.S.C. 3142(e)-(f) (i). specifically, salerno held that Pretrail detention is ~~constitutionally permitted~~



constitutional only if a Judicial officer considers
alternatives to detention and finds that no release
condition or combination of conditions can satisfy the
governments interest. (quoting title 18 3142(E), the Judges
finding of necessity must be based on clear and
convincing evidence. See caliste v. cantrell, 329 F. supp.
3d 296, 315 (E.D. La. 2018), aff'd, 937 F. 3d 525 (5th
cir. 2019), Kleinbart vs. United states, 604 A.2d 861, 870
(D.C 1992), In re Humphrey, 228 cal. Rptr. 3d 513, 535
(Ct. App. 2018), see also Addington vs. texas, 441 U.s.
418, 432-33 (1979)( holding the deprivation of the
fundamental right to bodily liberty requires a heightened
standard of proof beyond a mere preponderance. Absent such
a sharply focused scheme", the government may not
detain a presumptively innocent person, also title 18
3142(B)(2), No Judicial officer shall impose a
financial condition that causes the pre trail detention
of an accused person. Foucha, 504 U.s at 81, see id at
83 (holding that Louisiana's statutory scheme authorizing
the detention of insanity acquittee's who were no
longer mentally ill was unconstitutional because it did
not provide the safeguards set forth in the bail reform
act such as clear and convincing" evidence requirement");
reno v. Flores, 507 U.s 292, 301-02 (1993)(salerno is part
of the courts" line of cases" prohibiting infringement of "'
fundamental liberty interests" except where " narrowly tailored
to serve a compelling state interest").[21]     ⟶

SR 88



These principles come into stark relief when pretrail detention affects a person solely because the person is poor. The situation ar society faces today, in which I am in dehumanzing conditions in the face of a public health crisis only because he can't make a payment, exacerbates the already devastating consequences of my unconstitutional pretral detentation, that has caused me psychological and emotional harm, pain and suffering, impairment in my defense, me missing work, me missing radiation therapy, and being treated with biasness and ~~being~~ being forced to have a public defender who is ineffective and a person that myself or family don't trust by various actions and statements she has made. The cart can appoint a panal attorney (private lawyer that practices publiz cases to represent me, but I do have a private lawyer that will represent me for a reasonable price and my family stated that if Judge Kehoe reduced the bail to a non excessive amant of 1K, 2K, 3K or 4K with 10% with reasonable conditions it will be better that way my bail is paid with my mom's help ~~$$$~~ and that way I can meet with this private lawyer and pay him 2K upfront like he requested. varias people in my family has been affected by covid 19, where they had to sell their houses and my family helps pay my medical bills. We dont have real estate that can be pledged. A non excessive bail is warrented in this matter. The supreme cart has long recognized that a person may not be subjected to imprisonment solely because of his indigency." Tate v. Short, 401 U.S. 395, 398 (1971);



18

See also; Bearden V. Georgia, 461 U.S. 660, 672 (1983); Williams V. illinois, 399 U.S. 235, 242 (1970); Griffin vs. illinois, 351 U.S. 12, 19 (1956) ("There can be no equal justice where the kind of trail a man gets depends on the amount of money he has"). The right against imprisonment based solely on wealth applies to individuals being detained pretrail. see, e.g, ODonnell, 892 F.3d at 161; Pugh V. Rainwater, 572 F.2d 1053, 1057(5th cir 1987) (en banc) (The incarceration of those who cannot afford to pay monetary bail, without meaningful considerations of other possible alternatives, infringes on both due process and equal protection requirements"). caliste, 329 F. supp. 3d at 311 n5; humphery, 228 cal. RPtr. (CT. APP. 2018).[22] The 14th Amendment ~~requeses~~ requires that, before detaining someone pretrail through an unaffordable financial condition, the court must consider alternatives to detention and making a ~~find~~ finding that ~~restriction restriction~~ loss restrictive alternatives are insufficient to serve the government's interests. Pugh, 517 F.2d at 1057. The change of circumstances must be revisited, I have been subjected to cruel and unsual punishment, given an excessive bail, I have been in major pain, (chest pain, vision is grey, major migraine and a lack of regard for my health. My family has been in contact with the govenors office, the Depart of Justice civil rights division, Maryland Association of Justice, Judicial conduct board, I have also sent stuff to the court of Appeals. Incarceration itself exacerbates an ongoing and devasting public health crisis and brings a $\rightarrow$

heightened risk of illness and death to people inside and outside the jail. This court should identify conditions of release that better protect public health and safety, and it must do so urgently.

The conditions in the jail amid an unprecedented epidemic temporarily violate my Due Process rights. The Due Process clause imposes obligations on the government to meet the basic needs of the people it jails, who rely on the government for food, clothing and necessary medical care. A failure to provide that sustenance for inmates "may produce physical "torture or a lingering death." Estelle vs. Gamble, 429 U.S 97, 103 (1976). See also, e.g., Schultz vs. Alabama, 330 F. Supp 3d 1344 (N.D. Ala. 2018). Appeal filed Sub. nom. Hester V. Gentry, No. 18-13894 (N 4th Cir. Sept 13, 2018), Daves v. Dallas Cty No. 3:18-CV-0154-N, 2018 U.S District Lexis 160741, at 12-13 (N.D. Tex Sep. 20, 2018), appeal filed, No 18-11368, (5th cir)(Oct 23rd, 2018), ODonnell vs. Harris Cty. (ODonnell I), 251 F Supp 3d 1052 (S.D Tex Apr 28, 2017), aff'd as modified, 892 F. 3d 147 (5th cir 2018), Rodriguez V. Providence Cmty. Corr, 155 F. Supp. 3d 758, 768-69 (M.D. Tenn. 2015).

The Due Process rights of a pretrial detainee "are at least as great as the 8th Amendment Protections available to a convicted prisoner". City of revere V. Mass Gen. Hosp, 463 U.S 239, 244 (1983). Those rights are violated if he is "" incarcerated under conditions posing a substantial risk of serious harm,"

and the state of mind is one of deliberate indifference to inmate health or safety. Farmer V. Brennan, 511 U.S 825, 834 (1994), see e.g; Hardy V. District of columbia, 601 F. supp. 2d 182, 190 (D.D.C. 2009) (Violation of constitutional rights of Pretrail detainee if the officials" knowingly disregarded a substantial risk of serious harm of which they were aware"). Continuing to impose an excessive bail, if alternatives exist to Protect the community and Prevent flight while Placing me in mortal danger of contracting and spreading an infectious disease constitute deliberate indifference to my health and safety. This excessive incarceration, under new circumstances, constitutes an independent due Process violation that the court must remedy.

- In conclusion, Wherefore, for the reasons stated above, as well as any other reasons that become apparent to the court, the defense respectfully requests that the court grant this Emergency motion and order that I be released on a non excessive suitable bail of 3K or 4K 10% with appropriate conditions prior to trail. I will appear at all Pre trail Proceedings and for trail by the ~~by the~~ Judge and defend myself properly. I have a right to defend myself and Prepare my defense Pursant to title 18 3142(i)(3). The bail reform act permits the court to temporarily release an individual in custody when necessary for the Preparation of the Person's defense.

21

Respectfully Submitted,
Jerez coleman

Circuit Court For Talbot County, Maryland

CASE No:
C-20-.CR-19-000314

Jerez Coleman                                    4/14/22

## Certificate of Service

State of Maryland    vs. Jerez Coleman

11 N. Washington Street      1643 Fort Davis Place SE

Easton, Maryland              Washington, DC 20020

410-822-2611                  ~~252-518-3738~~

The undersigned certifies that a true and correct

copy of Emergency Motion for Pretrial release Due to

Public Health and Safety threat posed by covid-19

Pandemic to be served via ECF upon Joseph Cole,

~~Prosecutor~~ Prosecuting attorney, and Judge Kehoe.

Parties to be Served:

Joseph Cole

11 N. Washington Street

Easton, Maryland
~~410-822-2611~~

Judge Kehoe

11. N. Washington Street

Easton, Maryland 21601.

410-822-2611              BY: /s/

                          Jerez Coleman
                          1643 Fort Davis Pl SE

                          Washington, DC 20020
                          ~~252-518-3738~~

RECEIVED

APR 2 5 2022

BY COURT OF SPECIAL APPEALS

Jerez coleman                                      4/18/22
Dear Mr. Hilton,

Mr. Hilton, I have already been through the
appeal process within circuit cart, but they denied
my motion, so I sent my motion appealing the
excessive bail of 50,000 corperate bond, for a non
excessive reasonable bail for the special cart of
Appeals to rule on the matter or give a reasonable
bail to me, this one circuit cart is very excessive.
I did attach, what I filed here and sent you
a copy as well. I would like to have the special
cart of Appeals look into this and Appeal the
Judgement of 50,000 bail to a less excessive
bail of 4,000, 3,000, 2,000, 10% with reasonable
conditions or an unsecured bond with reasonable
conditions. on 3/18/2022, 3/11/2022, 3/24/2022
the bail reviews was denied and I appealed
this within the 30 day Mark. Since circuit cart refused,.
If you can contact my mom (MS, Coleman) at
240-495-5703. My rights are being violated and
As an open investigation with DOJ my mom stated.

                    Warm regards,
                    Jerez coleman

**SR 95**

CIRCUIT COURT FOR Talbolt county _____ ▼ , MARYLAND
City/County

Located at 11 N. Washington Street    Case No. C - 20 - CR - 19000314
Court Address

STATE OF MARYLAND
OR

State of Maryland                    vs.    Jerez Coleman
Appellant/Applicant                          Appellee/Respondent
11 N. Washington street                      1643 Fort Davis Pl SE
Address                                       Address
Easton, MD 21601                             Washington, DC  252-518-3758
City, State, Zip            Telephone        City, State, Zip            Telephone

E-mail                                        E-mail

## APPLICATION FOR LEAVE TO APPEAL
### (Md. Rule 8-204)

Jerez Coleman _____ , applies for leave to appeal from the judgment or order
Appellant's /Applicant's name

entered in this case on 3/24/2022 _____ .
Date

## ALLEGATIONS OF ERROR

Give a brief but complete statement of the reasons why the judgment or order should be reversed or modified
and specify the errors that you claim the circuit court committed. Include facts to support your claims(s).

Pursant to title 18 3142(B)(2), No Judicial officer shall
impose a financial condition that cause pre-trail detention.
This court imposed an excessive bail of 50,000 corperate bond
on this matter, when no real estate can be pledged and →
                     include additional pages if needed          Additional
                                                                  Pages.

~~scribble~~  4/5/2022                    _____        _____
Date                              Signature of Appealing Party/Attorney   Attorney Number
                                         Jerez Coleman
Address                                    Printed Name

City, State, Zip                          E-mail

Telephone                Fax

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document upon the following party or parties by ☑ electronic filing
☐ hand delivery ☑ mailing first-class mail, postage prepaid on ~~scribble~~ 4/to/2022
☑ Attorney General of Maryland                                      Date
   Criminal Appeals Division, 200 St. Paul Place
   Baltimore MD 21202              or

Jerez Coleman                             1643 Fort Davis Pl SE
Name                                       Address
                                          Washington, DC, 20020
                                          City, State, Zip

Name                                       Address

~~scribble~~ 4/5/2022  a                  City, State, Zip
Date                              Signature of Party Serving

**CC-098** (Rev. 07/2021)

Additional Page
continued on Application
For leave to Appeal.

Jerez Coleman                                    4/19/2022

This traditional right to freedom before conviction
permits the unhampered preparation of my defense,
and serves to prevent the infliction of punishment
prior to conviction. To infer from the fact of indictment
alone a need for bail in an unusally high amount
is an arbitrary act. The parties involved are very bias,
impartial and have subjected me to dehumanzing
conditions, causing my defense to be impaired, having
bias counsel, I have a right to obtain private counsel,
I have found a lawyer that is interested in taking
my case, but my family has been affected economically
by Covid-19, but if I had a non excessive bail
of 2,000, 3,000, 4,000, 10%, I could get out, obtain
my private lawyer and properly defend myself. The
Public Defender's office of retailation has caused this
court to think I missed court on purpose, when that
isn't accurate information. I do have cancer, I also have
a full time Job, in which I am being subjected to miss
which is causing me great psychological and emotional
harm, not including economically. Deprivation of liberty
pending trail by Judge or Jury is harsh and oppressive,
subjects defendants to economic and psychological hardshi
interfers with their ability to defend themselves. Release
on financial conditions shand be used only when no other
conditions will ensure appearance, when financial conditio
are imposed, the court should first consider releasing the
defendant on an unsecured bond. If unsecured bail isn't

SR 97

Sufficent bail should be set at the lowest level necessary to ensure the defendants appearance and with regard to a defendants financial ability to post bond. If the bail wasnt excessive and subjecting me to dehumanzing conditions, I would be able to pay it. Due to the public health crisis and rise of new covid cases in maryland this is placing me in harm's way. I am requesting a lower bail with reasonable restrictions and have the court identify conditions of release.

Respectfully submitted,
Jerez Coleman

Notice of Petition
(Notice of Appeal)                              1

Jerez coleman                                   4/5/22

Clerk of the court;                             **RECEIVED**

I am moving this court to appeal an excessive   APR 1 2 2022
bond set by talbot county maryland circuit      **BY COURT OF SPECIAL APPEALS**
Judge, stephen Kehoe. Judge Kehoe set a 50,000
corperate bond in a non vidlent matter, with
the case number of C-20-CR-19-000314. This
court has viloated, my constitutional rights. I
list them below.

1) On March 11th and March 18th, we had bail reviews
one in front of Judge Kehoe, one in front of retired
Judge campen, these Judges are suppose to uphold,
Protect and defend the constitution, they have viloated
that right by being bias and impartial. Judge kehoe
stated, he doesn't trust me with a low bail, when
I personally dont know him. Pursant to title 18 3142
(B)(2); No Judicial officer may impose a financial
condition where it causes Pre trail detention to the
accused. These Judges viloated that right by setting
bail at 50,000 (corperate bond), without reasonable ~~others~~
options. I was told that, if I was white I would have
~~allowed~~ obtained a non excessive bail and would be treated
fairly. The power to require bail isn't to be used
as an instrument of oppression. I am 27, with a
full time Job, and I have no real estate asset
that can be pledged. My family will co execute
an unsecured bond that is reasonable and not
excessive. The state Prosecuter treats deprivation

**SR 99**

of liberty as an automatic sequela of an indictment and that the deprivation of an individual's liberty is not a very serious thing. Courts across the country are being asked to examine the approach to pre trail bail. People are innocent until proven guilty, no Judge, no jury, has found this to be a guilty or not guilty situation. A liberty right to be free from detention, for the offenses charged, unless and until they are convicted or found not guilty - Case law ODonnell vs. Harris County (ODonnell). The law favors the release of defendants pending adjudication of charges. Deprivation of liberty pending trail is harsh and oppressive, this has caused me great economic and psychological hardship, this has also interfered with my ability to defend myself effectively and title 18 3142 (I)(3). The bail reform act permits the court to temporarily release an individual in custody when "it's necessary for the preparation of the person's defense". I have been deprived from representing myself, I have been blocked from getting in contact with lawyers, the public defender stated, they don't have time to attend to my case and I must drop my complaint with the Attorney Grievance Commission, The American Bar Association, Angela Hurley from Attorney General Brian Frosh office (civil rights division of that office), the Department of Justice civil rights division, the prosecutor and the public defender is aware of my complaints and have acted arbitrarily

toward me, I have proof that I am being discriminated
threatned, coerced and retailated against. The information
I have would shock the conscience of this court. The
fourteeth Amendment's equal protection clause, prohibits
any person of life, liberty or property without due process
of law. The united States Supreme court has described
two types of government action that violate an individual's
substantive Due Process rights: (1) government action
that infringes on a right without sufficient justification
- The state has been made aware, I have brain
cancer, it's Glioblastomia, they and talbot county
has had a continuing violation doctrine that applies
to the 8th Amendment, they have blocked me from
getting my radiation therapy treatment (I am due to
have every week), I was told my condition doesn't
matter and that nobody can help. My cancer puts
me at risk of a compromised immune system. The
inhumane and deliberate indifference to my medical
needs, along with the novel coronavirus (covid 19) "poses
a significant health risk to the population at large,"
and the risk is especially concerning for those in
close quarters in jail. My cancer, radiation therapy
are factors compromising my immune system. This makes
me vulnerable to covid 19. The CDC advises that
"Those at high risk for severe illness from covid A
include people who are immunocompromised," including
those undergoing ", cancer treatment". Ref° HTTPS: WWW.
cdc. Gov/coronavirus/2019-ncov/need-extra-precautions/people

-at-higher-risk.html. The National Institutes of Health, National cancer Institute, also advises that those with cancer "are at a higher risk of developing more serious complications from contagious illnesses such as covid 19", it further advises that cancer treatments "such as chemotherapy that can weaken your immune system and increase your risk of any infection, Including SARS-cov-2, the virus that causes covid 19," and that during chemotherapy," there will be times in your treatment cycle when you are at increased risk of infection. The state of MD, still has active covid 19 cases, talbot county Detention Center has had inmates and Employee's that had covid 19. My family, along with myself has Proof of these Judicial officials undermining my health and constitutional rights, out of fear of retaliation further, I would like an opportunity to present the corruption in this matter. e.G, case law, united states v. Gonzalez, No. 2:18-cr-232, 2020 WL 1536155, at 2-3), (E.D wash. Mar 31, 2020) (finding extraordinary and compelling circumstances where non-violent offender had been diagnosed with "multiple chronic illnesses," including emphysema, which would have rendered the prisoner" most susceptible to the devasting effects of covid 19")," united states v. Muniz, No. 4:09-cr-199, 2020 WL 1540325, at 2 (S.D. Tex. Mar. 30, 2020) (same, for non-violent offender "diagnosed with serious medical conditions that make him particularly vulnerable to severe illness from covid 19"). This matter is a

Non violent matter, that has not been decided but the governments actions of blocking me from building up a defense, seeing discovery, having a conflict of interest with the public defender, where both the public defender and the prosecutor are state employed lawyers and the state is against me, the public defender stated they wont attend to my case, they wont pay for collect calls to them, help with my defense, dont come see me or fight for my rights is a violation of my 6th Amendment right and title 18 300GA (Adjuate representation of defendants, they are upset due to an open complaint by the Attorney Grievance commission and the American bar Association. They have conspired with the state to deprive me of life, liberty in such an arbitrary way it shocks the conscience.

In conclusion, I missed court due to me being at radiation therapy and I was told everything and sent a zoom link), would be fine, but got a FTA and was told why do i have a judicial conduct board complaint on the ~~parties involved~~ and ~~scribbled out~~ ~~scribbled out~~ ~~scribbled out~~ this matter must be looked into for misconduct and corruption. My mom is working with the investigator at DOJ " public corruption section / civil rights Division". I do intend to appear at all proceedings in this case, and will agree to

non excessive bail conditions on an ~~unsecured bond~~ suitable unsecured
bond imposed on non violent matters with reasonable
restrictions. The counsel, I now must seek since
I was forced to release the PD office, will depend
significantly upon myself to read and interpret
discovery, obtain witnesses, obtain documents proving
the corruption in this matter and conflicts of interests,
and to help them defend this case. I have a
right to assist in the defense of this case and
that right is best vitiated by allowing me to
be free on a non excessive bail or unsecured
bail with reasonable conditions to assist counsel.
I will appear for all Pre trail Proceeding's
in this case.

Respectfully Submitted,
Jerez Coleman

Jerez coleman                                    4/7/22

Notice of petition
(Notice of Appeal)


Certificate of service

I Jerez coleman certifies that a true and copy
of my Notice of petition / Notice of Appeal be electronically
filed and served on the courts electronic filing
system:

Dated this 7th Day of April, 2022


Respectfully submitted

Jerez coleman



TCDOC 25MAR2022 12:

## TALBOT COUNTY PUBLIC SAFETY CENTER
### DEPARTMENT OF CORRECTIONS
115 W. DOVER ST
EASTON, MD 21601

**INMATE COPY**

## CIRCUIT COURT BAIL/BOND REVIEW REQUEST

NAME: Stone-Coleman, Jerez

CASE NUMBER: C-20-CR-19-000314

BOND AMOUNT: ~~No bond~~ $50,000 corporate bond

DATE / TIME RECEIVED: 3|24|22 2110

    I, Jerez Coleman do hereby request a bond

review reference the above mentioned case.

3|24|22 2110
DATE/TIME

_____
SIGNATURE

**DENIED**

TALBOT CIRCUIT COURT
2022 MAR 25 AM 9:26

Defendant has failed to allege any reason
why bond status should be changed.

03/25/2022 12:02:43 PM

TALBOT CIRCUIT COURT
2022 MAR 25 AM 9:26

TCDC Form 130-2a, Revised 08/06

**SR 106**

**CIRCUIT COURT FOR** Talbolt county _____ ☑ **, MARYLAND**

City/County

Located at 11 N. Washington Street _____ Case No. C-20-CR-19000314

Court Address

**STATE OF MARYLAND**

OR

State of Maryland _____                vs.  Jerez Coleman _____

Appellant/Applicant                                      Appellee/Respondent

11 N. Washington street _____          1643 Fort Davis Pl SE _____

Address                                                       Address

Easton, MD 21601 _____                   Washington, DC  252-518-3738

City, State, Zip          Telephone           City, State, Zip          Telephone

_____                                            _____

E-mail                                              E-mail

## APPLICATION FOR LEAVE TO APPEAL
### (Md. Rule 8-204)

Jerez Coleman _____, applies for leave to appeal from the judgment or order

Appellant's/Applicant's name

entered in this case on 3/24/2022 _____.

Date

### ALLEGATIONS OF ERROR

Give a brief but complete statement of the reasons why the judgment or order should be reversed or modified
and specify the errors that you claim the circuit court committed. Include facts to support your claims(s).

Pursant to title 18 3142 (B) (2), No Judicial officer shall
impose a financial condition that cause Pre trail detention.
This cort imposed an excessive bail of 50,000 corperate bond
on this matter, when no real estate can be pledged and →

~~include additional pages if needed~~                                Additional
                                                                      Pages.

_____ 4/5/2022      _____        _____

Date                  Signature of Appealing Party/Attorney   Attorney Number

                      Jerez Coleman

_____               Printed Name

Address

_____               _____

City, State, Zip                  E-mail

_____      _____

Telephone          Fax

### CERTIFICATE OF SERVICE

I certify that I served a copy of this document upon the following party or parties by ☑ electronic filing

☐ hand delivery ☑ mailing first-class mail, postage prepaid on ~~_____~~ 4/5/2022 to:

Date

☑ Attorney General of Maryland
Criminal Appeals Division, 200 St. Paul Place
Baltimore MD 21202          or

Jerez Coleman _____          1643 Fort Davis Pl SE _____

Name                              Address

                                 Washington, DC, 20020

                                 City, State, Zip

_____          _____

Name                              Address

                                 _____

                                 City, State, Zip

_____ 4/5/2022      _____

Date                  Signature of Party Serving

**CC-098** (Rev. 07/2021)

(Circuit Court Copy)

**CIRCUIT COURT FOR** Talbolt County ☑ , **MARYLAND**
City/County

Located at 11 N. Washington Street    **Case No.** _____
Court Address

Jerez Coleman    vs.    Joseph cole, Keisha Petticolas.
**Plaintiff**    **Defendant**
1643 Fort Davis Pl SE    11. N. washington street
**Address**    **Address**
Washington, DC    252-518-3736    Easton, MD    _____
City, State, Zip    Telephone    City, State, Zip    Telephone

## CERTIFICATE OF SERVICE

I certify that on this 20th day of April , 2022 , a copy of the
                        Month          Year
document(s) titled Civil rights Complaint and Notice of lawsuit.
                        Title(s) of document(s)
Application for leave to Appeal, letter to Judge kehoe
☑ was/were ☑ mailed, postage prepaid ☐ hand delivered, to:

Keisha Petticolas                    301 Bay Street
        Name                                  Address
                                    Easton, MD, 21601
Joseph cole                            City, State, Zip
        Name                        11. N. washington street
                                            Address
        4/20/2022                    Easton, MD
        Date                              City, State, Zip

                                    _____
                                    Signature of Party Serving

CC-DR-058 (Rev. 06/2019)

TO: Judge Kehoe Chambers

Jerez Coleman                                    4/21/22

Dear Judge Kehoe,

I hope Your able to read this letter Personally,
In this matter, I have had my constitutional
rights violated, I have had a bias against me
and much more. I am not sure who in this matter
is defaming my character, but I am a great young
man, with a full time Job, I am on an academic full
scholarship at harvard university in DC, my mom is a
government official in DC, I was told, I would be
notified or sent a zoom link for our court date, when
I was released and then, I get a failure to appear.
The bail you gave is very excessive and my family
doesn't have any real estate that can be pledged.
The bail in this matter has been used as an instrument
of oppression. Their is a rise in coronavirus cases in
maryland. My family doesn't have 5,000 or 50,000 or
any real estate that can be pledged. I, nor my family
doesn't trust the Public defender officer, they are state
employed lawyers and the state is against me, this is
a conflict of interest and I have open complaints with
the American Bar Association, Attorney Grievance commission,
and the Judicial conduct board. I fear for my life and
safety with these people who are involved and a court
appointed lawyer isn't going to be on my side, they will
be on the Prosecutor's side. I have a strong support system
in my family, I have missed work, this has caused me
great psychological and emotional harm. I don't miss
court or anything, My family found a lawyer that will

SR 109

take my case, but my family is requesting, along with me a reduce bail with reasonable restrictions or an unsecured bond with reasonable restrictions co-executed by my family. If the bail was 1,000, 2,000, 3,000, 4,000 10%, I would be able to pay it and secure my private cansel. I was told when a conflict of interest is involved, the court can give me a Panal lawyer. The law favors the release of defendants pending adjudication of charges. Deprivation of liberty pending trail is harsh and oppressive, subjects defendants to economic and psychollogical hardship, interferes with their liberty to defend themselves, and, in many instances, deprives their families of support. When financial conditions are imposed, the court should first consider releasing the defendant on an unsecured bond with reasonable restrictions. If unsecured bond is not deemed a sufficient condition of release, and the court still seeks to impose monetary conditions, bail should be set at the lowest level necessary to ensure the defendants appearance and with regard to a defendant's financial ability to post bond. Their is 1 Million coronavirus cases in MD (total since the start), there has been rising covid cases in the DMV area, since April, there have been increases in the seven day maving average of cases in the U.S. CDC Director, Rochelle Walensky on tuesday April 5th, said, there are a handful of counties, where data show rising cases and evidence of severe disease. Title 18 3142 (B)(2), No Judicial officer shall impose a financial condition that causes Pretrial detention. The 8th Amendment prondes: Excessive bail shall

not be required, or cruel and unusual punishment inflicted. that right was violated. Jails and facilities is unequipped either to prevent transmission of covid-19, among detainees and staff or to isolate and treat individuals who become infected. This poses an imminent threat to my life and to the health and safety of the community from a deadly infectious disease. I am being denied equal justice, fairness and equal protection because I cannot afford to pay the financial condition for pretrial release, if I could pay 50,000, I would be released at home safely, building my defense, adhering to special conditions, obtaining my private lawyer. There is a global pandemic that is at alarming growing levels in the DMV and potentially spreading. covid 19 is an imminent threat to the health and safety of the public and requiring emergency protective actions. Howard university stopped in person classes due to rising cases in the area. Thousands of people are carrying a potentially fatal disease that is easily transmitted. Approximately 20% of people infected experience life-threatening complications, and between 1% and 3.4% die. The virus is thought to spread through respitory droplets or by touching a surface or object that has the virus on it. Thus, infected people - who may be asymptomatic and not even know they are infected can spread the disease even through indirect contact with others. CDC

officials, experts urge social distancing ", isolating oneself from other people as much as possible. Social distancing is virtually impossible in jails and prisons. Other federally recommended precautions needed include frequent hand-washing, alcohol-based hand sanitizers and frequent cleaning and disinfecting of any surfaces touched by any person. It is virtually impossible to engage in these basic preventive measures in jail or prisons. Dr. Jaimie Meyer " stated the risk posed by covid-19 in jails and prisons is significantly higher than in the community, both in terms of risk of transmission, exposure and harm to individuals who become infected. This is due to a number of factors: the close proximity of individuals in those facilities, their reduced ability to protect themselves through social distancing; the lack of necessary medical and hygiene supplies ranging from hand sanitizer to protective equipment; ventilation systems that encourage the spread of airborne diseases. Did you know Judge Kehoe, people incarcerated at jail's are typically housed in close proximity to others and unable to distance themselves. 2.) Spend significant time in communal spaces, such as eating areas, recreation rooms, bathrooms, cells, holding areas, pick up phones after each other, touch things after each other and unable to choose to do otherwise. 3.) Live in spaces with open toilets within a few feet of their beds, sleep on a steel bunk and be subjected to taking showers in front of other men, not in private and unable to access a closed toilet that

would not aerosolize bodily fluids into living spaces. 4.) Are constantly within six feet of other people, likely none of whom have been tested for covid 19 and be subjected to ~~do this~~ without an option to choose otherwise. 5.) Must physically touch others or be touched by others, such as correctional staff, medical staff, many of whom have not been tested for covid 19 and unable to opt out of this contact. 6.) Are frequently subjected to intimate contact by correctional staff, many of whom have not been tested for covid-19, be subjected to be around violent people in prisons/jails, people stabbing others, running phones, be subjected to cruel and inhumane punishment, during searches of the person, including having staff place their hands inside people's mouths and other body cavities. 7.) Lack recommended access to soap, water, tissues and paper towels. 8.) lack access to hand sanitizer that complies with CDC guidelines. Staff and inmates inside here have tested positive for covid-19 in the past and that is dangerous. Science shows that, within jails and prisons, ~~covid~~ isolation, segregation and lockdown are ineffective against covid-19. regardless, the jail/prisons does not have the physical space to accomplish these efforts. covid-19 can survive in the air, so seperation in a facility where there is still other movement of people and occassional interaction, will not contain it. surfaces are still touched inside cells, in bathrooms, food, commissary, transport and

Further, the reality is some contact with others, whether through close proximity or actual contact is inevitable. Kitchen, intake staff, officers, medical staff all interact with incarcerated people as a matter of course, even on lockdown. My release on a reduce bail will help me get my private counsel, appear at all proceedings, properly defend myself, I am staying in maryland in my own apartment, my mom works for a government agency in DC, I don't miss court but private counsel will text you, call you, defend you properly, etc. This is necessary to protect my own health and safety, I also must be able to excercise self-protective measures in a sanitary, disinfected space and to maintain social distance, covid-19 is causing a unprecedented public health crisis that underscores the constitutional requirement that pretrail detention be the last resort. I was ordered release, but because my release is contigent on making an excessive monetary payment, I am still here. This is both dangerous and unconstitutional. These principles come into stark relief when pretrail detention affects a person solely because the person is poor. The situation our society faces today, in which I am still in jail in the face of a public health crisis only because I can't make payment, exacerbates the already devastating consequences of this unconstitutional pretrail incarceration. The supreme court has long recognized that

a person may not be subjected to imprisonment solely because of his indigency. Griffin vs. Illinois (There can be no equal justice where the kind of trail a man gets depends on the amount of money he has). see, E.5, Odonnell, 892 F.3d at 161, Pugh V. Rainwater, 572 F.2d 1053, 1057 (5th cir 1998) (en banc) (The incarceration of those who can't afford to pay monetary bail, without meaningful considerations of other possible alternatives, infringes on both due process and equal protection requirements. I do have chest pain, I also have brain cancer and the excessive bail imposed on a non violent matter isnt okay, the decision must be revisited with reasonable conditions, the court imposing excessive bail cannot be justified where incarceration itself exacerbates an ongoing and devastating public health crisis, which brings a heightened risk of illness and death to people inside and outside the jail. I am only asking for a bail reduction with reasonable restrictions, my rights are violated, if I am incarcerated under conditions posing substantial risk of serious harm and the state of mind is one of deliberate indifference to inmate health or safety. Harey VS. District of columbia (violation of constitutional rights of pretrail detainee if the officials knowingly disregarded a substantial risk of serious harm which they were aware of). continuing to impose this excessive bail when alternatives exist, while placing me in mortal danger of contracting and spreading an infectious disease →

SR 115

constitute deliberate indifference to my health and safety. I am saying my family can afford a bail of 3,000, 4,000 10% or an unsecured bond that my mom will co execute. My family has been effected by covid-19. We dont have any real estate that can be pledged. I do intend to fully defend myself and me being home, I am more able to go to work, help prepare my defense and secure counsel my mom fund. I am only asking to be treated fairly without any bias.

Warm regards,

Jerez Coleman.

Additional Page
continued on Application
For leave to Appeal.

Jerez coleman                                    4/19/2022

This traditional right to freedom before conviction
permits the unhampered preparation of my defense,
and serves to prevent the infliction of punishment
prior to conviction. To infer from the fact of indictment
alone a need for bail in an unusually high amount
is an arbitrary act. The parties involved are very bias,
impartial and have subjected me to dehumanzing
conditions, causing my defense to be impaired, having
bias counsel, I have a right to obtain private counsel,
I have found a lawyer that is interested in taking
my case, but my family has been affected economically
by Covid-19, but if I had a non excessive bail
of 2,000, 3,000, 4,000, 10%, I could get out, obtain
my private lawyer and properly defend myself. The
public defender's office of retaliation has caused this
court to think I missed court on purpose, when that
isnt accurate information. I do have cancer, I also have
a full time Job, in which I am being subjected to miss
which is causing me great psychological and emotional
harm, not including economically. Deprivation of liberty
pending trail by Judge or Jury is harsh and oppressive,
subjects defendants to economic and psychological hardship
interfers with their ability to defend themselves. Release
on financial conditions should be used only when no other
conditions will ensure appearance, when financial conditions
are imposed, the court should first consider releasing the
defendant on an unsecured bond. If unsecured bail isnt

Sufficent bail should be set at the lowest level necessary to ensure the defendants appearance and with regard to a defendants financial ability to post bond. If the bail wasn't excessive and subjecting me to dehumanzing conditions I would be able to pay it. Due to the public health crisis and rise of new covid cases in maryland this is placing me in harms way. I am requesting a lower bail with reasonable restrictions and have the court identfy conditions of release.

Respectfully submitted,

Jerez coleman

Jerez coleman                           4/5/22

Clerk of the court;                     **RECEIVED**

I am moving this court to appeal an excessive    APR 12 2022

bond set by talbot county maryland circuit    BY COURT OF SPECIAL APPEALS

Judge, stephen Kehoe. Judge Kehoe set a 50,000

corperate bond in a non violent matter, with

the case number of C-20-CR-19-000314. This

court has violated my constitutional rights. I

list them below.


1) On March 11th and March 18th, we had bail reviews

one in front of Judge Kehoe, one in front of retired

Judge Campen, these Judges are suppose to uphold,

protect and defend the constitution, they have violated

that right by being bias and impartial. Judge Kehoe

stated, he doesn't trust me with a low bail, when

I personally dont know him. Pursant to title 18 3142

(B)(2); No Judicial officer may impose a financial

condition where it causes pre trail detention to the

accused. These Judges violated that right by setting

bail at 50,000 (corperate bond), without reasonable ~~others~~

~~options~~. I was told that, if i was white i would have

~~obtained~~
~~others~~   a non excessive bail and would be treated

fairly. The power to require bail isn't to be used

as an instrument of oppression. I am 27, with a

full time Job, and I have no real estate asset

that can be pledged. My family will co execute

an unsecured bond that is reasonable and not

excessive. The state prosecuter treats deprivation

of liberty as an automatic sequela of an indictment and that the deprivation of an individual's liberty is not a very serious thing. Courts across the country are being asked to examine the approach to pre trial bail. People are innocent until proven guilty, no Judge, no Jury, has found this to be a guilty or not guilty situation. A liberty right to be free from detention, for the offenses charged, unless and until they are convicted or found not guilty - case law ODonnell vs. Harris County (ODonnell). The law favors the release of defendants pending adjudication of charges. Deprivation of liberty pending trail is harsh and oppressive, this has caused me great economic and psychological hardship, this has also interfered with my ability to defend myself effectively and title 18 3142 (I)(3)° The bail reform act permits the court to temporarily release an individual in custody when " it's necessary for the preparation of the person's defense ". I have been deprived from representing myself, I have been blocked from getting in contact with lawyers, the public defender stated, they dont have time to attend to my case and I must drop my complaint with the Attorney Grievance commission. The American Bar Association, Angela Hurley from Attorney General Brian Frosh office (civil rights Division of that office), the Department of Justice civil rights division, the Prosecutor and the public defender is aware of my complaints and have acted arbitrarily

toward me, I have proof that I am being discriminated threatned, coerced and retailated against. The information I have would shock the conscience of this court. The fourteeth Amendment's equal protection clause, prohibits any Person of life, liberty or property without due process of law. The United States supreme court has described two types of government action that violate an individual's substantive Due Process rights: (1) government action that infringes on a right without sufficient justification —The State has been made aware, I have brain cancer, its Glioblastomia, they and talbert county has had a continuing violation doctrine that applies to the 8th Amendment, they have blocked me from getting my radiation therapy treatment (I am due to have every week), I was told my condition doesn't matter and that nobody can help. My cancer puts me at risk of a compromised immune system. The inhumane and deliberate indifference to my medical needs, along with the novel coronavirus (covid 19) "poses a significant health risk to the population at large," and the risk is especially concerning for those in close quarters in jail. My cancer, radiation therapy are factors comprimising my immune system. This makes me vulnerable to covid 19. The CDC advises that "Those at high risk for severe illness from covid 19 include people who are immunocompromised," including those undergoing "cancer treatment". Ref: HTTPS: WWW. cdc. gov/coronavirus/2014-ncov/need-extra-precautions/people-

-at-higher-risk.html. The National Institutes of Health, National Cancer Institute, also advises that those with Cancer "are at a higher risk of developing more serious complications from contagious illnesses such as covid 19". It further advises that cancer treatments "such as chemotherapy that can weaken your immune system and increase your risk of any infection, including SARS-COV-2, the virus that causes covid 19," and that during chemotherapy," there will be times in your treatment cycle when you are at increased risk of infection. The state of MD, still has active covid 19 cases, talbot county Detention center has had inmates and Employee's that had covid 19. My family, along with myself has proof of these Judicial officials undermining my health and constitutional rights, out of fear of retaliation further, I would like an opportunity to present the corruption in this matter. e.G, case law, united states v. Gonzalez, No. 2:18-cr-232 2020 WL 1536155, at 2-3), (E.D Wash. Mar 31, 2020) (finding extraordinary and compelling circumstances where non-violent offender had been diagnosed with "multiple chronic illnesses," including emphysema, which would have rendered the prisoner" most susceptible to the devasting effects of covid 19"), united states v. Muniz, No. 4:09-cr-199, 2020 WL 1540325, at 2 (S.D. Tex. Mar. 30, 2020) (same, for non-violent offender" diagnosed with serious medical conditions that make him particularly vulnerable to severe illness from covid 19"). This matter is a

non violent matter, that has not been decieded but the governments actions of blocking me from building up a defense, seeing discovery, having a conflict of interest with the public defender, where both the public defender and the prosecuter are state employed lawyers and the state is against me, the public defender stated they wont attend to my case, they wont pay for collect calls to them, help with my defense, dont come see me or fight for my rights is a violation of my 6th Amendment right and title 18 3006A (aquate representation of defendants, they are upset due to an open complaint by the Attorney Grievance commission and the American bar Association. They have conspired with the state to deprive me of life, liberty in such an arbitrary way it shocks the conscience.

In conclusion, I missed court due to me being at radiation therapy and I was told everything would be fine, and sent a zoom link), but got a FTA and was told why do i have a Judicial conduct board complaint on the ~~parties involved~~ ~~and~~ ~~~~ this matter must be looked into for misconduct and corruption. My mom is working with the investigator at DOJ "public corruption section / civil rights Division". I do intend to appear at all proceedings in this case, and will agree to

non excessive bail conditions on an suitable unsecured ~~secured bond~~ bond imposed on non violent matters with reasonable restrictions. The counsel, I now must seek since I was forced to release the PD office, will depend significantly upon myself to read and interpret discovery, obtain witnesses, obtain documents proving the corruption in this matter and conflicts of interests, and to help them defend this case. I have a right to assist in the defense of this case and that right is best vitiated by allowing me to be free on a non excessive bail or unsecured bail with reasonable conditions to assist counsel. I will appear for all pre trail proceedings in this case.

Respectfully Submitted,
Jerez Coleman

Jerez Coleman                                    4/7/22

Notice of Petition
(Notice of Appeal)

Certificate of Service

I Jerez Coleman certifies that a true and copy
of my Notice of Petition/Notice of Appeal be electronically
filed and served on the court's electronic filing
system.

Dated this 7th Day of April, 2022

Respectfully submitted

Jerez Coleman

**CIRCUIT COURT FOR** Talbot County _____, **MARYLAND**

City/County ☑, **MARYLAND**

Located at 11 N. Washington St, Easton, MD 21601    Case No. C-20-CR-00314

Court Address

State of Maryland _____    vs.    Jerez Coleman _____

Plaintiff                            Defendant

11. N. Washington Street _____    1643 Fort Davis Pl SE _____

Address                              Address

Easton, MD, 21601   410-822-2611    Washington, DC   252-518-3738

City, State, Zip      Telephone        City, State, Zip      Telephone

## CERTIFICATE OF SERVICE

I certify that on this ___7th___ day of ___April___, ___2022___, a copy of the

document(s) titled ___Notice of Petition (Notice of Appeal), The court of___

Title(s) of document(s)

___Appeals of Maryland___

☑ was/were ☑ mailed, postage prepaid ☐ hand delivered, to:

Jerez Coleman _____    1643 Fort Davis Pl SE _____

Name                        Address

                           Washington, DC 20020 _____

                            City, State, Zip

_____                    _____

Name                        Address

                            _____

                            City, State, Zip

___4/7/22___               _____

Date                        Signature of Party Serving

**CC-DR-058** (Rev. 06/2019)

**SR 126**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Jerez Coleman, 1/17/1995

1643 Fort Davis Pl SE          *

Washington, DC, 20020

252-518-3738 / 240-495-5703 (Mom #)

                               *

*(Full name, date of birth, identification #, address of petitioner)*
**Plaintiff,**

    **v.**                                   **Case No.:** _____
                                               *(Leave blank. To be filled in by Court.)*

Joseph Cole, Stephen          *

Kehoe, Keisha Petticolsa,

State of Maryland, 11. N. Washington Street,

Easton, MD 21601, 301 Bay Street, Easton, MD 21601

*(Full name and address of defendant)*
**Defendant(s).**

## CERTIFICATE OF SERVICE

    I hereby certify that on April, 19th , 2022 ,

a copy of Civil rights complaint

was mailed via first class mail, postage prepaid, to Circuit Court of talbolt

county, Maryland via electronic services

_____
**Signature of Plaintiff**

Jerez Coleman
**Printed Name**

1643 Fort Davis Pl SE, Washington
**Address** DC

252-518-3738/240-495-5703
**Telephone Number**

Jerezcoleman@me.com
**Email Address**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Jerez Coleman, 1-17-1995,

1643 Fort Davis Pl SE     *

Washington, DC, 20020

252-~~518~~-3738/240-495-5103 (Mom's #)

       *

_(Full name, date of birth, identification #, address of petitioner)_
**Plaintiff,**

   **v.**                                **Case No.:**_____

                                           _(Leave blank. To be filled in by Court.)_

Joseph Cole, Keisha Petticols, *

Stephen Kende, (11. N. Washington Street, Easton, MD),

Keisha Petticols (301 Bay Street, Easton, MD 21601)

_____       *

   _(Full name and address of respondent)_
**Defendant(s).**

## COMPLAINT

I. Previous Lawsuits

  A. Have you filed other cases in state or federal court dealing with the same facts as in this case or against the same defendants?

      YES ☐    NO ☑

  B. If you answered YES, describe that case(s) in the spaces below.

    1. Parties to the other case(s):

      Plaintiff: _____

      Defendant(s): _____

    2. Court (if a federal court name the district; if a state court name the city or county):

      _____

3. Case No.: _____

4. Date filed: _____

5. Name of judge that handled the case: _____

6. Disposition (won, dismissed, still pending, on appeal): _____

   _____

7. Date of Disposition: _____

## II. Administrative Proceedings

A. If you are a prisoner, did you file a grievance as required by the prison's administrative remedy procedures?

   YES ☑   NO ☐

1. If you answered YES:

   a. What was the result? Nothing was Done by the court or Staff in this matter

   b. Did you appeal? I appealed to the court of Appeals, they advised, I do an application of leave to appeal. I did

      YES ☑   NO ☐

2. If you answered NO to either of the questions above, explain why: _____

   _____

   _____

## III. Statement of Claim

(Briefly state the facts of your case. Include dates, times, and places. Describe what each defendant did or how he/she is involved. If you are making a number of related claims, number and explain each claim in a separate paragraph.)

On, 3/11/2022, 3/18/22, 3/24/22, this court and the Parties involved, has violated my constitutional rights. I have been subjected to Dehumanzing conditions, safety was placed at risk, threatned and coerced, the related claims against each Party is attached. ⟶

**SR 129**

Jerez coleman (Statement of claim) 4/9/2022

Defendant 1: Joseph cole is a prosecutor in talbort County Maryland, located at 11. N. washington street in Easton maryland, he was passed this case by Collin carmello. The party slated above has acted arbitrary and with deliberate intent of placing my safety and health at risk. The facts are slated below.

Fact 1: Pursant to title 18 3142(B)(2), No Judicial officer shall impose a financial condition that causes Pretrail detention on the accused. This right was violated when it was recommended my bail be a 50,000 corporate bond, this violates my 8th Amendment right and due process rights. Currently in the state of maryland there has been rising covid - 19 cases. The number of people infected are growing exponentially. China (Shanghai is on a lockdown) Maryland which has 1 Million cases of covid 19, that is the total since the coronavirus began and new cases in maryland is growing. The current incubation period is between 2 and 14 days. Approximately 20% of people infected experience life threatning complications, and between 1% and 3.4% die. The virus is thought to spread through respiratory droplets or by touching a surface or object that has the virus on it. Thus, infected people - who may be asymptomic and not even know they are infected - can spread the disease even through indirect contact with others. Accordingly, officials and the President and experts urge "social distancing" - isolating oneself from other people as much as possible. Social distancing is virtually impossible inside prisons and county jails. Other federally recommended precaution include freqluent hand - washing,


(2)

alcohol-based hand sanitizers, and frequent cleaning and disinfecting of any surfaces touched by any person. It is impossible to engage in these basic preventive measures in the county jail or prisons. During pandemics, jails, prisons become ticking time bombs", as many people crowded together, often suffering from diseases that weaken their immune systems, form a potential breeding ground and reservoir for diseases. As Dr. Jaimie Meyer, an expert in public Health in jails and prisons, recently explained "The risk posed by covid-19 in jails and prisons is significantly higher than in the community, both in terms of risk of transmission, exposure and harm to individuals who become infected. This is due to a number of factors the close proximity of individuals in these facilities, their reduced ability to protect themselves through social distancing, the lack of necessary medical and hygiene supplies ranging from hand sanitizer to protective equipment; ventilation systems that encourage the spread of the airborne diseases; difficulties quarantining individuals who become ill. In this place numerous inmates and staff, had ~~~~~ covid 19. People in the jail and in prisons are

(A) Typically housed in close proximity to others and unable to distance themselves.

(B) spend significant time in communal spaces, such as eating areas, recreation rooms, bathrooms, cells or holding areas and they are unable to do otherwise.

(C.) Live in spaces with open toilets within a few feet of their beds, and unable to access a closed toilet that would not aerosolize bodily fluids into living spaces.

(D.) Are constantly within six feet of other people, likely none of whom have been tested for covid-19, and they are unable to choose to do otherwise.

(E.) Must physically touch others or be touched by others, such as correctional officers and medical staff, many of whom have not been tested for covid-19, and they are unable to opt out of this contact.

(F.) Are frequently subjected to intimate contact by correctional staff, many of whom have not been tested for covid-19, during searches of their person, including having those staff place their hands inside of people's mouths and other body cavities

(G.) Lack recommended access to soap, water, tissues, paper towels and hand sanitizer that complies with CDC guidelines.

(H.) Be subjected to sleeping on hard steel that is made out of a bunk bed, Be forced to be around violent individuals when I am a non violent person, Be forced to have my family pay for collect calls that is causing economic hardship, shower around other men, be forced to miss work, be forced not to build my defense or prepare my defense in which title '8 3142 (I) (3) The bail reform act permits the court to temporarily release an

an individual in custody", when necessary for the preparation
of the persons defense.

(I) Be prevented from securing my own private counsel
in which my family found one, but my bail being
excessive is causing an issue. IF it was non excessive
I would be able to secure the lawyer and be released
in no cruel conditions. Science shows that, within
Jails and prisons, isolation, segregation, and lockdown
are ineffective against covid-19 and regardless, the
jail or prisons does not have the physical space to
accomplish these efforts for the current jail populations
or prisons population. Covid 19 can survive in the air
so seperation in a facility where there is still other
movement of people, and occasional interaction, will
not contain it. Surfaces are still touched inside cells,
in bathrooms, transport at the very least. The reality
is that some contact with others, whether through close
proximity or actual contact is inevitable. Kitchen staff,
intake staff, officers, medical staff all interact with
incarcerated people as a matter of course, even on
lockdown. In prisons, alone their is violent people, non violent
people, people stabbing, running phones etc. This matter has
yet to be adjudicated in front of ~~a fair~~ Judge Kehoe, Your
innocent until proven guilty. In this unique moment, decreased
bail with reasonable conditions is appropriate, it enhance
the safety of other people in the community and other
people - and is necessary to protect my own health and
safety. I must be able to excercise self-protective

measures in sanitary, disinfected space, and to maintain social distance from other community members to flatten the curve of the virus's spread. This court must consider the stark change in circumstances and ~~the virus~~ covid-19 is causing an unprecedented public health crisis that underscores the constitutional requirement that pretrial detention be a last resort. In this case, I was ordered release but my release is contisent on me making upfront monetary payment. ~~I~~am still here. This ongoing detention is both dangerous and unconstitutional.

Fact 2:

Judge kehoe stated to me on March 11th, that he didnt trust me with an unsecured bond (This is very bias), Judge kehoe doesnt know me personally or the fact that I am a smart young black man. I am 27, I have my new own apartment, I have a full time job, I am on an academic scholarship at howard university (Graduate Program), I do have brain cancer that is very serious. The Judge is suppose to uphold, protect and defend the constitution. My constitutional rights have been violated, pursant to title 21 822 (6) Abuse of power and position of trust. Judge kehoe, had a young man with the last name little (Dom snih young man), he was facing alot of time, he sent the young man to a halfway house pretrial and today April 14th, he was ordered to stay there and get better for a few months. This matter is non violent and



merly accusations, this matter has been one sided and my health and safety has been put at risk. Absent such a "sharply focused scheme", the government may not detain a presumptively innocent person. Foucha, 504 U.S at 81, Id at 83 ~~(citations)~~ These principles come into stark relief when pretrial detention affects a person solely because the person is poor. This situation our society faces today, in which I am ~~(am)~~ being subjected to be detained in the face of a public health crisis only because I cannot make a payment, exacerbates the already devastating consequences of my unconstitutional pretrial incarceration. The fourteenth Amendment requires that before detaining someone pretrial through an unaffordable financial condition, the court must consider alternatives to detention and make a finding that less restrictive alternatives are insufficient to serve the governments interests. Pugh, 572 F. 2d at 1057. I don't have any real estate assets, neither does my family due to covid 19, that can be pledged but my mom and family will co-execute an unsecured bond with reasonable conditions, or a non excessive bail of 2,000, 3,000, 4,000 10% with reasonable conditions fixed by the court. I will appear at all proceedings and normal conditions will assure my appearance. I indeed fully with extreme intentions to defend this case and will agree to the normal ~~(detailed)~~ bail conditions imposed upon persons with non-violent offenses. That would, of course, include the execution of

Of a suitable unsecured bond or a reasonable secured bond with reasonable restrictions on travel and the usual conditions requiring reporting to Pretrail Services etc. Even if biasness exist, it can't because it violates my rights. The government's interest in this excessive bail cannot be justified where incarceration itself exacerbates an ongoing and devasting public health crisis and brings a heightened risk of illness and death to people inside and outside the Jail. This court should ~~could~~ Identify conditions of release that better protect public health and safety and my health and safety. The conditions in the Jail and prisons amid an unprecedented epidemic temporarily violate my due process rights.

Fact 3.) Pursant to title 18 300GA (Adquate representation of defendants), The criminal Justice Act, The 6th Amendment right to effective Assistance of counsel," The Public Defender and Keisha Petticolas who is a court appointed lawyer, they are paid by the state and the state of Maryland is against me, in which this presents a conflict of interest. These people have been highly ineffecti' they mentioned they can't attend to my case due to Keisha Petticolas having five trails, they dont messages only emails, my family has been disrespected by the PD office, I was retalated against due to my complain with the Attorney Grievance commission of Maryland, → The American Bar Association and it makes since



because Ms. Petticolas didn't text me or anyone in my family with any zoom links for court or anything out of spite, Ms. Petticolas has went to confederate protest and has done stuff with the NAACP, but has refused to apply effective representation. I fear for my life and safety around Ms. Petticolas and Joseph Cole who have caused me great psychological and emotional harm, pain and suffering, coercing me to go to trail by Jury, when I want it in front of Judge Kenoe and for me to be afforded the time to obtain private cansel or a Penal lawyer. I did find a private lawyer, but this excessive bail has caused an economic hardship on my family, my family did raise $3,000 dollars and stated they are not able to help with anymore, like I stated if it's possible to be treated fairly with equal justice of a unsecured bond with reasonable conditions or a 3,000, or 4,000 bond 10% with reasonable conditions would be sufficient and my mom who works for the government in DC can co execute an unsecured bond with reasonable restrictions. The Supreme court has long recognized that a person may not be subjected "to imprisonment solely because of his indigency". - There can be no equal justice where the kind of trail a man gets depends on the amount of money he has"). The Due process clause imposes obligations on the government to meet the basic needs of people in Jail, who rely on the government for food, clothing and neccessary medical

A failure to Provide Sustenance "may Produce torture or a lingering death", in which I have been Subjected to. The due Process rights of Someone on Pretrail are at least as the 8th Amendment Protections available to a Convicted Prisoner. Those rights are violated if he is "incarcerated under conditions Posing a Substantial risk of Serious harm and the State of mind is one of deliberate indifferent to inmate health or Safety. Violation of Constitutional rights of Pretrail detainee if the officials "knowingly disregarded a Substantial risk a serious harm of which they were aware. Continuing to detain me, if alternatives exist (In which they do) to protect the community and Prevent flight while Placing me in mortal danger of contracting and spreading an infectious disease constitute deliberate indifference to my health and Safety. This inhumane conditions, under these new circumstances, constitutes an independent due Process violation the court must remedy.

Conclusion

→ Wherefore, for the reasons stated above and in the application for leave for appeal and any other reasons that became apparent to the court. Private counsel in this case will depend Significantly upon me reading and interpreting discovery, obtain witness, get in contact with investigators, help defend this case. I do have the right to assist in this defense of

this case and that right is best vitiated by allowing a decreased bail with reasonable conditions or an unsecured bond with reasonable conditions to assist my new counsel. I will appear at all pretrail proceedings in this case and defend myself I am requesting that the court grant the above emergency relief with appropriate conditions prior to trail by Judge in front of Judge Kenoe.

Respectfully
Submitted,
Jerez Coleman

...iefly what you want the Court to do for you.)

I'm requesting equal Protection/equal Justice on a decreased bail of 2,000, 3,000, 4,000 /0% with reasonable conditions or an unsecured bond co-executed by my family with reasonable conditions. I am being treated with bias and having my rights violated.

SIGNED THIS 14th day of April , 2022 .

_____
Signature of Plaintiff

Jerez Coleman
Printed Name

1643 Fort Davis Pl SE washington, DC
Address

252-518-3738
Telephone Number

_____
Email Address

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Jerez Coleman, 1/17/1995

1643 Fort Davis Pl SE                        *

Washington, DC, 20020

_____

_____         *

_____
*(Full name, date of birth, identification #, address of petitioner)*
**Plaintiff,**

    **v.**                                        **Case No.:**_____
*(Leave blank. To be filled in by Court.)*

Joseph Cole (11 N. Washington Street, eason, MD))

Stephen Kehoe (11. N. Washington street, Easton, MD)

Keisha Petticolas (301 Bay street, Easton, MD)

_____         *

_____
*(Full name and address of defendant)*
**Defendant(s).**

## MOTION AND AFFIDAVIT TO PROCEED IN FORMA PAUPERIS

    I,  Jerez Coleman _____, declare that I am the plaintiff in this

case. Because of my poverty, I am unable to pay the filing fee and costs of this action at this

time, nor am I able to give security therefor.

    I understand that the fee for filing this type of case is $350.00. I understand that if my

motion is granted, it does not mean I will not have to pay this fee. I understand that if my motion

is granted, periodic deductions may be made from my inmate account until the entire fee is paid.

By filing this motion, I am agreeing to allow such deductions as are required by law. I

understand that if I do not have money in my prison account, but have other resources, the Court

may require that I pay the filing fee or a partial filing fee.

I believe that I have a meritorious complaint and am entitled to relief in these proceedings.

In support of this motion, I answer the following questions:

1. Are you presently employed in a prison job or other assignment that results in compensation of any sort, including work release?

    YES ☑    NO ☐

    a. If you answered YES, list your employer or assignment and the amount of your wages.

    Employer/assignment: Amazon , Inc / Digital media coordinator

    Monthly gross wages: 18/hour / every two weeks

    Monthly net wages: 1500 every two weeks

    b. If you answered NO, state the date of your last employment or assignment, the name of your employer or assignment, and the amount of wages you received.

    Date: 3/9/2022

    Employer/assignment: Amazon Inc / Digital media coordinator

    Monthly gross wages: 18/Hour / every two weeks

    Monthly net wages: 1500 Every two weeks

2. Within the past twelve months have you received any income from: 1) settlements, judgments, or monetary awards from a court; 2) Social Security, public assistance, workers' compensation or disability payments; 3) a business, profession or other form of self-employment; 4) rent, interest or dividends; 5) retirement, annuity, pension or insurance payment; 6) gifts or inheritances; 7) or any other sources?

    YES ☐    NO ☑

If you answered YES, list the amount received, date it was received, and the source.

| Amount | Date received | Source |
|--------|---------------|--------|
|        |               |        |
|        |               |        |
|        |               |        |

SR 142

3. How much money do you have in your institutional account? $0

4. How much money do you have in checking, savings or other accounts outside of the institution?

I have not worked since March 4th, 2022, I have $528 until I am released and start working

5. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles, or other valuable property (not including ordinary household furnishings and clothes)?

YES ☐   NO ☑

If you answered YES, list the value and describe each item.

| Value | Description |
|-------|-------------|
|       |             |
|       |             |
|       |             |

6. List everyone (including businesses and the government) that you owe money and the amount that you owe. — N/A

| Creditor | Total debt | Monthly payment |
|----------|-----------|-----------------|
|          |           |                 |
|          |           |                 |
|          |           |                 |
|          |           |                 |

7. List any other major monthly expenses that you are actually paying.

| Description | Monthly payment |
|-------------|-----------------|
| Rent        | $1200 / Month   |
| Phone bill  | $70 / month     |
|             |                 |
|             |                 |

8. Attach a certified statement of your prison account for the past six months. If you are unable to do this, one will be requested from prison officials.

I declare under the penalties of perjury that the information above is true and correct.

4/19/2022
Date

Signature of Plaintiff

Jerez Coleman
Printed Name

1043 Fort Davis Pl SE, Washington
Address  DC

252-518-3738/240-495-5703
Telephone Number

_____
Email Address





# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### OFFICE OF THE CLERK

## INSTRUCTIONS FOR FILING A
## CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

- These instructions are meant only to help you understand the forms and to explain some of the Court's procedures.

- The Court cannot give you legal advice or provide you with copies of cases or other legal materials.

- The Court does not have to provide copies of complaints or other documents to you. Anything you file with the Court becomes a part of the official court record.

- When you are ready to file your complaint, you may either pay the $400 filing fee or you may include a motion to proceed in forma pauperis with your complaint. A complaint filed without either the filing fee or a motion to proceed in forma pauperis does not have to be accepted for filing.

**SR 145**

JEREZ STONE-COLEMAN,

        Applicant

    v.

STATE OF MARYLAND,

        Respondent.

    \*    IN THE

    \*    COURT OF SPECIAL APPEALS

    \*    OF MARYLAND

    \*    No. 367, September Term, 2022
                             &amp;

    \*    No. 450, September Term, 2022

    \*    (Cir. Ct. No. C-20-CR-19-000314)

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## ORDER

Following the denial of his request for bail/bond review, the applicant filed an application for leave to appeal. Upon receipt of the appeal from the circuit court, the Clerk initially opened a direct appeal under case No. 367, September Term, 2022. Accordingly, it is this 13ᵗʰ day of May, 2022, by the Court of Special Appeals,

ORDERED that case No. 367, September Term, 2022, is administratively closed; and it is further

ORDERED that this case shall proceed as an application for leave to appeal, No. 450, September Term, 2022.

By direction of the Chief Judge

Gregory Hilton, Clerk

WV✓

# IN THE CIRCUIT COURT FOR TALBOT COUNTY

**Date:** 05/30/2022      **Judge:** Stephen H. Kehoe
**Case Number/Title:** State of Maryland v. _Jerez Stone-Coleman_ C2OCR19 314
**Hearing Type:** Pre-Trial / Status Conference    ☐ In Person Hearing    ☑ Remote Hearing
                                ☐ Defendant elected/consented to proceed remotely

**Parties Present:**
☑ State's Atty _J. Cooje_      ☑ Defendant ☑ Defendant's Counsel: _K. Petticolas_
☐ Interpreter: _____
☐ Defendant FTA
☐ Bench warrant issued: No Bond/Bond: $_____ ○ Cash   ○ Surety ○ Property   ○ May post _____ %

**Plea:** ☐ Guilty to Count(s): _____
☐ Defendant sworn    ☐ Jury trial waiver    ☐ 180 day waiver    _Defendant voir dire by the court_
☐ Testimony taken    ☑ Parties/Counsel heard by Court    _in regards to discharging Attorney._

**Witnesses:**
_____    _____
_____    _____
_____    _____
_____    _____

**Court's Ruling:**
☐ Defendant has freely, voluntarily, knowingly and intelligently:
○ waived right to jury trial    ○ waived right to speedy trial    ○ entered into plea
☐ State entered: ☐ Nolle Pros on the record, Court so notes ☐ Stet on the record, Court so notes
☐ Pre Trial/Status hearing: _____    ☐ Motions hearing: _____
☐ Court/Jury Trial: _____    ☐ Plea date: _____
☑ Other: _Competency Evaluation ordered_ _____
_____
_____
_____
_____

☐ Bench Warrant issued    ○ No bond    ○ Bond: $_____



**CIRCUIT COURT OF MARYLAND FOR TALBOT COUNTY**
11 N. Washington Street
Easton, Maryland 21601
Clerks Office: 410-822-2611 Assignment Office: 410-770-6801 Juvenile Assignment Office: 410-822-2611

| | |
|---:|:---|
| **Case Number:** | **C-20-CR-19-000314** |
| **Tracking Number:** | **197020000236** |
| **Other Reference Number(s):** | **C-20-JG-21-000176; CSA-REG-0367-2022; CSA-ALA-0450-2022** |

**STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN**

Defendant DOB: 01/17/1995
SID No: MD-37749592

## COMMITMENT TO THE MARYLAND DEPARTMENT OF HEALTH
## FOR EXAMINATION AS TO COMPETENCY TO STAND TRIAL
### (Criminal Procedure § 3-105)

The defendant having been given the opportunity to be heard, the court finds good cause to believe that the defendant may be incompetent to stand trial for the following reasons: **Defendant's counsel believes Defendant may not be competent.**

It is, on 5/23/2022
ORDERED, the defendant is committed to the Maryland Department of Health for examination as to competency to stand trial and;
IT IS FURTHER ORDERED

☒ the defendant be confined at Talbot County Detention Center and held **on a $50,000.00 Corporate Bond**.

☐ for the health and safety of the defendant, the defendant shall be held in a medical wing or other isolated and secure unit.

☐ because of the apparent severity of the mental disorder or mental retardation, the court has found that the defendant would be endangered by confinement in a correctional facility. The clerk shall notify the Maryland Department of Health, which shall in its discretion either immediately conduct an examination for competency or confine the defendant pending examination at a facility designated by the Maryland Department of Health. Unless the Department retains the defendant, the defendant shall be returned promptly to the court after examination.

IT IS FURTHER ORDERED the defendant shall be seen at **Talbot County Detention Center, 115 W. Dover Street, Easton MD 21601 (phone 410-770-8120) for evaluation at a date and time to be determined by the Maryland Department of Health** and shall be returned to court by **06/23/2022** unless for good cause the court extends the time for evaluation. The Department shall send a complete report of its findings to the Court, State's Attorney, State's Attorney - Talbot County; **Joseph Coale**, and defense counsel, **Kisha T. Petticolas**; Talbot County Public Defender, or to the defendant within seven (7) days of the order unless the court for good cause, extends the time. If the Department reports, that in its opinion the defendant is incompetent to stand trial, the report shall state in a complete supplementary opinion whether because of mental retardation or mental disorder the defendant would be a danger to self or the person or property of another if released.

IT IS FURTHER ORDERED **Talbot County Detention Center** shall transport the defendant when notified by the Department to do so and at the Department's direction shall return the defendant to the court.

Mr. Stone-Coleman's email address if
needed is jerezcoleman@me.com

| | |
|:---|:---|
| **05/23/2022 6:45:52 PM** | _Kehoe_ |
| Date | Judge |
| | Stephen H. Kehoe |
| | Printed Name |

**SR 148**

Trial Date: 11/1/2022

**SR 149**

Notice of Emergency Motion to obtain case NO: CSA-ALA-450-
the record from circuit court and 2022
for reduced bail.

RECEIVED
MAY 5/7/22 2022
BY COURT OF SPECIAL APPEALS

Jerez coleman

clerk of court;
I, Jerez coleman, is requesting the court of Appeals
to obtain the record from circuit court before July 12th
on an emergency basis, and also request that the
excessive bail in this matter be reduced to a reasonable
amount.

1) I am aware circuit court is suppose to send the record
by July 12th, I have sent my constitutional brief and
constitutional question over to this court, because the
Judge in this matter granted a 50,000 corperate bond
in a non-violent matter. The parties involved in this
case could be engaging in retailation due to my civil rights
lawsuit in the U.S District court at 101 W. lombard
Street, baltimore, MD 21201, with case no: GLR-22CV1018.
I was given a failure to appear ~~in March~~ in March 2022, I was
never informed by the public Defender (who is a defendant
in my civil rights case), or their office of any updated
court hearings, varias People were rude to my family. The
8th Amendment to the constitution provides that "Excessive
bail shall not be required, nor excessive fines imposed,
nor cruel and unusual punishments inflicted. That right was
violated in this case with this excessive bail, I can't
afford the bail set in the case and I have been
deprived of my fundamental liberty interest in freedom
from pretrail detention solely because I can't afford to pay
secured money bail. I have not been brought to trail and
the charge is a non capital offense, I do have a right
to be free from excessive bail, Rule 46(c) Federal rules of
criminal procedure, 18 U.S.C.A., based on the amount fixed
on the standards set forth in rule 46(c) Federal rules of
criminal procedure. Bail is excessive when it is set at
an amount higher than that reasonably calculated to insure
an accused will appear and stand trail and submit

to sentence if convicted. Stack v. Boyle, 342 U.S. 1, 72 S. Ct. 1, 96 L. Ed. 3, Heikkinen v. United States, 7 Cir., 208 F. 2d 738. Title 18 3142 (B)(2) states'', No Judicial officer shall impose a financial condition that causes Pretrail detention. The fifth circuit has already concluded that 'the incarceration of those who can't pay money bail without meaningful consideration of other possible alternatives, infringes on both due process and equal protection requirements. The Judicial officers in the talbolt county circuit court, in this matter has violated a lot of my constitutional rights that is in my brief I sent. I am pleading with the court of appeals to grant me a non excessive bail with reasonable conditions, I am not receiving the Protections fand necessary in ODonnell 1, including an opportunity to be heard and present evidence, a reasoned decision by the decisionmaker and reasonable consideration whether an affordable bail amount or nonmonetary condition provides sufficient sureties. I am also stating, Judge kehoe stated he didn't trust me with an unsecured bond, this was an ~~biased~~ decision, it shows I missed court and on the record, they said I would be notified and nobody notified me of an upcoming court date or ~~texted~~ me or called, in the criminal Justice Section standards of Pretrial release, it states in standard 10-1.4. conditions of release in paragraph (c), release on financial conditions should be used only when no other conditions will ensure appearance. When financial conditions are imposed, the court should first consider releasing the defendant on an unsecured bond. If unsecured bond is not deemed sufficient and the court still seeks to impose monetary conditions, bail should be set at the lowest level necessary to ensure the defendants appearance and with regard to a defendant's financial ability to post bond. I was never afforded this in this case in circuit court. I am only requesting that the court of appeals, request the record from circuit court before July 12th on an emergency basis this month or June 12th. I have been subjected to dehumanizing Jail

Jail conditions, along with being subjected to an excessive bail. I am not a flight risk or violent person, I am 27 with a full academic Scholarship at howard university, I will be starting my graduate program in JUly 2022 and I am requesting while this court review the record ~~from~~ from circuit court, order me released on an unsecured bond with reasonable conditions or order circuit court to decrease the bail to 5,000 unsecured or secured 10% with reasonable conditions. My family doesn't have property that can be pledged ~~~~. Upon reciept of the record and review that would take time and I would suffer more treatment that would be unjust and unfair. From my understanding under rule 35 of the court of appeals (complied statutes 1674, 1679, 1680) " the circuit Justice assigned to the circuit or the circuit Judges within the circuit on the proper application of one accused or convicted of a crime, to admit him to bail at anytime before his conviction has been affirmed by the appellate court or his time to Sue out a writ of error has expired. In closing, I hope something can be done to ensure my rights are not violated and I am treated fairly.

                    Respectfully Submitted;
                    Jerez coleman

Notice of Motion
Constitutional Brief
(Emergency Motion)

**RECEIVED**

MAY 24 2022

BY COURT OF SPECIAL APPEALS

Case No;
CSA REG - 367 - 2022
CSA -ALA - 450 - 2022
updated
Case No: 5/2/22

**RECEIVED**

MAY 12 2022

BY COURT OF SPECIAL APPEALS

1

Jerez coleman

Clerk of Court,°
The following is the Constitutional violations at
circuit court and the judicial parties involved has
imposed on me. The violations is stated below.

(Exhibit 1) Violation # 1: On March 11th, bail was set at
an excessive amount of 50,000 corporate bond, then I
went on March 18th in front of a Judge Campen who was
very impartial and bias and refused to decrease the
bail of Judge kehoe. Then on 3/24/22, they started denying
my bail reviews and motions requesting relief from this
excessive bail and to be treated fairly, as this court
see this record from 2018 - Now, their has been a lot
of violations regarding my rights. This circuit court failed to
decrease bail stating I didn't attach reasons, in which
I did as we look on the record, I also have copies
I can share in court showing my motions, but they were
denied arbitrarily and with bias intent. Judge kehoe
at first granted me a reasonable bail of 2,000 during 2021
and on record, I asked when was court and I was told
I would be notified, nobody in this court, along with
the public Defender notified me or my mom. My # is
252-518-3738, My mom's # is 240-495-5703, nobody
tried to help me, in this year in litigation Judge kehoe
stated he didn't trust me on an unsecured bond and
the public defender told my family, he didn't want me
with a bail and I better be lucky to have one. This
is very bias and impartial, I never miss court and I

**SR 153**

(2)

Want to be treated fairly and according to
the criminal Justice section standards of pretrail release
in standard 10-1.10. in section (K); Remind persons released
before trail of their cart dates and assit them in
attending cart; nobody did that in this matter and
plus, I was never sent a zoom link or anything about
upcoming cart, I felt like nobody was trying to update
me or my family on purpose. title 18 3142 (B) (2), No
Judicial officer shall impose a financial condition that causes
Pretrail detention, Judge Kehoe imposed an excessive bail
that is causing Pretrail detention. The Purpose of bail
before trail is to ensure the Presence of the accused when
required without the hardship of incarceration before guilt
or innocence is Proved and while the presumption of innocence
is to be given effect. - In Pugh vs. Rainwater, 572 F. 2d 1053,
1057 (5th cir 1978) (En banc) ( The incarceration of those who
cannot afford to Pay monetary bail, without meaningful
consideration of other possible alternatives, infringes on both
due Process and equal Protection requirements), See also
Schultz vs. Alabama, 330 F. supp. 3d 1344 (N.D. Ala. 2018),
appeal filed sub. nom. Hester vs. Gentry, No 18-13894 (11th
cir. sept 13, 2018); Daves vs. Dallas cty., No. 3:18-CV-0154-N,
2018 U.s Dist. Lexis 160741, at 12-13 (N.D. Tex. sep. 20, 2018),
appeal filed, No. 18-11368 (5th cir. oct 23, 2018); ODonnell
V. Harris cty. (ODonnell 1), 251 F. supp 3d 1052 (S.D. Tex.
Apr. 28th, 2017), aff'd as modified, 892 F. 3d 147 (5th
cir. 2018); Rodriguez V. Providence cmty. corr., 155 F. supp. 3d
758, 768-69 (M.D. Tenn. 2015).

The fourteenth Amendment requires that before detaining someone through an unaffordable financial condition, the court must consider alternatives to detention and make a finding that less restrictive alternatives are insufficient to serve the governments interest. Pugh, 572 F. 2d at 1057. In this case, there has been no finding that this excessive bail which is causing pretrail detention is necessary to serve any compelling government interest. Even if there had been that decision must be revisited because of changed of circumstances: the government's interest in this excessive bail can't be justified where incarceration itself exacerbates an ongoing and devasting public health crisis and brings a heightened risk of illness and death to people inside and outside the jail. This court should identify conditions of release that better protect public health and safety.

(Exhibit 2) Violation #2: the conditions in the jail along with prison amid an unprecedented Epidemic Temporarily Violate my due process rights. In MD there is a total of 1 million cases of covid 19, there has been a rising in cases in the DC, MD, VA area. In talbolt county jail young men and inmates had tested positive for covid-19 the virus is thought to spread through respiratory droplets or by touching a surface or object that has the virus on it. Thus, infected people who may be asymptomatic and not even know they are infected - can spread the disease even

4

through indirect contact with others. Accordingly, Pres. Biden, CDC Director, Rochelle Walensky and others urge, "social distancing", isolating oneself from other people as much as possible. Social distancing is virtually impossible inside the county jail and in prisons. Other federally recommended precautions include frequent hand-washing, alcohol-based hand sanitizers, and frequent cleaning and disinfecting of any surfaces touched by any person. It is virtually impossible to engage in these basic preventive measures in the county jail, or in prisons. During pandemics, jail facilities become "ticking time bombs", as many people crowded together, often suffering from diseases that weaken their immune systems, form a potential breeding ground and reservoir for diseases. Dr. Rochelle Walensky stated on April 5th 2022 that in April their were 159,426 New covid cases and stated that there are a handful of counties where data show rising cases and evidence of severe disease. In Jails and Prisons, including talbott county detention center; the close proximity of individuals inside, the reduced ability to protect yourself through social distancing; the lack of medical and hygiene supplies ranging from hand sanitizer to protective equipment. (CDC coronavirus factsheet) (www.cdc.gov/coronavirus/2019-ncov/downloads/2019-ncov-factsheet.pdf), CDC steps to prevent Illness). When coronavirus exploded in China, there were reports of more than 500 cases quickly spreading across five facilities in three

(5)

Provinces. In Iran, 54,000 Prisoners were temporarily released, In america many non violent offenders were released as well to protect them and the community from propagagation of an outbreak. (Dr. Anne spaulding, Coronavirus and the correctional facility).
People in Jail, along with myself has been subjected to dehumanizing conditions in Jail and it happens in Prisons to.

1.) You are housed in close Proximity to others and unable to distance yourself.

2.) You spend significant time in communal spaces, such as eating areas, recreation rooms, bathrooms, cells, holding cells and your unable to choose to do otherwise.

3.) You sleep on a concrete hard bunk that is steel, Live in spaces with open toilets within a few feet of the bed and unable to access a closed toilet that would not aerosolize bodily fluids into living spaces.

4.) You are in constant feet (6 feet exact) of other people and you are unable to choose to do otherwise

5.) Must physically be touched by others, such as correctional officers, medical staff, Many of whom have no vaccine (Even with a vaccine your prone to get covid - 19).

6.) You are subjected to be arand violent offenders, people stabbing people in prisons, running phones and the fact that jails and prisons normally have to rely heavily on outside hospitals that will soon become unavailable of the second wave of covid - 19.

(6)

7.) Lack recommended access to soap, water, tissues and paper towels

8.) Lack access to hand sanitizer that complies with CDC Guidelines. This combination of lack of adequate sanitation, close quarters, limited medical care capacity that create an intolerably dangerous situation, being subjected to dehumanizing conditions, along with the fact in Jan, 2022, talbot county detention center had an outbreak of covid-19, with inmates and staff, it's may 2022 and their is 1.35 million covid cases in maryland, 1.7 million covid cases in VA, 141,000 covid cases in DC. Covid 19, can survive in the air and who knows covid-19, can still be lingering within talbot county detention center, seperation in a facility where there is still other movement of people and occassional interaction will not contain it. Surfaces are still touched inside cells, in bathrooms, mold in open showers, in transport, at the very least. The reality is that some contact with others, whether through close proximity or actual contact is inevitable. Kitchen staff, intake staff, officers, medical staff all interact with incarcerated people as a matter of course, even on lockdown. In this unique moment, release enhances the safety of other people and the community - and is necessary to protect my own health and safety. The argument here is that bail was set excessively by Judge Kehoe and the Judicial parties involved have reckless disregard for my safety, health and constitutional rights. Covid-19 is causing an unprecedented public health crisis that underscores the

constitutional requirement that pretrail detention
be a last resort. In this case, I was ordered
release but because the release is contingent on
making an upfront monetary payment that is excessive.
In Stack vs. Boyle at Page 4, 72 S. CT. at Page 3.
"This traditional right to freedom before conviction permits
the unhampered preparation of a defense, and serves to
prevent the infliction of punishment prior to conviction. The
court also said, 342 U.S Page 6, 72 S.CT at Page 4
To infer from the fact of indictment alone a need for
bail in an unusally high amount is an arbitrary act. Such
conduct would inject into our own system of government
the very principles of totalitarianism which congress was
seeking to guard against in passing the statue under which
petitioners have been indicted. Bail in this matter is
excessive, I am requesting the court of appeals to reduce
this bail to a 5,000 secured or unsecured bond with reasonable
restrictions. My 8th amendment right provides no excessive
bail shall be required, ~~Circuit~~ Circuit court gave an excessive bail,
the portion of the bill of rights was used as an insulation
against bail in such exorbitant amounts that the right of
liberty pending trail is lost. The Due Process ~~rights~~ rights
of a pretrail detainee are as great as the Eighth Amend
Those rights are violated if he is incarcerated under
conditions posing a substantial risk of serious harm. The
state of mind of the circuit court in talbott county and
the judicial parties in ~~the~~ case has a deliberate indifferen
to my health or safety. Judge kehoe and the prosecutor is

8

aware of covid-19 and the rising cases in the DC, MD and VA area and are aware of the rights they violated against me. In Hardy vs. District of columbia 601 F. Supp. 2d 182, 190 (D.D.C. 2009) (violation of constitutional rights of pretrail detainee if the officials knowingly disregarded a substantial risk of serious harm of which they were aware). continuing this excessive bail which is causing pretrail detention and my ability to defend myself properly, when alternatives exist to protect the community and prevent flight while placing me in mortal danger of contracting and spreading an infectious disease constitute deliberate indifference to my health and safety. Me being subjected to pretrail detention in a non violent matter under these new circumstances, constitutes an independent due process violation. I am requesting the court of appeals to decrease this excessive bail of 50,000 corperate bond by judge kehoe and submit me to an unsecured or secured bond with reasonable conditions. My family nor me have real estate to pledge. A 5,000 10% unsecured or secured bond would be effective prior to trail by judge, that way I am able to defend myself, gather an attorney, ensure my rights are not violated.

- violation 3: pursant to title 18 300A (~~allow~~ adequate representation of defendants and the criminal justice act and my 6th amendment right to effective assistance of counsel the public defender office in talbort canty applied

(9)

Ineffective assistance of cansel. Keisha Petticolas
was assigned to this matter, her and her office
doesn't take calls, hasn't help me prepare an defense,
this young lady said she can't attend to my case due
to trails and other matters she is attending to, she also
told me to shut up, she is very rude to my family. The
attorney in this matter is a state employed lawyer
Paid by the state and the state is against me with
their lawyer name Joseph Cole, this is a conflict
of interest and presents biased actions. The public defender
office, doesn't take messages, doesn't answer the phone,
in order to reach them, I must use a collect call
in which their office has to pay for, or have someone
send an email, all of this causes an impairment in
my defense, or obtaining private cansel or being given an
criminal justice Act Panel Attorney. When they release me
during covid-19, their office never contacted me or my
family. April 26th 2022, I filed a civil lawsuit against
Keisha Petticolas and the public Defender office along with
the prosecutor in this matter in District court in Baltimore
Maryland. They have retailated against (me) and abused their
position of trust, which is a violation of title 21 822(6). I
have also been threatened and coerced and had my
rights violated. These arbitrary acts commited by these
public servants is an direct violation of my due process
rights and title 18 241 and 242. I would like to move
the cart for a hearing on these matters, I am aware that

SR 161

(10)

bail in an unusually high amount is an arbitrary act.
The Power to require bail in this matter was used as an
instrument of oppression. State vs. Brown, 338 P. 3d 1276,
1292 (N.M. 2014) (Intentionally setting bail so high as to
be unattainable is a simply less honest method of unlawfully
denying bail altogether). The Criminal Justice Section standards
of pretrial release in standard 10-1.4(c); Release on
financial conditions should be used only when no other
conditions will ensure appearance. When financial conditions
are imposed, the court should first consider releasing the
defendant on an unsecured bond. If unsecured bond is not
deemed a sufficient condition of release, and the court
still seeks to impose monetary conditions, bail should be
set at the lowest level neccessary to ensure the
defendants appearance and with regard to a defendants
financial ability to post bond. In this matter that wasnt
done, my 8th Amendment right was violated on it's face.
In conclusion; I am requesting the court of appeals to
uphold my direct appeal of circuit court Judge stephen
Kehoe excessive bail of 50,000 corperate bond to 5,000
10% secured or unsecured bond with reasonable conditions,
panal attorney or private cansel, I get will depend upon me
to read and interpret the discovery, get witnesses, make calls,
help defend this case. I do have the right under title 18
3142 (i)(3); The bail reform act permits the court to
temporarily release an individual in custody" when necessary
for preparation of the persons defense". I have a right

(11)

to assist in the defense of this case and that right
is best vitiated by allowing me free on a reasonable non
excessive bail with reasonable conditions to assist the panal
lawyer or Private counsel my family gets. I will appear
for all Pretrail proceedings in this case and for trail and
defend myself and there is no lawful basis for an excessive
bail. I also have a pending lawsuit against the parties

Respectfully submitted,
Jerez Coleman

Notice of Emergency petition for Appeal bond pending
Writ of Error

1.)

RECEIVED

MAY 1 2 2022

BY COURT OF SPECIAL APPEALS

Jerez coleman

Case No:
CSA Reg - 367 - 2022
CSA - ALA - 450 - 2022
Redacted
RECEIVED

MAY 2 4 2022

BY COURT OF SPECIAL APPEALS

Clerk of court.

I am moving this court for immediate release from pretrail
detention. I am requesting the court to grant my motion, or,
alternatively, hold an emergency hearing on this motion
and allow the parties to appear by phone.

I was granted a Direct appeal in this court of an
excessive bail by Judge Kehoe, of 50,000, corperate bond
Due to circuit court on several occassions violate my
constitutional rights and title 18 3142 (B)). No Judicial
officer shall impose a financial condition that causes
pretrail detention and my 8th Amendment to be free
from excessive bails and cruel or unusal punishment. I am
requesting the court to give me an appeal bond of 5,000
10% unsecured or secured with reasonable conditions, while
we wait the outcome of my appeal in this court.
The Supreme court stated in these words: "The statues of
the united states have been framed upon the theory, that
a person accused of a crime shall not, until he has been
finally adjudged guilty in the court of of last resort, be
absolutely compelled to undergo punishment, but may be
admitted to bail, not only after arrest and before trail, but
after conviction and pending a writ of error". Hudson vs.
Parker, 15 S. CT. 450, 453, 156 U.S. 277, 285 (39 L. Ed. 424).
The court of Appeals is aware that circuit court in talbolt
county, denied to decrease this bail of 50,000. corperate
bond, which is very excessive and i appealed to this court
for relief from the excessive bail and while this court is
waiting for the record of circuit court and schedule me
to be heard by a Judge, I dont want to suffer, this
court is able to grant me an appeal bond while we wait
the pendency of my appeal. I am 27, I am on a full academic
scholarship at howard university, I do have brain cancer
Glioblastomia and covid cases are rising in maryland

**SR 164**

2.)

In Mcknight VS. United States, 113 F. 451, 453, 454, 51 C.C. A. 285,
After his writ of error was allowed and citation was served, he
applied to the trail Judge for bail pending his writ of error, and
that Judge denied his application. Then he applied to the circuit
court of appeals of the sixth circuit and his application was
heard by Judges Lurton, Day, and Severens, who admitted him to
bail. In the course of opinion in that case the court said: '',
Detention pending the writ is only for the purpose of securing the
attendance of the convicted person after the determination of his
proceedings in error. If this can or will be done by requiring bail,
there is no excuse for refusing or denying such relief. This seems
to be the view taken of the thing and policy of the statute of the
united states;'. The 8th Amendment states; Excessive bail small
not be required, nor excessive fines imposed, nor cruel and unusal
Punishments inflicted. The circuit court, Judge Stephen Kehoe Violated
this right and I appealed his decision to this court for a
non excessive bail of 5,000 10% unsecured or secured that will
be co-executed by my family. Myself or my family, including my
Parent (Mother), doesn't have any real estate to be pledge, I am
asking this court to grant me an unsecured bail or a reasonable
Secured bond with reasonable conditions. I have suffered unjustly to
Pretrail detention because of an excessive bail and before my case can
be heard and decided by the appellate court, I will unjustly suffer
for six to eight weeks more, when that is unfair and one-sided.
Iam Just requesting relief and to be given a suitable bail that
isn't excessive. The Coronavirus is rising in the state of Maryland,
Maryland has 1.35 Million covid cases total with current rising numbers
The Jail, including Prisons are unequipped either to prevent transmission
of Covid-19, among detainees and staff or to isolate and treat
ndividuals who become infected. This ongoing Pretrail detention poses
in imminent threat to my life and to the health and safety of the
ommunity from a deadly infectious disease. Under these unique
ircumstances, the court must release me on appropriate conditions, at
east to avoid my constitutional right and the resolution of this outbreak.

3.)

If I could Pay 50,000 corperate bail, I would be immediately released, but the financial condition required for pretrail release, I can't afford. Covid-14 is an imminent threat and people who have control over their bodies are self-isolating to prevent contracting or spreading this deadly disease. In Maryland, there is 1.35 Million covid cases, with current rising cases. In DC, there is 141,000 covid cases, with rising cases, my school (howard university stopped in person clases due to rising cases in dc) In VA, there is 1.7 Million covid cases, with rising cases. As of May 2022 in the DMV Area there is 1225 rising cases and 234 deaths with increases in seven day moving average cases in the United States. Jan 20th 2022; (159,426 new cases), April 4th, 2022 (15,636 new cases), Rochelle Walensky on April 5th 2022, stated there are a handful of conties where data show rising cases and evidence of severe disease. The numbers of people diagnosed reflect only a portion of those infected very few people have been tested, some covid 19 vaccines causes blood clots and many are asymptomatic transmitters, thousands of people are carrying a potential fatal disease that is easily transmitted and few are aware of it. I have cancer and The National Institutes of health, National cancer Institute, also advises that those with cancer are at a higher risk of developing more serious complications from contagious illnesses such as covid-19, cancer treatments such as radiation therapy or chemotherapy can weaken your immune system, including with SARS-CoV-2, the virus that causes covid-19. At, talbott county detention center, along with Prisons in maryland their is a risk of cathing covid-19. Jan, 2022, their was an outbreak of covid-19 and who knows with this rising cases in maryland, there is risk of cathching it again or being exposed to covid-19. (Roni Caryn Rabin, They were infected with the coronavirus. They never showed signs", NYtimes

**SR 166**

4.)

(HTTPS://www.nytimes.com/2020/02/26/health/coronavirus-asymptomatic.html), (A person can carry and transmit covid-19 without showing symptoms, scientist confirm", Business insider" (www.sciencealert.com/reasearchers-confirmed-patients-can-transmit-the-coronavirus-without-showing-symptoms. The current estimated incubation period is between 2 and 14 days. Approximately 20% of people infected experience life-threatning complications, and between 1% and 3.4% die from covid-19. 11.) The virus is thought to spread ~~~~ through respiratory droplets or by touching a surface or object that has the virus on it. Thus, infected people - who may be asymptomatic and not even know they are infected - can spread the disease even through indirect contact with others. 12.) Pres. Biden, The CDC, experts, etc.. urge social distancing" - isolating oneself from other people as much as possible. Social distancing is virtually impossible inside the county jail or even in prisons. 13.) Federally recommended precautions include frequent hand-washing, alcohol based hand sanitizers, and frequent cleaning and disinfecting of any surfaces touched by any person. 14.) It is virtually impossible to engage in these basic preventive measures in the county jail (Talbott County Detention center) or in prisons. 15.) During pandemics, jail facilities become "ticking time bombs" as "many people crowded together, often suffering from diseases that weaken the immune system, from a potential breeding ground and reservoir for diseases. Experts in public health in jails and prisons, explained," The risk posed by covid-19 in jails and prisons is significantly higher than in the community, both in terms of risk of transmission, exposure and harm to individuals infected. This is due to a number of ~~of~~ factors: the close proximity of people in ~~facilities~~ facilities ; the reduce ability to protect yourself through social distancing; the lack of necessary medical and hygiene supplies ranging from hand sanitizer to protectve equipment; ventilation systems that encourage the spread of airborne diseases; difficulties quarantining individuals who become ill; the increased susceptibility of the population in jails and prisons; the fact that jails and prisons normally have to rely on outside hospitals that

5.)

will become unavailable during a pandemic, and loss of both medical and correctional staff to illness. 16.) When coronavirus exploded in china's prisons, there were reports of more than 500 cases quickly spreading across five facilities in three provinces. In, Iran 54,000 prisoners were temporarily released to protect them and to protect the community from propagation of an outbreak. In America, pretrail non violent matters and convicted persons with non violent cases were released as well. 17.) People incarcerated at the jail and people in prison are subjected to dehumanizing conditions that violates human rights and much more. A.) In jail and prisons and this includes talbott county your typically housed in close proximity to others and unable to distance yourself.

B.) spend significant time in communal spaces, such as eating areas, recreation rooms, bathrooms, and cells or holding areas, and your unable to choose to do otherwise

C.) subjected to dehumanizing Live in spaces with open toilets within a few feet of the steel bunk and your unable to access a closed toilet that would not aerosolize bodily fluids into living spaces.

In closing, I would like to be granted an appeal bond of 5,000 10% unsecured or secured until the outcome of my Direct appeal, so that I won't suffer anymore injustice as it is pending the writ of error. I would like the court of appeals to be aware covid 19 is causing an unprecedented public health crisis that underscores the constitutional requirement that pretrail detention be a last resort. In this case, I was ordered released, but because the release is contingent on making an upfront monetary payment that is excessive and violates the 8th Amendment, I am still

(6.)

In the Jail, this ongoing detention is very dangerous and unconstitutional, if released on appeal bond, I will be ~~supervised~~ ~~by~~ ~~them~~ by my family and in my own apartment in maryland and will attend all proceedings. I am requesting this emergency motion be granted, or, alternatively, hold an emergency hearing on this motion and allow us to appear by zoom or by phone.

RESPECTFULLY submitted,
Jerez Coleman



**CIRCUIT COURT FOR** Talbot County

☑ **MARYLAND**

Located at 11 N. Washington Street

City/County

Court Address

Case No. C-20-CR-19-00034

related Case NO:

CSA-ALA-450-2022

**STATE OF MARYLAND**

**OR**

Jerez coleman
_____
Appellant/Applicant

1643 Fort Davis Pl SE
_____
Address

washington, DC
_____
City, State, Zip          Telephone

JereZColeman@me.com
_____
E-mail

vs.    JOSEPH Cole
_____
Appellee/Respondent

20th N. west street
_____
Address

Easton, MD
_____
City, State, Zip          Telephone

_____
E-mail

## APPLICATION FOR LEAVE TO APPEAL
### (Md. Rule 8-204)

Jerez coleman
_____, applies for leave to appeal from the judgment or order
Appellant's /Applicant's name

entered in this case on 5/20/22
_____
Date

### ALLEGATIONS OF ERROR

Give a brief but complete statement of the reasons why the judgment or order should be reversed or modified *and specify the errors that you claim the circuit court committed. Include facts to support your claims(s).*

On 5/20/22, this court engaged in Direct retaliation and coercion, against me. I never authorized or requested a trial by jury, nor do I want the Public Defender office representing me due to a conflict of interest and other →

include additional pages if needed

5/25/2022
_____
Date

Jerez coleman
_____
Signature of Appealing Party/Attorney     Attorney Number

Jerez coleman
_____
Printed Name

Jerez coleman@me.com
_____
E-mail

_____
Address

_____
City, State, Zip

_____
Telephone          Fax

TALBOT CIRCUIT COURT
2022 MAY 31 PM 2:03

### CERTIFICATE OF SERVICE

I certify that I served a copy of this document upon the following party or parties by ☑ electronic filing ☐ hand delivery ☑ mailing first-class mail, postage prepaid on 5/25/22 to:

Date

☑ Attorney General of Maryland
Criminal Appeals Division, 200 St. Paul Place
Baltimore MD 21202          **or**

JOSEPh cole
_____
Name

~~scribbled out~~
_____
Name

5/25/2022
_____
Date

20 N. west street
_____
Address

Easton MD
_____
City, State, Zip

~~scribbled out~~
_____
Address

~~scribbled out~~
_____
City, State, Zip

~~signature~~
_____
Signature of Party Serving

**CC-098** (Rev. 07/2021)

~~Emergency Notice of Appeal/
Application For leave to Appeal
Jerez Coleman~~

Clerk of Court:

I, Jerez Coleman, is moving to appeal a decision by circuit court in Talbot County, MD. on 5/20/22, when this court was made aware of my existing appeal in this court, I was threatned and coerced by ~~this~~ the circuit court; I went to a status conference as I am consulting ~~accused~~ with a private attorney that my family is securing on my behalf. The judge, stated that if I dont ~~answer~~ his questions, I will go to trail. I wanted a trail by judge, but the parties in this matter has engaged in retailation, coercion and extreme bias toward me, along with violating my ~~own~~ constitutional rights, the following is listed below.

1.) Keisha Petticolas, who is a Public Defender in Easton, MD (who I have requested multiple times to Christine DuFor, her supervisor and ~~this court~~ the circuit court to have her removed due to me seeking a private lawyer and a pending lawsuit I have against her). My 6th Amend. ~~own~~ right to effective Assistance of counsel was violated along with title 19 300QA (Aquate representation of Defendants was violated). It is my right to defend myself properly. Ms. Keisha Petticolas, has refused to adhere to my case, as she stated to my mom, she can't attend to this case due to her jury trails, she also told me to "shut up", as I was talking to explain my cancer and health situation. In order to contact a lawyer, they must be emailed, they don't accept collect calls, or ~~help~~ me prepare a defense in which I must have ~~acess~~ access to obtain evidence; witnesses and much more. I do feel this bias comes from the fact, that I have a pending lawsuit against her. I dont want them representing me and I do fear for my life and safety due to the retaliation and

the case NO is GLR-22CV1018 and the case Administrator
is Brian Aims, 410-962-3887. I also never consented to a
jury trial as I wanted a Bench trial. MS. Petticolas has done
unconstitutional things behind my back - title 21 822(G) Abuse of Position of Trust
2) Judge Kehoe gave me an excessive bail of 50,000
corporate or cash 100%, this violates Maryland Rule 4-216.1,
my 8th Amendment right against excessive bail, title 18 3142(B)
2). On March 11th, without knowing or giving clarity made my
bail, 50,000 100% corporate or cash, my family, along with
letters that is attached, but was denied, I told the cart
my family doesn't have any real estate that can be pledged
(5,000, my family would be able to secure an unsecured bond
or a 1,000, 2,000, 3,000 10% bond with reasonable conditions.
am not a flight risk, I do have a full time job and
an academic scholarship at howard university. The cart, when I
was released didn't inform me of when my next cart date was
the public defender at that time, due to retaliation of my
lawsuit pending which is unfair and unjust. on october 11th,
016, the Maryland Attorney General issued an advice letter
pining to certain members of the maryland General Assembly
hat rule 4-216.1 as it was being applied, violated both
he Due process rights of defendants and constitutional prohibition
gainst excessive bail. Title 18 3142(B)(2), States no judicial
fficer shall impose a financial condition that causes
etrial detention to the acussed. This Judge and the cart
ailed to know what I could pay, denied my request stating
hat I could pay. The criminal justice section standards of
etrial release in standard 10-1.1,'' The law favors the release
: defendants pending adjudication of charges. In standard 10-1.4
ditions of release in paragraph "c" states,'' when financial
nditions are imposed, the cart should first consider releasing
re defendant on an unsecured bond. If unsecured bond is not
zemed a sufficient condition of release, bail should be set
t the lowest level necessary. The attorney general also identified

SR 172

collateral harm from excessive cash bail. In closing
on 5/20/22, the Judge threatened me and stated
"If I don't answer his questions, he would take me
to trail. In another court proceeding, he stated on record
"I am being biased against because I was charged
with a crime", he also stated that, he doesn't
trust me with an unsecured bond. The actions of
Judge Kehoe, Keisha Petticolas and Joseph Cole, are
being interpreted as retaliation and bias. The code
of conduct for United States Judges, Canon 3A(3) cmt.
(The duty to be respectful includes the responsibility
to avoid comment or behavior that could ~~actions~~
~~incriminate~~ reasonably be interpreted as harassment
prejudice or bias). The Maryland commission on Judicial
Disabilities, stated a Judge's behavior that may
constitute sanctionable conduct," hearing a case in which
the Judge has a personal interest in the outcome. The
revisions to rule 4-216.1 arose from concerns, and evidence,
that low-income defendants were being incarcerated pending
trail merely because they could not afford financial conditions
for release. Although the new rule did not eliminate cash
or bond bail as some had advocated, the revised rule
4-216.1, specifically prioritizes release over detention,
release on own recognizance over release with conditions,
and non-financial conditions over financial conditions.
Even more to the point, the rule requires Judicial officers
to consider each defendants individual circumstances when
setting conditions for release and specifically to consider
"the ability of the defendant to meet a special condition
of release with financial terms" Id. (b)(2). Financial
conditions remain available, but any financial condition
Set cannot cause what amounts to pretrial detention simply
because the defendant cannot afford to pay the bail
set by the court. This court, didn't adhere to upholding

my constitutional rights or Rule 4-216(e), I am 27, I am a young man of color, I have a full time Job, in which I haven't been to work since March 11th 2022 due to this matter. If the bail is ordered decreased unsecured or secured 10% 1,000, 2,000, 3,000 with reasonable conditions, Rules 4-216.1 (C)(1) and Rules 4-216 required the court to determine my ability to pay and set bail at a level I could achieve. The court failed to do this. In closing, I am requesting a Bench trail, An unsecured or secured reasonable bail with reasonable conditions, and removal of the Public Defender office, as I have and my family will be consulting with Private counsel. I mentioned the bail as reference to be added to my existing appeal.

Respectfully submitted

Jerez Coleman

MARYLAND **CIRCUIT COURT FOR** Talbert County , **MARYLAND**

Located at 11 N. Washington street    Case No. C-20-CR-19-000314

City/County

Court Address

Joseph Cole                          vs.    Jerez coleman

Plaintiff                                    Defendant

20 N. West Street                           1643 Fort Davis Pl SE

Address                                      Address

Easton, MD                                   Washington, DC

City, State, Zip        Telephone            City, State, Zip        Telephone

## CERTIFICATE OF SERVICE

I certify that on this 25th day of May 2022, a copy of the

Month    Year

document(s) titled Application For leave to Appeal, Removal of

Public Defender, Notice of Bench trail request

Title(s) of document(s)

was/were ☒ mailed, postage prepaid ☐ hand delivered, to:

Joseph Cole                                 20 N. Washington Street

~~Jerez coleman~~                           Address

Name                                        Easton, MD

Brian Frosh                                 City, State, Zip

200 St. Paul Street

Name                                        Address

Baltimore, MD 21202

5/25/22                                     City, State, Zip

Date                                        Signature of Party Serving

**CC-DR-058** (Rev. 06/2019)

**SR 175**

Notice of Motion For Bench trail and
Removal of Public Defender office

Case No: C-20-CR-19-000
314) related case No:
CSA-ALA-450-2022    5/25/22

Jerez coleman

clerk of court,

I, Jerez coleman, I am requesting a Bench
trail, I never authorized or said, I wanted
a trail by Jury. I also made the court aware that
I am consulting and getting Private cansel, there is
some retaliation and I can't have my 6th Amend
right violated, Plus their is a pending lawsuit
on Keisha Petticolas and the parties involved. The
case Admin is Brian Aims, he can be reached at
410-962-3887 with case No: GLR-22CV1018. I
want a Bench trail with the Public Defender office
removed. I never said on record or to anyone about
a trail by Jury. I wanted a Bench trail. I fully
submit this.

Respectfully submitted
Jerez coleman

TALBOT CIRCUIT COURT
2022 MAY 31 PM 2:06

|  |  |  |
|---|---|---|
| | * | |
| JEREZ STONE-COLEMAN, | | IN THE |
| | * | COURT OF SPECIAL APPEALS |
| Applicant | | OF MARYLAND |
| | * | |
| v. | | No. 450, September Term, 2022 |
| | * | |
| STATE OF MARYLAND, | | MDEC: CSA-ALA-0450-2022 |
| | * | |
| Respondent | | (Cir. Ct. No. C-20-CR-19-000314) |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ORDER

The applicant has filed a "Notice of Emergency Motion to obtain the record from circuit court and for reduced bail," a "Notice of Emergency Petition for Appeal bond pending Writ of Error," and a "Notice of Motion Constitutional Brief (Emergency Motion)."

Accordingly, upon consideration of the foregoing, it is this  28ᵗʰ  day of June 2022, by the Court of Special Appeals,

ORDERED that the "Emergency Motion to obtain the record" and the "Emergency Petition for Appeal bond" are denied; and it is further

ORDERED that the "Motion Constitutional Brief" shall be treated as a supplement to the application for leave to appeal.

(CHIEF JUDGE'S SIGNATURE
APPEARS ON ORIGINAL ORDER)
Gregory Wells, Chief Judge

Circuit Court for Talbot County
Case No. C-20-CR-19-000314

UNREPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 450

September Term, 2022

---

HABEAS/MISCELLANEOUS

---

JEREZ STONE-COLEMAN

v.

STATE OF MARYLAND

---

Wells, C.J.,
Nazarian,
Harrell, Glenn T., Jr.
  (Senior Judge, Specially Assigned),

JJ.

---

PER CURIAM

---

Filed: June 30, 2022

Having read and considered the application of Jerez Stone-Coleman for leave to appeal from the denial of his pro se motion for bond review, and the supplements filed in this Court, the application is hereby denied.

**APPLICATION FOR LEAVE TO APPEAL DENIED.**

**ANY COSTS TO BE PAID BY APPLICANT.**

Received

JUL 1 3 2022

Suzanne C. Johnson, Clerk
Court of Appeals
of Maryland

Filed

JUL 1 1 2022

Suzanne C. Johnson, Clerk
Court of Appeals
of Maryland

7/5/22

Jerez Coleman
Clerk of cart,

I am requesting the supreme cart to review my case for constitutional violations and the cart of appeals, denying my application to leave to appeal, when it was regarding bail and the bail in the case was excessive. the case no is CSA-ALA-450-2022, Panal Judges Wells, CJ, Nazarian, Harrell, Glenn T., Jr., senior Judge, specially Assigned), JJ. please be advised, I do have a direct appeal in the cart of appeals and I didn't know if that was the reason, but my 8th Amendment is to be free from excessive bails and fines. I am respectfully requesting this to be sent up to the supreme cart for review of No. 450, sept term. ~~[struck through text]~~

Respectfully submitted,
Jerez Coleman

Notice of Appeal

Received JUL 1 3 2022
Suzanne C. Johnson, Clerk
Court of Appeals
of Maryland

Filed JUL 1 1 2022
Suzanne C. Johnson, Clerk
Court of Appeals
of Maryland

Case No:
CSA-ALA-0450-202
15/22

Jerez Coleman

Clerk of cart;

I, Jerez Coleman, is respectfully Appealing case No: CSA-ALA-0450-2022 from the cart of Appeals decision on June 30th, 2022. The case is from an excessive bail from talbott county circuit cart with case No: C-20-CR-19-000314, the bail amant was 50,000 100% cash or corperate. My constitutional question was whether talbott county circuit cart violated my 8th Amendment right against excessive bail and 7.) Whether the united states constitution, the maryland declaration of rights and other Federal and state law require that a Judicial officer avoid ordering money bail, or other financial conditions of Pretrail release, clearly exceeding a defendants ability to pay.

1) On March 11th in Front of Judge Kehoe and March 18th in Front of Judge campen, both Judges issued me a 50,000 corperate bond 100% cash or corperate and Judge campen refused to decrease the bail, the eighth Amendment clearly states "Excessive bail shall not be required", myself or family doesn't have any real estate that can be pledged or the fact, my family can't afford 50,000 dollars in bail money. The supreme cart has expressly stated that the Eighth Amendment requires that a Judicial officer consider the financial ability of the defendant to give bail when deciding the financial terms of release. Stack V. Boyle, 342 U.S. 1 (1951). The cart in that case confirmed that the Purpose of bail is assuring the defendants Presence at trail and thus", bail set at a figure higher than the amant reasonably calculate to fulfill this purpose is excessive under the Eighth Amendment." Id at 5. On october 14th, 2016, the

Maryland office of the attorney general issued an advice
letter opining to certain members of the maryland general
assembly that rule 4-216, as it was being applied, violated
both the due process rights of defendants and the constitutional
prohibition against excessive bail. The letter contended that it
was unconstitutional for judicial officers to impose a financial
condition solely to detain the defendant, which was done in this
case. Circuit court in talbot county gave me an excessive bail
without inquiring what I can pay and the 50,000 bail is
unaffordable to me and my family. When circuit court released
me on financial conditions, the rules required it to consider the
ability of me to meet the condition of release with financial
terms and impose on me the least onerous condition or
combination of conditions of release that would reasonably ensure
my appearance and the safety of the community. Md Rule 4-216.1
(B)(2-3). When determing the appropriate amount of bail, the rule
required the court to consider the resources available to me from
any lawful source and prohibited it from imposing a special condition
of release with financial terms in form or amount that results
in pretrail detention of me, solely because Iam financially incapable
of meeting that condition". Md. Rule 4-216.1 (e)(1)(A). Before
considering financial conditions, the court had to find they
were the only conditions that could ensure my appearance, and
then Rules 4-216 and 4-216.1 (c)(1) required the court to
determine my ability to pay and set bail at a level I could
achieve. Talbot county circuit court failed to do this, I asked the
court of appeals to reverse the excessive bail with a decreased bail
or order a bail review consistent with the revised rules, along
with proper effective cansel, with a bench trail. In salerno, 481
U.S at 754, along with similar lines, it is possible that
the court of appeals would find bail to be excessive where
the judicial officer, applying the considerations required by
current state law, fand release was appropriate, and yet set
bail at an amount the defendant clearly can't pay. clearly in

this case bail is excessive and this whole matter
has been one-sided from the ineffective counsel to the
excessive bail and me feeling coerced and threatened
by the Judicial officers in this case, my constitution
rights have been violated. Finally, imposing a bail
amount that keeps a defendant in Pretrail detention
because that individual is Poor and cannot afford
bail, also raises equal Protection concerns. The following
Passage is from Justice Douglas' opinion in Bandy v.
United States, sitting as a circuit Judge, is frequently
Quoted on this Point: Can an indigent be denied
Freedom, where a wealthy man would not, because he
does not happen to have enough Property to pledge
for his freedom? It would be unconstitutional to
fix excessive bail to assure that a defendant will
not gain his freedom. Yet in the case of an indigent
the fixing of bail in even a modest amount may
have the Practical effect of denying him release. Bandy,
v. U.S, 81 S. Ct. 197, 198 (1960) (Douglas, J, as circuit
Justice). "Rules under which Personal liberty is to
be deprived are limited by the constitutional guarantee
of all, be they moneyed or indigent, befriended or
friendless, employed or unemployed, resident or
transient, of good reputation or bad". Pugh, 572
F. 2d at 1057, see also Hairston v. U.S, 343 F. 2d 313,
316-17 (D.C. Cir. 1965) (Bazelon, C.J., dissenting) (
Setting high bail to deny release discriminates
between the dangerous rich and the dangerous Poor)
As a result, setting the bail in an amount not
affordable to the defendant, thus effectively denying
release, raises a significant risk that the court of
Appeals and Supreme court would find it violates
due Process, yet in this case bail is set out of
reach financially for me, I believe the court would

declare bail is excessive under the eighth Amendment
and Article 25 of the Maryland Declaration of Rights.

2) In a long line of cases beginning with Griffin V. Illinois,
351 U.S 12 (1956), the Supreme court has held that denying
equal access to justice — including and especially through
incarceration — without consideration of ability to pay and
possible alternatives to achieve a legitimate government
interest, violates the Fourteenth Amendment. Defendants are
presumed innocent. Under Bearden and other cases in Griffin's
Progeny, a bail scheme that imposes financial conditions,
without individualized consideration of ability to pay and whether
such conditions are necessary to assure appearance at trail
violates the Fourteenth Amendment. Thus, as the former
fifth circuit acknowledged, while the use of fixed bail
schedules may provide a convenient way to administer pretrail
release, incarcerating those who cannot afford to pay the
bail amounts, without meaningful consideration of alternatives,
infringes on equal protection and due process requirements.
See Pugh V. Rainwater, 572 F. 2d 1053, 1057 (5th cir. 1978)
(en banc). In addition to violating the Fourteenth
Amendment, such bail systems result in the unnecessary
incarceration of people and impede the fair administratia
of justice for indigent arrestees. Thus, they are not only
unconstitutional, but they also constitute bad public policy.

                    Respectfully submitted,
                    Jerez Coleman

E-FILED
Court of Special Appeals
Gregory Hilton
6/30/2022 9:53 AM

Circuit Court for Talbot County
Case No. C-20-CR-19-000314

UNREPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 450

September Term, 2022

HABEAS/MISCELLANEOUS

JEREZ STONE-COLEMAN

v.

STATE OF MARYLAND

Wells, C.J.,
Nazarian,
Harrell, Glenn T., Jr.
 (Senior Judge, Specially Assigned),

JJ.

PER CURIAM

Filed: June 30, 2022

Having read and considered the application of Jerez Stone-Coleman for leave to appeal from the denial of his pro se motion for bond review, and the supplements filed in this Court, the application is hereby denied.

**APPLICATION FOR LEAVE TO APPEAL DENIED.**

**ANY COSTS TO BE PAID BY APPLICANT.**

# IN THE COURT OF SPECIAL APPEALS

## No. 0685, September Term, 2022

_Jerez Coleman_ **v. STATE OF MARYLAND**

      **Appellant**                       **Appellee**

### INFORMAL BRIEF OF THE APPELLANT
**Please refer to the Guidelines for Informal Briefs provided
with this form for instructions on how to fill out this form.**

1. A.    Identify the dates of each order, judgment, or decision from which you are appealing. _3/11/22 ( Bail Review) 3/18/22 ( Bail review)_
_4/15/22 (court hearing), 5/20/22 (court hearing_

    B.    What is the date you filed your notice of appeal? _5/20/22_

2. **Issues that you would like the Court of Special Appeals to review.** Either in the following space or on additional pages attached to this informal brief (no more than 15 pages), identify the issues that you would like the Court of Special Appeals to consider, identify the facts relating to those issues, and identify your argument in support of the resolution of those issues. When referencing facts, identify where the facts can be located in the record (in other words, exhibits, transcripts, pleadings, orders, decisions, etc.). You may cite case law, statutes, or other authorities, but you are not required to do so. You may attach any relevant documents from the record.

_Brief was mailed
out on 7/4/22 -_

**Issue 1.**

8th Amendment right was violated, 14th Amendment Equal Protection violation along with Article 25 of the Maryland Declaration of Rights.

**Supporting Facts and Argument:**

On July 4th, 2022 with exhibits attached, I mailed Arguments to support my bail arguments, then on 7/5/22 at 3:33pm I obtained mail from this court. I will state my claims, once again. Bail in this matter is excessive under the 8th Amendment of the U.S constitution and Article 25 of the Maryland Declaration of rights. (see Attached) (Each violation is discussed in turn)

**Issue 2.**

Ineffective Assistance of counsel, violation of my 6th Amendment right, title 18.3006A and Maryland Attorney Rules of Professional conduct

**Supporting Facts and Argument:**

The attorney in the matter, violated my 6th Amendment right and violating the Maryland Attorneys rules of Professional conduct (MARPC Rules) (19-301.1)(competence), 19-301.2 (scope of representation), (19-301.3)(Diligence), and 19-301.4(communication). Each violation is discussed in turn). See Attached.

Issue 3.

_____

_____

    **Supporting Facts and Argument:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

3. **Relief Requested.** Identify the action you would like the Court of Special Appeals to take (reverse the judgment, vacate the judgment, remand the case to the circuit court, etc.):

I would like an order to reverse my excessive bail with a decreased bail, along with a bail review consistent with the revised rules and proper effective cansel with a Bench trail.

4. **Related Cases or Appeals.** Identify all prior appeals from this circuit court case or any related case. Provide the case name, case number, and the outcome of the appeal.

CSA - ALA - 0450 - 2022, No opinion was given, It was denied, this was about excessive bail and ~~release upon~~ upholding, my 8th Amendment. I appealed this decision.

Signature

Type your name and address here:
Jerez Coleman
115. west Dover street
Easton, MD 21601

## CERTIFICATE OF SERVICE

I certify that on _7/5/22_ (date) I served a complete copy of this Informal Brief on all parties by mailing it to the address shown below: Clerk of court court of appeals 321 Rowe Blvd Annapolis, MD 21401

_____
Signature

**Please note:** *If the Certificate of Service is not completed, this filing will not be accepted. If you do not serve the other party or parties in this case, this filing may be stricken and the appeal dismissed.*

## IF YOU ARE AN INMATE IN A CORRECTIONAL FACILITY FILL OUT THIS CERTIFICATE

### CERTIFICATE OF FILING (Md. Rule 1-322)

I, _Jerez coleman_ (name), certify that (1) I am involuntarily confined in _Talbolt county Detention center_ (name of facility); I have no direct access to the U.S. Postal Service or to a permitted means of electronically filing the attached pleading or paper; (3) on _7/5/22_ (date) at approximately _3pm_ (time) I personally [✓] deposited the attached pleading or paper for mailing in a receptacle designated by the facility for outgoing mail or [ ] delivered it to an employee of the facility authorized by the facility to collect outgoing mail; and (4) the item was in mailable form and had the correct postage on it.

I solemnly affirm this _5_ day of _July_ 20 _22_, under the penalty of perjury and upon personal knowledge that the foregoing statements are true.

_____
Signature

SR 191

## CERTIFICATE OF SERVICE

I certify that on _7/5/22_ (date) I served a complete copy of this Informal Brief on all parties by mailing it to:

Office of the Attorney General
Criminal Appeals Division
200 St. Paul Place
Baltimore, MD 21012

_Jerez Coleman_
Signature

***Please note:*** *If the Certificate of Service is not completed, this filing will not be accepted. If you do not serve the other party or parties in this case, this filing may be stricken and the appeal dismissed.*

## IF YOU ARE AN INMATE IN A CORRECTIONAL FACILITY FILL OUT THIS CERTIFICATE

### CERTIFICATE OF FILING (Md. Rule 1-322)

I, _Jerez Coleman_ (name), certify that (1) I am involuntarily confined in _albart County Detention Center_ (name of facility); I have no direct access to the U.S. Postal Service or to a permitted means of electronically filing the attached pleading or paper; (3) on _7/5/22_ (date) at approximately _3pm_ (time) I personally [✓] deposited the attached pleading or paper for mailing in a receptacle designated by the facility for outgoing mail or [ ] delivered it to an employee of the facility authorized by the facility to collect outgoing mail; and (4) the item was in mailable form and had the correct postage on it.

I solemnly affirm this _5_ day of _July_ 20 _22_, under the penalty of perjury and upon personal knowledge that the foregoing statements are true.

_Jerez Coleman_
Signature

SR 192

# IN THE COURT OF SPECIAL APPEALS

## No. 0685, September Term, 2022

_____ v. _____
       **Appellant**              **Appellee**

## INFORMAL BRIEF OF THE APPELLEE
**Please refer to the Guidelines for Informal Briefs provided
with this form for instructions on how to fill out this form.**

1. **Respond to the issue or issues raised by the appellant.** Either in the following
   space or on additional pages attached to this informal brief (no more than 15 pages
   total), respond to the issues raised by the appellant, identify the facts relating to
   those issues, and identify your argument in support of the resolution of those
   issues. When referencing facts, identify where the facts can be located in the
   record (in other words, exhibits, transcripts, pleadings, orders, decisions, etc.).
   You may cite case law, statutes, or other authorities, but you are not required to do
   so. You may attach any relevant documents from the record.

(SEE NEXT PAGE)

**Issue 1.**

_____

_____

    **Supporting Facts and Argument:**

_____

_____

_____

_____

_____

_____

_____

_____

**Issue 2.**

_____

_____

    **Supporting Facts and Argument:**

_____

_____

_____

_____

_____

_____

_____

**Issue 3.**

_____

_____

**Supporting Facts and Argument:**

_____

_____

_____

_____

_____

_____

_____

2. **Relief Requested.** Identify the action you would like the Court of Special Appeals to take (reverse the judgment, vacate the judgment, remand the case to the circuit court, etc.):

_____   _____

_____

_____

_____

_____

3. **Related Cases or Appeals.** Identify all prior appeals from this circuit court case or any related case. Provide the case name, case number, and the outcome of the appeal.

_____

_____

_____

_____

_____

_____

_____
Signature
Type your name and address here.

_____

_____

_____

IN THE COURT OF SPECIAL APPEALS OF MARYLAND

| | | |
|---|---|---|
| Jerez Stone-Coleman, | * | |
| Applicant | * | No. 0450, September Term 2022 |
| v. | * | CSA-ALA-0450-2022 |
| | * | Circuit Court No. C-20-CR-19-000314 |
| State of Maryland, | * | |
| Respondent | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MANDATE**

JUDGMENT: June 30, 2022: Application for leave to appeal denied. Any costs to be paid by applicant.
Per Curiam filed.

*STATE OF MARYLAND, Sct.:*
I do hereby certify that the foregoing is truly taken from the records and proceedings of the said Court of Special Appeals. In testimony whereof, I have hereunto set my hand as Clerk and affixed the seal of the Court of Special Appeals, this 1st day of August, 2022.

Gregory Hilton, Clerk
Court of Special Appeals

Notice of petition of
constitutional question/bail
reduction.

Case No:
C-20-CR-14-000314

Jerez coleman                                    7/12/22

Clerk, of court,

I, respectfully placing this motion in on my
own behalf due to the ineffective cansel in this
matter.

i.) The 14th Amendment Prohibits Incarcerating Individuals

DENIED.
The
Defendant
stated that
he can pay
$5,000 and
bond is set
at $50,000
with
permission
to post a
corporate
bond.

09/12/2022 5:56:36 PM

Without meaningful consideration of indigence and
Alternative methods of Achieving a legitimate government
interest. A bail Practice violates the farteenth
Amendment if, without consideration of ability to pay
and alternative methods of assuring appearance at
trail it results in the Pretrail Detention of indigent
Defendants.

The Supreme cart has long held that "There can
be no equal Justice where the kind of trail a
man gets depends on the amant of money he has.
Griffin v. Illinois, 351 U.S. 12, 19 (1956) (Pluarality
opinion). accord Smith v. Bennett, 365 U.S 708, 710,
(1961). "To imprison an indigent when in the same
circumstances an individual of financial means would
remain free constitutes a denial of equal Protection
of the laws". Barnett v. Hopper, 548 F.2d 550, 554 (
5th cir. 1977), vacated as moot, 439 U.S 1041 (1978).
under the clear Precedent of this circuit, "Imprisonment
Solely because of indigent status is invidious discrimina-
tion and not constitutionally Permissible". Pugh v.
Rainwater, 572 F.2d 1053, 1056 (5th cir. 1978) (en banc)
The eleventh circuit has adopted as Precedent all

decisions of the former fifth circuit rendered prior to october 1, 1981. ~~See~~ Bonner V. City of Prichard, 661 F.2d 1206, 1207 (11th cir. 1981) (en banc). on October 11th, 2016, the maryland office of the Attorney General issued an advice letter (which a true copy is attached), opining to certain members of the maryland General Assembly that Rule 4-216, as it was being applied, violated both the due process rights of defendants and the constitutional prohibition against excessive bail, that is ~~protected~~ Protected by the 8th Amendment. The letter contended that it was unconstitutional for judicial officers to impose a financial condition set solely to detain the defendant. Although Bearden and other cases in Griffin's progency have arisen in the sentencing and post conviction contexts, their holdings apply with equal, if not greater force in the bail context. Indeed, defendants who have not been found guilty have an especially "strong interest in liberty". united States V. Salerno, 481 U.S. 739, 750, 755 (1987). Because of that liberty interest, Pretrail release should be the norm and Pretrail detention the carefully limited exception. Ibid. In Tate V. Short, 401 u.s. 395, 398 (1971), the court held that incarcerating an indigent individual convicted of fines-only offenses to satisfy his outstanding fines constituted unconstitutional discrimination because it subjected him to imprisonment solely because of

his indigency." Id. at 397-398. The cart explained that the scheme in tate suffered from the same constitutional defect as that in Williams, and again emphasized that there "other alternatives to which the state may constitutionally resort to serve it's concededly valid interest in enforcing payment of fines". Id. at 399, see also Barnett v. Hopper, 548 F.2d 550, 554 (5th Cir. 1977) (relying on Williams and tate to hold that "to imprison an indigent when in the same circumstances an individual of financial means would remain free constitutes a denial of equal protection of the laws), vacated as moot, 439 U.S. 1041 (1978). In Bearden v. Georgia, 461 U.S. 660 (1983), the cart held that the 14th Amendment prohibits a state from revoking an indigent defendants probation for failure to pay a fine and restitution without determining that the defendant had not made sufficient bona fide efforts to pay or that adequate alternative forms of punishment did not exist. Id. at 661-662. Such treatment of indigent defendants would amount to little more than punishing a person for his poverty". Id. at 662. This cart failed to seek alternative methods of release and the attorney general formally requested the cart of Appeals standing committee on rules of practice and procedure to investigate the concerns it expressed in it's letter and consider amendments to the maryland

rules. As the former fifth circuit recognized in an en banc decision, while utilization of a master bond schedule provides speedy and convenient release for those who have no difficulty in meeting its requirements", the "incarceration of those who cannot, without meaningful consideration of other possible alternatives, infringes on both due process and equal protection requirements" (Pugh vs. rainwater, 572 F.2d 1053, 1057 (5th cir. 1978 (en banc). Decisions of the former fifth circuit ~~rendered~~ rendered before october 1, 1981, serve as binding precedent of the Eleventh circuit. See Bonner v. city of Prichard, 661 F.2d 1206, 1207 (11th cir. 1981) (en banc). The attorney general stated "Examples of effective pretrial supervision strategies for lower risk defendants ~~include~~ include court notifications through telephone calls, emails, text messages, early and meaningful response to defendant misconduct, regular reporting, drug testing, GPS electronic monitoring and treatment referrals. This court didn't seek my ability to pay this excessive bail, nor seek alternatives, whether that be an unsecured bond or a reasonable bond, like I stated before myself and family can pay 1,000, 2,000, 3,000, 4,000, 5,000, 6,000 10% secured or unsecured with reasonable conditions as outlined in the Attorney Generals letter (that is attached). Although the court in Pugh found moot Plaintiffs claim challenging the use

of monetary bail to incarcerate defendants pretrial without meaningful consideration of alternatives, it acknowledged that imprisonment solely because of indigent status is invidious discrimination and not constitutionally permissible". Id at 1056 (citing Williams, supra; Tate, supra). See also Varden, supra, at 2 (concluding that the fourteenth Amendment prohibits punishing a person for his poverty and ~~includes~~ includes deprivations of liberty based on the inability to pay fixed-sum bail amounts"- a principle that applies with special force to pretrail defendants. In, this case I have had multiple constitutionally rights violated, along with being afforded ineffective counsel, Bail systems that keep indigent Defendants in Jail solely because they can't pay bail results in unnecessary pretrail detention and impede the fair administration of Justice. The repercussions of unnecessary pretrail detention that disproportionately affect indigent individuals can reverberate, in other parts of the criminal Justice Process and impede the fair administration of Justice. The Traditional to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Pugh, 572 F.2d at 1056 - 1057 (en banc) (citing Hudson V. Parker, 156 U.S. 277, 285 (1895). But ~~incarceration~~ incarceration could hinder a defendants ability

to gather evidence, contact witnesses, or otherwise prepare his defense". Barker v. Wingo, 407 U.S 514, 533 (1972). The court did not apply the revised Maryland Rules correctly. The revisions to Rule 4-216.1 arose from concerns, and evidence, that low-income defendants were being incarcerated pending trail merely because they could not afford financial conditions for release. Although the new rule did not eliminate cash or bond bail as some had advocated, the revised Rule 4-216.1 specifically prioritizes release over detention, release on own recognizance over release with conditions, and non-financial conditions over financial conditions. Even more to the point, the rule requires judicial officers to consider each defendants individual circumstances when setting conditions for release, and specifically to consider the ability of the defendant to meet a special condition of release with financial terms Id. (b) (2). financial conditions remain available but any financial condition set cannot cause what amounts to pretrail detention simply because the defendant cannot afford to pay the bail amount set by the court. Before considering financial conditions, the court had to find they were the only conditions that could ensure my appearance for trial, and then rules 4-216 and 4-216.1 (c) (1) required the court to determine my ability to pay and set bail at a level

I could achieve. Even when financial conditions are used appropriately — circumstances that should be a rare exception under the new rules, not the norm — those conditions must reflect the defendants individual financial circumstances and must be set at a level that will permit me an opportunity to achieve my release. Financial conditions designed to thwart or eliminate the possibility of release violate the letter of the applicable rules and the principles underlying them. I am requesting either a reduced bail with reasonable conditions set within the attorney generals letter or an unsecured bond with reasonable conditions with pretrail services and effective representation.

Respectfully submitted,

Jerez Coleman

*Exhibit 1*
*Supported*
*Evidence /*
*Bail Argument*

BRIAN E. FROSH
ATTORNEY GENERAL

ELIZABETH F. HARRIS
CHIEF DEPUTY ATTORNEY GENERAL

THIRUVENDRAN VIGNARAJAH
DEPUTY ATTORNEY GENERAL

SANDRA BENSON BRANTLEY
COUNSEL TO THE GENERAL ASSEMBLY

KATHRYN M. ROWE
DEPUTY COUNSEL

JEREMY M. McCOY
ASSISTANT ATTORNEY GENERAL

DAVID W. STAMPER
ASSISTANT ATTORNEY GENERAL

## THE ATTORNEY GENERAL OF MARYLAND

OFFICE OF COUNSEL TO THE GENERAL ASSEMBLY

October 11, 2016

The Honorable Erek L. Barron
Maryland General Assembly
216 House Office Building
Annapolis, Maryland 21401

The Honorable Kathleen M. Dumais
Maryland General Assembly
Vice Chair, House Judiciary Committee
101 House Office Building
Annapolis, Maryland 21401

The Honorable Shelly Hettleman
Maryland General Assembly
311 House Office Building
Annapolis, Maryland 21401

The Honorable Marc Korman
Maryland General Assembly
210 House Office Building
Baltimore, Maryland 21207

The Honorable Brooke E. Lierman
Maryland General Assembly
311 House Office Building
Annapolis, Maryland 21401

Dear Delegates:

You have asked for advice about Maryland's system of pretrial detention. Specifically, you asked:

I. Whether the United States Constitution, the Maryland Declaration of Rights, and/or other applicable federal and state law and regulations require that a judicial officer conduct an individualized inquiry regarding a criminal defendant's financial resources prior to ordering money bail or other financial condition of pretrial release.

II. Whether the United States Constitution, the Maryland Declaration of Rights, and/or other applicable federal and state law and regulations require that a judicial officer avoid ordering money bail, or other financial condition of pretrial release, clearly exceeding a criminal defendant's ability to pay.

*Short answer*

It is my view that the Court of Appeals would conclude that the State's statutory law and court rules should be applied to require a judicial officer to conduct an individualized inquiry into a criminal defendant's ability to pay a financial condition of pretrial release. Although it is less clear that defendants have a constitutional right to an individualized inquiry, constitutional considerations provide further support to the requirement of an individualized inquiry. It is also my view that, while imposing a financial condition is allowed under current State law and is not unconstitutional in and of itself, the Court of Appeals would likely hold that, in the event a judicial officer determines that pretrial detention is not justified to meet the State's regulatory goals, a

104 LEGISLATIVE SERVICES BUILDING · 90 STATE CIRCLE · ANNAPOLIS, MARYLAND 21401-1991
410-946-5600 · 301-970-5600 · FAX 410-946-5601 · TTY 410-946-5401 · 301-970-5401

SR 205

judicial officer may not impose a financial condition set solely to detain the defendant. Conditions of pretrial release must instead be the least onerous to reasonably ensure the appearance of the defendant as required, protect the safety of the victim, or ensure that the defendant will not pose a danger to another person or the community. As a result, setting the bail in an amount not affordable to the defendant, thus effectively denying release, raises a significant risk that the Court of Appeals would find it violates due process. If pretrial detention is not justified yet bail is set out of reach financially for the defendant, it is also likely the Court would declare that the bail is excessive under the Eighth Amendment of the U.S. Constitution and Article 25 of the Maryland Declaration of Rights.

*The Pretrial Process*

The pretrial process is outlined in the Maryland Rules. At the defendant's initial appearance the judicial officer must "first follow the procedure set forth in the Rule 4-213.1 to assure that the defendant either is represented by an attorney or has knowingly and voluntarily waived the right to an attorney." Md. Rule 4-213(a)(1). In addition, the judicial officer must also advise the defendant of the charges. Md. Rule 4-213(a)(2).

Rule 4-216 sets out the details of the pretrial proceeding itself. First, for defendants arrested without a warrant, the judicial officer must determine whether there was probable cause for each charge and arrest. Md. Rule 4-216(a). If the judicial officer finds no probable cause, the defendant should be released at that time. If the judicial officer finds probable cause, the judicial officer should proceed to make a determination whether the defendant is eligible for release.[1] If so, according to Rule 4-216(c),

> a defendant is entitled to be released before verdict on personal recognizance or on bail, in either case with or without conditions imposed, unless the judicial officer determines that no condition of release will reasonably ensure (1) the appearance of the defendant as required and (2) the safety of the alleged victim, another person, and the community.

Rule 4-216(e)(1) requires the judicial officer to consider several specified factors, "to the extent available," to determine "whether a defendant should be released" and what "the conditions of release" should be:

> (A) the nature and circumstances of the offense charged, the nature of the evidence against the defendant, and the potential sentence upon conviction;
> (B) the defendant's prior record of appearance at court proceedings or flight to avoid prosecution or failure to appear at court proceedings;
> (C) the defendant's family ties, employment status and history, financial resources, reputation, character and mental condition, length of residence in the community, and length of residence in this State;
> (D) any recommendation of an agency that conducts pretrial release investigations;
> (E) any recommendation of the State's Attorney;
> (F) any information presented by the defendant or defendant's attorney;

---

[1] By statute, defendants charged with certain crimes are not eligible for release or are eligible only under limited circumstances when authorized by a District Court judge. *See* Criminal Procedure Article ("CP"), §§ 5-101(c) and 5-202. *See also* Md. Rule 4-216(d).

(G) the danger of the defendant to the alleged victim, another person, or the community;
(H) the danger of the defendant to himself or herself; and
(I) any other factor bearing on the risk of a wilful failure to appear and the safety of the alleged victim, another person, or the community, including all prior convictions and any prior adjudications of delinquency that occurred within three years of the date the defendant is charged as an adult.

Md. Rule 4-216(e)(1). Further, if the judicial officer imposes conditions on release,

the judicial officer shall impose on the defendant the least onerous condition or combination of conditions of release... that will reasonably:

(A) ensure the appearance of the defendant as required,
(B) protect the safety of the alleged victim by ordering the defendant to have no contact with the alleged victim or the alleged victim's premises or place of employment or by other appropriate order, and
(C) ensure that the defendant will not pose a danger to another person or to the community.

Md. Rule 4-216(e)(3).

Further, by statute, the State law provides that "if, from all the circumstances, the court believes that a minor or adult defendant in a criminal case will appear as required for trial before verdict or pending trial, the defendant may be released on personal recognizance." CP § 5-101(b)(1). Moreover, State law directs that these provisions "shall be liberally construed to carry out the purpose of relying on criminal sanctions instead of financial loss to ensure the appearance of a defendant in a criminal case before verdict or pending a new trial." CP § 5-101(a).

*Analysis*

*Right to individualized inquiry before determination of pretrial release*

In answer to your first question, there is little doubt that federal and State law require a judicial officer to conduct an individualized inquiry to determine conditions of pretrial release for criminal defendants who are eligible for release. Rule 4-216(e) appears to require as much and the case law interpreting the applicable constitutional and statutory provisions implicitly confirm that the judicial officer must conduct an inquiry before setting conditions of release, including money bail.

The Court of Appeals has not explicitly held that arrestees are entitled to an individualized inquiry to determine pretrial conditions of release but, in two cases addressing a defendant's right to counsel at the initial appearance, has acknowledged that the bail determination depends on the facts of each particular defendant's circumstances. In *DeWolfe v. Richmond*, 434 Md. 403, 429 (2012) (*Richmond I*), the Court observed that the determination of whether to allow pretrial release involves a "fact-laden" inquiry into considerations listed in Rule 4-216 and that, as a result, "the presence of counsel for that determination surely can be of assistance to the defendant in that process." *Id.* at 430. In a subsequent opinion in the same case analyzing whether defendants have a constitutional right to counsel, the Court again



emphasized that the Rule 4-216 bail determination process involves a factual inquiry into the defendant's circumstances:

> Rule 4-216(f) details the numerous factors a Commissioner must take into consideration when imposing "on the defendant the least onerous condition or combination of conditions of release" that serves the purposes of "ensur[ing] the appearance of the defendant," "protect[ing] the safety of the alleged victim," and "ensur[ing] that the defendant will not pose a danger to another person or to the community."

·*DeWolfe v. Richmond*, 434 Md. 444, 450 (2013) (*Richmond II*) (quoting Rule 4-216). The Court noted that "the failure of a Commissioner to consider all the facts relevant to a bail determination can have devastating effects on the arrested individuals." *Id.* at 452. The Court ultimately announced that an indigent defendant had a procedural due process right to be provided counsel at an initial appearance under Article 24 of the Maryland Declaration of Rights.[2]

By highlighting the specified factors listed in Rule 4-216 that a judicial officer "must" consider during a pretrial release proceeding, the Court of Appeals seems to have acknowledged in both *Richmond I* and *Richmond II* that the defendant was entitled to an individualized consideration. And given that Rule 4-216 specifically includes within that list of factors the defendant's "employment status and history" and "financial resources," Md. Rule 4-216(e)(1)(C), it is my view that the judicial officer must consider the defendant's particular finances and employment status when setting the terms of pretrial release.[3] My conclusion on that point finds further support in the provisions of CP § 5-101(a), which direct that criminal sanctions and not financial loss should be used to ensure the appearance of a defendant in a criminal case.

In addition to Rule 4-216 and the applicable statutory provisions, there is an argument under both the federal and Maryland Constitutions that a criminal defendant has a due process right to an individualized consideration of his or her financial resources before a financial condition of release can be imposed. As the Attorney General previously advised in a somewhat different context:

> [T]he Constitution places both procedural and substantive limitations on a court's power to incarcerate a criminal defendant in lieu of payment of a fine. First, the court must inquire into the reason why the defendant has failed to pay the fine. If the failure to pay is attributable to indigency the court must also consider alternate methods of punishment.

86 *Opinions of the Attorney General* 183, 186 (2001). That Opinion relied in part on several previous cases that overturned or reduced prison sentences for failure to pay certain costs. *See, e.g.*, *Reddick v. State*, 327 Md. 270 (1992); *Smith v. State*, 306 Md. 1 (1986); *Turner v. State*, 307 Md. 618 (1986). *See also Thrower v. State*, 358 Md. 146, 160-61 (2000) (observing in the

---

[2] Article 24 states: "That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land."

[3] Rule 4-216(e)(1) directs the judicial officer to consider the specified information "to the extent available." It is possible that some judicial officers have interpreted this language to allow them to consider only the information presented to them. Nevertheless, an inquiry into the defendant's financial resources and employment status presumably is always available to the judicial officer.

civil context that incarceration for failure to pay child support "obviously impinges upon the liberty interest that parents have under the Fourteenth Amendment to the U.S. Constitution, under the Maryland Constitution, and under Maryland common law, and thus must comport with both procedural due process and with the non-Constitutional procedures ordained by this Court"). Although neither the Opinion nor the cases it relied on address the bail determination process, they all suggest that a defendant is constitutionally entitled to an individualized inquiry before a monetary obligation impacting that individual's liberty may be imposed.

The position taken by the federal Department of Justice ("DOJ") provides further support for the conclusion that due process principles require an individualized consideration of a defendant's financial resources when imposing a financial condition of pretrial release. In an *amicus curiae* brief submitted in the United States Court of Appeals for the Eleventh Circuit, the DOJ argued that fixed bail schedules violate the Fourteenth Amendment because they fail to provide indigent individuals a "meaningful consideration of their ability to pay and alternative methods of assuring their appearance at trial," and as such, violate the Fourteenth Amendment. *See* Brief of the United States, *Walker v. City of Calhoun*, No. 16-10521-HH.[4] The DOJ relied on Supreme Court precedent holding that individuals cannot be imprisoned solely on the basis of their indigency. *E.g., Griffin v. Illinois*, 351 U.S. 12 (1956); *Williams v. Illinois*, 399 U.S. 235 (1970); *Tate v. Short*, 401 U.S. 395 (1971); and *Bearden v. Georgia*, 461 U.S. 660 (1983).

> Although [these cases] have arisen in the sentencing and post-conviction contexts, their holdings apply with equal, if not greater, force in the bail context. Indeed, defendants who have not been found guilty have an especially "strong interest in liberty." Because of that liberty interest, pretrial release should be the norm, and pretrial detention "the carefully limited exception." To be sure, in certain circumstances, such as when a court finds that a defendant poses a threat to others or presents a flight risk, this fundamentally important right may be circumscribed on a case-by-case basis.... But fixed bail schedules that allow for the pretrial release of only those who can pay, without accounting for ability to pay and alternative methods of assuring future appearance, do not provide for such individualized determinations, and therefore unlawfully discriminate based on indigence.

DOJ *Amicus* Brief at 17 (quoting *United States v. Salerno*, 481 U.S. 739, 750, 755 (1987)).[5] *See also Pugh v. Rainwater*, 572 F.2d 1053, 1057 (5th Cir. 1978) ("Utilization of a master bond schedule provides speedy and convenient release for those who have no difficulty in meeting[ ]

---

[4] Available at https://www.justice.gov/crt/file/887436/download. The DOJ *amicus* brief was filed in an appeal from the district court's entry of a preliminary injunction concluding that the City of Calhoun's pre-set bail system violates the Equal Protection Clause. *See Walker v. Calhoun*, No. 4:15-CV-0170-HLM, 20016 WL 361612 (Jan. 28, 2016). The appeal is pending.

[5] The DOJ also submitted a "Statement of Interest" in *Varden v. City of Clanton*, M.D. Ala., Case No. 2:15-cv-34-MHT-WC, stating that "[i]ncarcerating individuals solely because of their inability to pay for their release, whether through the payment of fines, fees, or a cash bond, violates the Equal Protection Clause of the Fourteenth Amendment." Statement at 1, available at https://www.justice.gov/file/340461/download.
Shortly after the DOJ filed this statement, the city agreed to stop using a money bail system and the case settled. In the order approving settlement, the district court stated that "the use of a secured bail schedule to detain a person after arrest, without an individualized hearing regarding the person's indigence and the need for bail or alternatives to bail, violates the Due Process Clause of the Fourteenth Amendment." *Jones v. City of Clanton*, 2015 WL 5387219 (Sept. 14, 2015) (Plaintiff Jones appearing on behalf of the estate of Ms. Varden, who is now deceased).

its requirements. The incarceration of those who cannot, without meaningful consideration of other possible alternatives, infringes on both due process and equal protection requirements."). Although Maryland's pretrial procedures do not impose a fixed bail schedule, failing to consider an individual defendant's circumstances would have much the same effect and thus risks a determination that the Fourteenth Amendment as well as the Maryland Constitution has been violated.[6]

Indeed, one state's highest court reached that conclusion in a case analyzing the constitutionality of a state bail reform statute. In *Aime v. Commonwealth*, the Supreme Court of Massachusetts found that the statute was unconstitutional because "[t]he procedural defects of the hearing contemplated by the amendments violate the requirements of procedural due process..." 611 N.E.2d 204, 214 (Mass. 1993). The court compared the Massachusetts bail statute to the federal Bail Reform Act and found that the Massachusetts statute did not contain the same procedural protections before detention could be imposed. "A State may not enact detention schemes without providing safeguards similar to those which Congress incorporated into the Bail Reform Act." *Id.* at 213 (relying on *U.S. v. Salerno*, 481 U.S. 739 (1987)). In the statute at issue, the court concluded:

> The amendments create a statutory scheme calculated to protect the public from an arrestee's claimed dangerousness. The amendments use the amount of bail as the means to secure this goal. The amendments thus create an incentive for a judicial officer to set bail in an amount so that an arrestee perceived to be dangerous will not be able to gain his or her liberty pending trial.

*Id.* at 210. "Even critics of preventive detention of dangerous individuals have thought that a scheme providing for detention without surety is more equitable than a scheme that uses surety as a device to accomplish preventive detention. Dangerousness, these critics reasoned, provides a more appropriate basis for detention than poverty." *Id.* at n.12 (citation omitted).

To summarize, Maryland law outlines the factors that a judicial officer must consider before imposing conditions of release and directs the judicial officer to impose only the least onerous condition or combination of conditions that will ensure the appearance of the defendant at subsequent proceedings and protect the safety of the victim, the community and others. Imposing a high bail amount on a person of limited means is unlikely to be the least onerous condition. More importantly for your question, this type of fact-specific determination presumably cannot be made without an individualized inquiry into the criminal defendant's financial resources. For these reasons, I think the Court of Appeals would declare that the Maryland Rules and relevant statutory provisions require an individualized inquiry into the criminal defendant's financial resources before the judicial officer can impose money bail as a condition of release. Although the Court of Appeals has not yet stated that a defendant has a constitutional right to an individualized hearing about his or her financial condition before bail is imposed, due process concerns are raised where a judicial officer fails to conduct an individualized hearing required by State law.

---

[6] The Court of Appeals has stated that Article 24 of the Maryland Declaration of Rights "is in harmony with the 5th and 14th Amendments to the Federal Constitution, and the term 'due process of law' as used in said amendments has been construed to be synonymous with the expression 'Law of the Land' as used in said article." *Oursler v. Tawes*, 178 Md. 471, 483 (1940). *See also Evans v. State*, 396 Md. 256, 327 (2006) (noting that the Court has "consistently construed [Articles 16, 24 and 25 of the Maryland Declaration of Rights] as being in *pari materia* with their Federal counterparts").

*Right to Affordable Bail*

Your second question asks whether a judicial officer is prohibited by law from imposing a money bail or other financial condition of pretrial release that exceeds the defendant's ability to pay. As discussed in more detail below, the Court of Appeals has not ruled on this issue directly. There are opinions from the Court of Special Appeals from more than 40 years ago stating that an indigent defendant's ability pay is not dispositive of the amount of bail set. Nevertheless, I believe that Maryland's appellate courts, if ruling on this issue today, would likely conclude that where the judicial officer has determined that pretrial detention is not warranted, the imposition of bail or other financial condition of release that a defendant cannot pay implicates substantive due process and equal protection considerations, and may be found to be excessive under the Eighth Amendment to the U.S. Constitution and Article 25 of the Maryland Declaration of Rights.

Federal law explicitly states that "[t]he judicial officer may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c)(2). Accordingly, under federal law, the judicial officer may not use bail solely as a means to keep a defendant in pretrial detention. *See* DOJ Brief in *Walker* at 26. Although State law does not contain the same express prohibition, it effectively mandates the same result. Section 5-101 of the Criminal Procedure Article directs that the pretrial release provisions "shall be liberally construed to carry out the purpose of relying on criminal sanctions instead of financial loss to ensure the appearance of a defendant in a criminal case before verdict or pending a new trial." CP § 5-101(a). Further, Rule 4-216(c) states,

> a defendant is entitled to be released before verdict on personal recognizance or on bail, in either case with or without conditions imposed, unless the judicial officer determines that no condition of release will reasonably ensure (1) the appearance of the defendant as required and (2) the safety of the alleged victim, another person, and the community.

The foregoing provisions establish that when detention is not required to ensure a defendant's return or the safety of the community, a judicial officer may not impose on an indigent defendant a financial condition that the defendant is unable to satisfy, lest the bail transform from a condition based on risk of return to a penalty based on economic status.

No court has explicitly stated that there is a *constitutional* right to affordable bail. There is strong reason to believe, however, that criminal defendants have a liberty interest in not being detained solely on the basis of their poverty and that interest—protected by substantive due process under the Fourteenth Amendment and Article 24 of the Maryland Declaration of Rights—is impinged if bail is unreasonably out of reach. *See Allmond v. Dept. of Health and Mental Hygiene*, 448 Md. 592, 609-10 (2016) (explaining that "'[s]ubstantive due process' ... refers to the principle that there are certain liberties protected by the due process clauses from legislative restrictions, regardless of the procedures provided, unless those restrictions are narrowly tailored to satisfy an important government interest"); *U.S. v. Ailemen*, 165 F.R.D. 571, 577 (N.D. Cal. 1996) (noting that "[t]he constitutional ban on excessive pretrial detention can be understood as a right guaranteed by substantive due process").[7]

---

[7] In *Ailemen*, the federal magistrate conducted an extensive analysis of how courts across the country have analyzed the due process limits of pretrial detention. The case involved a more than two-year pretrial detention of an individual charged with serious drug crimes. In trying to determine at what point a prolonged pretrial detention violates due process, the magistrate noted that "indisputably fundamental rights—the right to a speedy trial, the protection against excessive bail, the presumption of

In a case upholding the facial constitutionality of the federal Bail Reform Act, which authorized pretrial detention for defendants identified as dangerous, the Supreme Court put forth the test for assessing whether the government violated the defendant's due process rights. *U.S. v. Salerno*, 481 U.S. 739 (1987). "We have repeatedly held that the Government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest." *Id.* at 748. The government's interests, however, must be legitimate and compelling. *Id.* at 749. The Court went on to observe that "[o]n the other side of the scale ... is the individual's strong interest in liberty. We do not minimize the importance and fundamental nature of this right. But, as our cases hold, this right may, in circumstances where the government's interest is sufficiently weighty, be subordinated to the greater needs of society." *Id.* at 750-51.

Although the Court in *Salerno* ultimately concluded that the Bail Reform Act was not unconstitutional on its face, it reiterated that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception," requiring "numerous procedural safeguards..." *Id.* at 755. *See also Wheeler v. State*, 160 Md. App. 566, 579 (2005) (noting that "[u]nless persuaded by clear and convincing evidence that the defendant is a danger to another person or to the community, a judicial officer does not have 'discretion' to conclude that the defendant is too dangerous to be released pending trial"); *Ailemen*, 165 F.R.D. at 580 (concluding that "[i]t is only by focusing on the actual conditions of release, and what those conditions would contribute to *reducing* the threat of harm to the government's regulatory interests, that courts can accurately assess how much continued imprisonment would contribute to achieving the government's regulatory goals") (emphasis in original); *State v. Blackmer*, 631 A.2d 1134, 1140 (Vt. 1993) (explaining that the three important considerations under due process are "(1) bail cannot be denied in order to inflict pretrial punishment; (2) pretrial detention cannot be excessive in relation to the regulatory goal; and (3) the interests served by the detention must be legitimate and compelling").

Imposing a bail amount that exceeds the defendant's ability to pay has much the same result as denying pretrial release. "[I]n the case of an indigent, whose appearance at trial could reasonably be assured by one of the alternate forms of release, pretrial confinement for inability to post money bail would constitute imposition of an excessive restraint." *Pugh*, 572 F.2d at 1057-58. It is possible, therefore, the Court of Appeals would hold that substantive due process considerations require that any condition of pretrial release must be the least onerous condition for that individual to meet the State's compelling interests as identified in CP § 5-101 and Rule 4-216(c). If so, the Court might also conclude that a bail amount that clearly exceeds the ability of the defendant to pay and that is imposed solely to detain a defendant violates due process.

Another possible constitutional concern with imposing bail exceeding the defendant's ability to pay arises from the Eighth Amendment to the United States Constitution, which provides in relevant part, "Excessive bail shall not be required." Although the Supreme Court has not clearly stated that the Fourteenth Amendment Due Process Clause incorporates the Eighth Amendment against the states, it has on more than one occasion stated that the Eighth Amendment "has been assumed to have application to the States." *Schilb v. Kuebel*, 404 U.S. 357, 365 (1971); *see also Baker v. McCollan*, 443 U.S. 137, 145 (1979) (discussing *Schilb*); *McDonald v. City of Chicago*, 561 U.S. 742, 764 n.12 (2010) (including the Eighth Amendment among those Bill of Rights protections that have been incorporated in, and thus made applicable

innocence—all would be empty pronouncements, full of sound and fury but signifying nothing, for a defendant who could be imprisoned indefinitely while awaiting trial." 165 F.R.D. at 578.

to the States through, the Fourteenth Amendment); *id* at 765 n.13 (omitting the Eighth Amendment from the list of rights "not fully incorporated"). Many lower courts that have reached the issue have concluded that the Excessive Bail Clause applies to the states. *See, e.g., Campbell v. Johnson*, 586 F.3d 835, 842 (11th Cir. 2009); *U.S. v. Polouizzi*, 697 F. Supp.2d 381, 386 (E.D.N.Y. 2010); *United States ex rel. Siegal v. Follette*, 290 F.Supp. 632 (S.D.N.Y.1968) (noting that "the weight of authority and reason favors" the application of the clause to the states). Maryland courts too appear to have concluded that the Clause applies to the states. *Bigley v. Warden*, 16 Md. App. 1, 9 (1972) (quoting *Turco v. Maryland*, 324 F. Supp. 61 (D. Md. 1971) for the assertion that the Eighth Amendment is applicable to the states through the Fourteenth Amendment; *Aravanis v. Somerset Co.*, 339 Md. 644, 656 n.10 (1995) (discussing extent to which different clauses of the Eighth Amendment apply to the states).

Regardless of whether the Eighth Amendment is applicable to the states, Maryland's Constitution has its own excessive bail clause. The Maryland Declaration of Rights, Article 25 provides "[t]hat excessive bail ought not to be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted, by the Courts of Law." The Court of Appeals has explained:

> Article 25 is, textually and historically, substantially identical to the Eighth Amendment. Indeed, both of them were taken virtually verbatim from the English Bill of Rights of 1689. Thus, it is well settled in this State that Article 25 of the Maryland Declaration of Rights is *in para materia* with the Eighth Amendment. Indeed, the excessive fines provision of Article 25 was one of eight such provisions which served as a model for the Excessive Fines Clause of the Eighth Amendment. Thus, the excessive fines provision of Article 25 should be interpreted co-extensively with the excessive fines provision of the Eighth Amendment.

*Aravanis v. Somerset Co.*, 339 Md. 644, 656-57 (1995) (citations omitted). The Court of Appeals has not similarly determined that the excessive bail provision of Article 25 would be interpreted *in pari materia* with the Excessive Bail Clause of the Eighth Amendment, but I believe that the Court likely would reach that conclusion if presented with the opportunity.

The Supreme Court has expressly stated that the Eighth Amendment requires that a judicial officer consider "the financial ability of the defendant to give bail" when deciding the financial terms of release. *Stack v. Boyle*, 342 U.S. 1 (1951). The Court in that case confirmed that the purpose of bail is assuring the defendant's presence at trial, and, thus "[b]ail set at a figure higher than an amount reasonably calculated to fulfill this purpose is 'excessive' under the Eighth Amendment." *Id.* at 5. "[T]he fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant." *Id. See also U.S. v. Arzberger*, 592 F. Supp. 2d 590, 605 (S.D.N.Y. 2008) ("[I]f the Excessive Bail Clause has any meaning, it must preclude bail conditions that are (1) more onerous than necessary to satisfy legitimate governmental purposes and (2) result in deprivation of the defendant's liberty.")

Although bail must be set only for the purpose of assuring the defendant's presence at trial or where the defendant is a danger if released, courts have not concluded that simply imposing bail at an amount a defendant cannot pay because of the defendant's poverty is thereby "excessive" under the Eighth Amendment. *Hodgdon v. United States*, 365 F.2d 679, 687 (8th Cir.1966) (stating bail "is not excessive merely because the defendant is unable to pay it"); *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir.1988) (stating that, although bail is

excessive under the Eighth Amendment when greater than necessary to assure presence at trial, "a bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement"); *Donohue v. Jenne*, 765 So. 2d 969 (Fla. App. 2000) (rejecting defendant's claim bond unreasonable "since the state did not establish that he can pay for a bond set at $250,000"). *See generally* Wayne R. LaFave, Jerold H. Israel, Nancy J. King, Orin S. Kerr, 4 *Crim. Proc.* § 12.2(b), "Poverty and pretrial release," (4th ed., 2015 update).

Consistent with these decisions, the Court of Special Appeals held more than 40 years ago that "[t]he question of excessive bail is not resolved on the basis of an individual's ability or inability to raise a certain sum...and since the applicant in this case claims indigence, it may also be that the applicant could not even post nominal bail." *Simmons v. Warden*, 16 Md. App. 449, 450 (1973). The version of the bail rules at that time left the bail decision to "the discretion of the court." *Id. See also Hunter v. Warden*, 17 Md. App. 86 (1973) (citing the *Simmons* case but also recognizing that "[e]ach case must be decided on its own particular circumstances"); *Bigley v. Warden*, 16 Md. App. 1 (1972) (noting that the court rule at the time left the bail consideration to the court's discretion with "no special governing statute or rule"). Today Rule 4-216 provides specific factors governing the conditions of pretrial release.

Further, the criminal justice system is much different now than in 1973 and the jurisprudence seems to be giving more weight toward the defendant's ability to pay bail. Although the Supreme Court has not spoken in detail about the core protections conferred by the Excessive Bail Clause, in 1987 it provided guidance within the context of the federal Bail Reform Act:

> The only arguable substantive limitation of the Bail Clause is that the Government's proposed conditions of release or detention not be "excessive" in light of the perceived evil. Of course, to determine whether the Government's response is excessive, we must compare that response against the interest the Government seeks to protect by means of that response.

*Salerno*, 481 U.S. at 754. Along similar lines, it is possible that the Court of Appeals would find bail to be excessive where the judicial officer, applying the considerations required by current State law, found release was appropriate, and yet set bail at an amount the defendant clearly cannot pay.

Finally, imposing a bail amount that keeps a defendant in pretrial detention because that individual is poor and cannot afford bail also raises equal protection concerns. The following passage from Justice Douglas' opinion in *Bandy v. United States*, sitting as a circuit judge, is frequently quoted on this point:

> Can an indigent be denied freedom, where a wealthy man would not, because he does not happen to have enough property to pledge for his freedom? It would be unconstitutional to fix excessive bail to assure that a defendant will not gain his freedom. Yet in the case of an indigent defendant, the fixing of bail in even a modest amount may have the practical effect of denying him release.

*Bandy v. U.S.*, 81 S. Ct. 197, 198 (1960) (Douglas, J., as Circuit Justice). "Rules under which personal liberty is to be deprived are limited by the constitutional guarantees of all, be they moneyed or indigent, befriended or friendless, employed or unemployed, resident or transient,

of good reputation or bad." *Pugh,* 572 F.2d at 1057. *See also Hairston v. U.S.,* 343 F.2d 313, 316-17 (D.C. Cir. 1965) (Bazelon, C.J., dissenting) ("[s]etting high bail to deny release discriminate(s) between the dangerous rich and the dangerous poor").

Notwithstanding the forceful arguments in support of the equal protection argument, I have found no court that applied an equal protection analysis to find that bail is unconstitutional when set in an amount a particular indigent defendant cannot meet. At the same time, if it is determined in a particular case that money bail served no other governmental purpose than detaining that defendant without sufficient financial means, I believe that it is plausible that the Court of Appeals would find a violation of the Equal Protection Clause of the U.S. Constitution or Article 24 of the Maryland Declaration of Rights.[9]

*Conclusion*

Based on the foregoing, it is my view that the Court of Appeals would conclude that the State's statutory law and court rules should be applied to require a judicial officer to conduct an individualized inquiry into a criminal defendant's ability to pay a financial condition of pretrial release. Although it is less clear that defendants have a constitutional right to an individualized inquiry, constitutional considerations provide further support to the requirement of an individualized inquiry. It is also my view that, while imposing a financial condition is allowed under current State law and is not unconstitutional in and of itself, the Court of Appeals would likely hold that, in the event a judicial officer determines that pretrial detention is not justified to meet the State's regulatory goals, a judicial officer may not impose a financial condition set solely to detain the defendant. Conditions of pretrial release must instead be the least onerous to reasonably ensure the appearance of the defendant as required, protect the safety of the victim, or ensure that the defendant will not pose a danger to another person or the community. As a result, setting the bail in an amount not affordable to the defendant, thus effectively denying release, raises a significant risk that the Court of Appeals would find it violates due process. If pretrial detention is not justified yet bail is set out of reach financially for the defendant, it is also likely the Court would declare that the bail is excessive under the Eighth Amendment and Article 25 of the Maryland Declaration of Rights.

Sincerely,

Sandra Benson Brantley
Counsel to the General Assembly

---

[9] *See Neifert v. Dep't of the Env't,* 395 Md. 486, 504 (2006) (explaining that although Article 24 of the Maryland Declaration of Rights does not have an express equal protection clause, "the concept of equal protection is embodied within the Article").

## CERTIFICATE OF SERVICE

I certify that on 7/12 (date) I served a complete copy of this Informal Brief on all parties by mailing it to the address shown below:

Circuit Court for Talbolt county
11 N. Washington Street, Suite 16
Easton, MD 21601

_____
Signature

**Please note:** *If the Certificate of Service is not completed, this filing will not be accepted. If you do not serve the other party or parties in this case, this filing may be stricken and the appeal dismissed.*

## IF YOU ARE AN INMATE IN A CORRECTIONAL
## FACILITY FILL OUT THIS CERTIFICATE

### CERTIFICATE OF FILING (Md. Rule 1-322)

I, Jerez coleman (name), certify that (1) I am involuntarily confined in Talbolt canty retention center (name of facility); I have no direct access to the U.S. Postal Service or to a permitted means of electronically filing the attached pleading or paper; (3) on 7/12 (date) at approximately 1 pm (time) I personally [ ] deposited the attached pleading or paper for mailing in a receptacle designated by the facility for outgoing mail or [√] delivered it to an employee of the facility authorized by the facility to collect outgoing mail; and (4) the item was in mailable form and had the correct postage on it.

I solemnly affirm this 12th day of July 20 22, under the penalty of perjury and upon personal knowledge that the foregoing statements are true.

_____
Signature

1

Notice of Petition to Amend          Case NO:
Add on complaint     **Filed**     **Received** -PET-0168-2022

AUG 01 2022          AUG 17 2022
Suzanne C. Johnson, Clerk     Suzanne C. Johnson, Clerk
Court of Appeals     Court of Appeals          8/1/22
of Maryland          of Maryland

Jerez coleman
clerk of court;
Pursuant to title 18 3142(c)(2)", The judicial officer
may not impose a financial condition that results
in the pretrial detention of the person. Throughout this
case in talbott county, MD, my rights have been violated
from ineffective assistance of counsel, from me telling
the court, my family can secure an unsecured bond or
a secured bond of 1,000, 2,000, 3,000, 4,000, 5,000
10% bond, which would have been (100, 200, 300, 400 or 500
dollars with reasonable conditions, yet the court made my
bail excessive, thus violating, my 8th Amendment right.
Incarcerating individuals solely because of their inability
to pay for their release, whether through the payment
of fines, fees, or a cash bond, violates the equal
protection clause of the 14th Amendment. See, Tate
V. short, 401 U.S. 395, 398 (1971), williams v. Illinois,
399 U.S. 235, 240-41 (1970), smith v. Bennett, 365 U.S
708, 709 (1961). In this case, The court didn't take into
account my indigency or what I could pay.

1.)  Fixed-sum bail systems are unconstitutional under the
Equal Protection clause of the fourteenth Amendment.
In general, the equal protection clause of the fourteenth
Amendment, prohibits "punishing a person for his poverty
Bearden V. Georgia, 461 U.S. 660, 671 (1983). This is
especially true when it comes to depriving a person of
his liberty. The supreme court has considered a variety
of contexts in which the government attempted to
incarcerate or continue incarceration of an individual
because of his or her inability to pay a fine, or fee, and
in each context, the court has held that indigency cannot
be a barrier to freedom. Tate, 401 U.S at 398; williams
399 U.S at 240-41, smith, 365 U.S at 709. Talbott county
circuit court didn't take into account, what I could pay,
I told the court, my family and myself, can secure an

2

unsecured bond with reasonable conditions or or an 1,000, 2,000, 3,000, 4,000, 5,000 10% bond, which would have been $100, $200, $300, $400, $500) dollars, but instead they set bail at an amount, that was unaffordable to me or my family. The bail system in talbolt county, MD fixes ~~bond~~ amounts based solely on the arrest charge, and does not take individual circumstances into account, the court should find this system to be unconstitutional. Not only are such schemes offensive to equal protection principles, they also constitute bad public policy. Although much of the courts jurisprudence in this area concerns sentencing or early release schemes, the court's fourteenth Amendment analysis applies in equal, if not greater force to individuals who are detained until trail because of inability to pay fixed sum bail amounts. Liberty is particularly salient for defendants awaiting trail, who have not been found guilty of any crime. See, United States v. Salerno, 481 U.S 739, 750 (1987) (recognizing the fundamental nature of the right to pretrail liberty). To be sure, pretrail detention may be necessary in some circumstances including if a court finds a likelihood of future danger to society or that the defendant poses a flight risk. Fixed-sum bail systems, however, such as the one in talbolt county, Maryland, do not take these considerations into account. Such systems are based solely on the criminal charge. Because such systems do not account for individual circumstances of the accused, they essentially mandate pretrail detention for anyone who is too poor to pay the predetermined fee. This amounts to mandating pretrail detention only for the indigent. For example, The court of Appeals in maryland, had a case (Bradds v. Randolph), No. 78, Sept. Term 2018, ~~these~~ young men, ~~where~~ given 50,000 secured bails, who filed petitions for writs of habeas corpus's in circuit court in Baltimore city, after the district court ordered them held in lieu of bonds that, they say, they can't afford. The appellants argue that the habeas court erred in denying the petitions and that the bonds set for them violated the revised Maryland Rules. The court of appeals issued an order

3

reversing the judgments and remanding both cases to circuit court with directions to grant the petitions for writs of habeas corpus and to order new bail reviews pursant to Maryland Rule 4-216.1. Brian Frosh who is the Attorney General of the State of Maryland on October 11th, 2016, issued an advice letter to certain members of the Maryland general assembly that rule 4-216, as it was being applied, violated both the due process rights of defendants and the constitutional prohibition against excessive bail, he also stated "The inadequacies of maryland's pretrail system have been thoroughly documented: it is expensive and discriminatory, and it fails to advance the states compelling interests in protecting the public or ensuring the defendants appearance at trail. (The copy of the Attorney Generals letter is at http://www.marylandattorney general.gov/NEWS%20Documents/Rules_committee._Letter_on_Pretrail_Release.pdf.) The fifth circuit briefly discussed fixed-sum bail systems, otherwise referred to as "bail schedules", in Pugh v. Rainwater, 572 F.2d 1053 (5th Cir. 1978) (en banc). There, the court held that the new bail scheme passed by the florida legislature was not constitutionally deficient simply because it failed to articulate a presumption against imposing cash bail. The en banc court noted that florida's new system allowed for six different types of pretrial release — cash bail was but one option of many. Importantly, however, the court pointed out that the utilization of bond schedules, and only bond schedules, creates an injustice for individuals who cannot meet the financial threshold: utilization of a master bond schedule provides speedy and convenient release for those who have no difficulty in meeting it's requirements. The incarceration of those who

4

cannot, without meaningful consideration of other possible alternatives, infringes on both due process and equal protection requirements. Pugh, 572 F.2d at 1057. Talboit county circuit court and the state of maryland has caused my defense to be hampered because the inability of a defendant to adequately prepare his case skews the fairness of the entire system. Even though I was ordered released, I am still subjected to a 50,000 100% bail that is a direct violation of my 8th Amendment right and my 14th Amendment right. I have only spoken to the public defender 1 time since March 2022, hindered the ability to gather evidence, contact witnesses, or even prepare my defense. Imposing these consequences on anyone who has yet to be found convicted or innocent is serious. This matter has been one-sided, my rights haven't been adhered to, I only wanted the court of appeals to order that my bail be decreased consistent with the revised rules and consistent with my constitutional rights. I am requesting the state supreme court to order that my bail be decreased to an amount I can afford, with reasonable conditions. Myself and family can cover a 1,000, 2,000, 3,000, 4,000, 5,000 10% bail with reasonable conditions (That would be $100, $200, $300, $400, $500 dollars). In this matter, I have been subjected to oppressive bail conditions and haven't been shown equal justice under law. This matter is non-violent. For example, in frazier v. Jordan, 457 F.2d 726, 728 (5th cir. 1972), the fifth circuit invalidated a sentencing scheme that offered defendants the choice of immediately paying a $17 fine or serving a 13-day jail sentence as applied to indigent defendants who could not pay the fine. As the court noted, "the alternative fine before us creates two disparately treated classes: those who can satisfy a fine immediately upon it's levy, and those who can pay only over a period of time, if then. Those with the means avoid imprisonment; the indigent cannot escape imprisonment. Id. In,

5

Tucker v. City of Montgomery, 410 F. Supp. 494 (M.D. Ala. 1976), the court held that the city's practice of charging a bond to exercise appellate rights denied the equal protection of the law to indigent prisoners. In so holding, the court found that the imposition by the state of financial barriers restricting the availability of appellate review for indigent criminal defendants has no place in our heritage of equal justice under law". Id. at 502 (quoting Burns v. Ohio, 360 U.S. 252, 258 (1959). In Bradds v. Randolph, No. 78, Sept. term, 2018, both Aaron Bradds and Samuel Hill were given 50,000 bonds and the state of marxland didn't look into their indigency, similar like me, they were held in lieu of bonds that they couldn't afford. The court of special appeals issued an order reversing the judgements along with ordering new bail reviews and remanding both cases to circuit court. On March 11th 2022, I told Talbot county circuit court that my family can cover a 5,000 10% bond (which would have been $500 dollars), yet the court ordered a 50,000 100% cash or corperate bond. My mother or me doesn't have $5,000 or any real estate pledged. The court refused to decrease the bail on 3/18/22, the court never took into account my indigency at all. In United states v. Flowers, 946 F. supp. 2d 1295 (M.D Ala. 2013), addressed practices analytically indistinguishable from those practices that was in my appeal to the court of special appeals and in my direct appeal (0685, sept. term, 2022). In

6

flowers, the defendant could avoid prison only if she paid for her home confinement, an option her poverty prevented. The court noted correctly that "it is inequitable for indigent defendants who cannot pay for home-confinement monitoring to be imprisoned while those who can pay to be subject to more limited monitored home confinement avoid prison. Id at 1302. I am being face with a similar problem— pay a monetary bond 1 or my family cannot afford or stay in jail pending trail in november 2022. I been in jail since march 2022. This determination, like the sentence in flowers, would be constitutionally infirm and unable to stand". Id. at 1300.

2.) Public policy weighs strongly against fixed bail systems: In addition to being unconstitutional, fixed bail systems that do not account for defendants indigency are inadequate means of securing the safety of the public or ensuring the return of the defendant to the court — the central rationales underlying pretrail detention. Indeed, such schemes are driven by financial considerations, rather than legitimate public safety concerns. This is bad public policy, and results in negative outcomes for both defendants and the community at large. The problems with bail systems based on financial considerations are well documented. The fourteenth Amendment prohibits incarcerating individuals without

7

meaningful considerations of indigency and alternative
methods of achieving a legitimate government interest
and title 18 3142(C)(2) states " No judicial officer
shall impose a financial condition that causes the
pretrial detention of the person". (See, e.g, Timonthy
R. Schnacke, United states Department of Justice, National
Institute of corrections, fundamentals of bail: A resource
Guide for pretrial practitioners and a framework for American
pretrail reform (2014), available at http:// www. pretrail.org/
download/research/fundamentals%20of%20bail%20-%20
NIC%202014. pdf. ). As summarized in a recent Department
of Justice publication: The two central issues concerning
money bail are: (1) it's tendency to cause unnecessary
incarceration of defendants who cannot afford to pay
secured financial conditions either immediately or even
after some period of time, and (2) it's tendency to allow
for, and sometimes foster, the release of high-risk
defendants, who should more appropriately be detained
without bail. (Id. at 15). When bail amounts are too
high for indigent individuals to afford, fewer defendants
will be released pretrail. (See, Thomas H. cohen and
Brian A. Reaves, United States Department of Justice,
office of Justice programs, Bureau of Justice
Statistics, Pretrail release of felony Defendants in state
courts: State court processing statistics, 1990-2004,
Special report, NCJ 214994 (2007) available at
http:// www.bjs. gov/content/pub/pdf/prfdsc. pdf.

8

thereby creating a burden on local Jails. Today, according
to a Bureau of Justice Statistics analysis, more than
60 Percent of all Jail inmates nationwide are in
custody awaiting an adjudication of their charges,
and the majority of these Pretrail detainees are
charged with nonviolent offenses (see generally, Ram
Subramaniam, et al, Vera Institute of Justice,
Incarceration's front door: The misuse of Jails in
America 29-35 (Feb. 2015), available at http:// vera.org/
pubs/incarcerations-front-door-misuse-jails-america)
Jail overcrowding, in turn, can result in significant
security and life and safety risks for both inmates
and staff. While there is a need for continued
quantitative research on the effects of Pretrail detention,
it is clear that the decision to release or detain a
defendant Pretrail has many collateral consequences
beyond the loss of liberty. As detailed by the
Supreme court: The Time spent in Jail awaiting
trail has a detrimental impact on the individual. It
often means loss of a Job; it disrupts family life,
and it enforces idleness. Most Jails offer little or
no recreational or rehabilitative Programs. The time
spent in Jail is simply dead time... Imposing these
consequences on anyone who has not yet been
convicted is serious. It is especially unfortunate to
impose them on those persons who are ultimately
found to be innocent. - Barker V. wingo, 407 U.S 514,
532 -33 (1972). Incarceration carries weighty mental →

9

and social burdens for the accused and for those closest to them. Family obligations may go unmet while defendants are detained, and jobs may be lost, both of which can cause irreparable harm to the defendant, their families, and their communities. In addition, for many reasons, the Judicial decision to detain or release the accused Pretrail may be a critical factor affecting the outcome of a case. (see, Todd. O. Minton, United States Department of Justice, Bureau of Justice Statistics, Jail imates at midyear 2012 - Statistical Tables, NCJ 241264, at 1 (2013) available at WWW.bJs.gov/content/Pub/Pdf/Jim 12st.Pdf (Showing that the Percentage of Pretrail detainees in Jail has remained unchanged since 2005), see also Donna Lyons, Predicting Pretrail success State legislatures, february 2014 at 18-19, available at http://www.ncsl.org/Portals/1/Documents/magazine/articles/2014/SLG_0214_Pretrail_1.Rtf)' Arthur W. Pepin, conference of state cart Administrators, Policy Paper: Evidence-Based Pretrail release (2014), available at http://www.colorado.gov/ccjjdir/Resorces/Resorces/Ref/EBPre-TrailRelease_2012.Rtf. See, Brown V. Plata, 131 S.ct. 1910 (2011), See also Mary T. Phillips, New York city criminal Justice Agency Inc, Pretrail Detention and case outcomes, Part I: Non felony cases (2007), available at http://www.nycJA.org/1 wdcms/doc-view.Php? mcdule=reports and mcdule_id=669 and doc_Name=doc. →

Pretrail detention can impede the preparation of a defense, such as gathering evidence and interviewing witnesses, and pretrail detention can make it more difficult to confer with an attorney. Research indicates that these barriers have practical consequences: defendants who are detained pretrail have less favorable outcomes than those who are not detained, notwithstanding other relevant factors such as the charges they face or their criminal history. One contributing factor is that detained defendants are more likely to plead guilty, if only to secure release, ~~possibly~~ possibly resulting in at least some wrongful convictions. In some instances the time someone is detained pretrail can even exceed the likely sentence if the defendant were later found guilty. For these reasons, many states have moved away from bail systems that are based entirely on the criminal charge and towards systems that allow for different pretrail release options based on individualized determinations of dangerousness or risk of flight. (See, Stephanos Bibas, Plea Bargaining outside the shadow of trail, 117 Harv. L. Rev. 2463, 2492, (2004), see also states employ a variety of bail systems that satisfy constitutional concerns. The federal model, while constitutionally sufficient, is not the only adequate scheme. See Arizona (AR.S. crim. Proc. Rule 7.2) Arkansas (Arkansas Rules of criminal procedure, Rule 9.2), connecticut (C.G.S.A 54-63b(b), Illinois (725 ILCS 5/110-2), Maine (15 M.R.S.A codes

1002, 1006); Massachusetts (MGL Ch. 276, code 58); Michigan (M.C.L.A 780.62 - for misdemeanors only), Minnesota (44 M.S.A, Rules Crim. Proc. 6.02 (1); Missouri (Missouri Supreme Court Rule 33.01), Montana (MCA 46-9-108(2), Nebraska (Neb. Rev. Stat. 29-901), New Mexico (NMRA, Rule 5-401 (D)(2), North Carolina (N.C. G. S. A. 15A-534(B); North Dakota (N.D.R. Crim. P. 46); Oregon (ORS 135.245(3)); Rhode Island (RI ST 12-13-1.3(e)), South Carolina (S.C. Code 17-15-10 - for non-capital cases only); South Dakota (SDCL 23A-43-2 - for non-capital cases only); Tennesse (T.C.A 40-11-116(a); Vermont (13 V.S.A 7554 - for misdemeanors only), Washington (WA St Super ct CR CR 3.2 (B) - for non-capital cases only), Wisconsin (W.S.A 969.01 (4)),); Wyoming (WY RCRP Rule 46.1 (C) (1) (B) - for non-capital cases only). See generally Cynthia E. Jones, "Give Us Free:" Addressing racial Disparities in Bail Determinants, 16 N.Y.U. J. Leg and Pub. Pol'y 919, 930 (2013). The American American Bar Association's Standards for criminal Justice have also evolved to reflect the importance of the presumption of pretrail release and the need for individualized determinations before imposing pretrail detention. The Standards advocate for the imposition of the least restrictive of release conditions necessary to ensure the defendants appearance in court. The Standards also include guidelines to limit the use of financial conditions for pretrail release. The use of a

12

more dynamic bail scheme, such as that set
forth in the federal bail reform Act, not only ensures
adherence to constitutional Principles of due Process
and equal Protection, but constitutes better public
Policy. Individualized determinations, rather than
fixed-sum schemes that unfairly target the Poor,
are vital to Preventing jail overcrowding, avoiding the
costs attendant to incarceration, and Providing equal
Justice for all. Consequently, in light of the Potential
harmful consequences of Prolonged confinement and
the strain that unnecessary confinement Puts on jail
conditions. ( ABA Standards for criminal Justice, Pretrail
release, Standard 10-1.4 (3d ed. 2007), also As noted
by the Supreme court, Pretrail detention not only
adversely impacts defendants - it also creates
significant costs for taxpayers. See tate, 401 U.S
at 399 ( Prolonged Pretrail detention '' saddles the
state with cost of feeding and housing the
defendant for the period of his imprisonment.)
Due to Talbot canty circuit cort not taking
into accant of my ability to Pay and alternative
methods of assuring appearance at trail, it resulted
in Pretrail detention. Thus violating my eighth
and farteenth Amendment right's of the united
States Constitution. I am requesting, If this cart
reaches the issue Presented herein, the cart should
affirm that a bail scheme violates the 14th

13

Amendment, if without a carts meaningful consideration of ability to pay and alternative methods of assuring appearance at trail, it results in the detention of indigent defendants. Pretrail. I hope this cart can grant me relief in this matter.

Respectfully submitted,
Jerez Coleman
115 West Dover Street
Easton, MD 21601

**Filed**

AUG 01 2022

Suzanne C. Johnson, Clerk
Court of Appeals
of Maryland

**Received**

AUG 1 7 2022

Suzanne C. Johnson, Clerk
Court of Appeals
of Maryland

Case No: COA-PET-0168-2022

Jerez coleman

8 / 1/ 22

Certificate of service

I, Jerez coleman, hereby certify that on August 1st, 2022, a copy of the Notice of petition to Amend/Add-on, was filed electronically. Notice of this filing will be sent by email to all parties by operation of the carts ~~electronically~~ electronic filing system. parties may access this filing through the carts CM/ECF system.

/s/ Jerez coleman

**Filed**

AUG 0 1 2022

Suzanne C. Johnson, Clerk
Court of Appeals
of Maryland

**Received**

AUG 1 7 2022

Suzanne C. Johnson, Clerk
Court of Appeals
of Maryland

☑ **COURT OF APPEALS** ☐ **COURT OF SPECIAL APPEALS**
☐ **CIRCUIT COURT** ☐ **DISTRICT COURT OF MARYLAND FOR** _Maryland_
                                                           City/County

Located at ___3G1 Rowe Boulevard, 4th Floor___    Case No. _COA-PET-0168-_
                    Court Address                                _2022_

# CERTIFICATE OF FILING
## (Md. Rule 1-322)

I, _Jerez Coleman_ _____ certify that (1) I am involuntarily
            Name

confined in _Talbolt County Detention Center_ ; (2) I have no direct
                        Name of Facility

access to the U.S. Postal Service or to a permitted means of electronically filing the attached

pleading or paper; (3) on _8 / 1 / 2 2_ at approximately _3:Pm ET_
                              Date                              Time

I personally ☐ deposited the attached pleading or paper for mailing in a receptacle designated by

the facility for outgoing mail or ☑ delivered it to an employee of the facility authorized by the

facility to collect outgoing mail; and (4) the item was in mailable form and had the correct

postage on it.

I solemnly affirm this _1_ day of _August_ , _2022_ under the
                                           Month              Year

penalty of perjury and upon personal knowledge that the foregoing statements are true.

_____
                Signature

_Jerez Coleman_____
              Printed Name

**MDJ-005** (01/2019)

**SR 231**

IN THE
COURT OF SPECIAL APPEALS OF MARYLAND

————————————

SEPTEMBER TERM, 2022

————————————

NO. 685

————————————

JEREZ NEHMIAH STONE-COLEMAN,

Appellant,

v.

STATE OF MARYLAND,

Appellee.

————————————

APPEAL FROM THE CIRCUIT COURT
FOR TALBOT COUNTY

(Hon. Stephen H. Kehoe, Judge)

————————————

BRIEF OF APPELLEE

————————————

BRIAN E. FROSH
Attorney General of Maryland

BENJAMIN A. HARRIS
Assistant Attorney General
Attorney No. 9512120345

Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-6422
bharris@oag.state.md.us

Counsel for Appellee

TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................. ii

STATEMENT OF THE CASE ........................................................ 1

QUESTION PRESENTED ............................................................. 3

STATEMENT OF FACTS .............................................................. 3

ARGUMENT ................................................................................. 3

    THIS COURT SHOULD DECLINE TO CONSIDER
    STONE-COLEMAN'S ARGUMENTS, BECAUSE
    THEY DO NOT STATE A BASIS FOR GRANTING
    RELIEF. ................................................................................. 3

CONCLUSION ............................................................................. 6

STATEMENT REGARDING ORAL ARGUMENT ....................... 7

CERTIFICATION OF WORD COUNT AND
COMPLIANCE WITH THE MARYLAND RULES ....................... 8

i

# TABLE OF AUTHORITIES

Page

## *Cases*

*Cousins v. State,*
  231 Md. App. 417 (2017) ............................................................ 4

*Kovacs v. Kovacs,*
  98 Md. App. 289 (1993) ............................................................ 4

## *Rules*

Md. Rule 8-411 .................................................................... 4

Md. Rule 8-602 .................................................................... 4

## STATEMENT OF THE CASE

On November 27, 2019, Stone-Coleman was charged in Talbot County Circuit Court, by criminal information, with the offenses of theft between $25,000 and $100,000, and two forms of identity theft. He appeared pro se at a preliminary hearing on January 8, 2020, and was advised of his rights to counsel.[1]

An assistant public defender entered her appearance on Stone-Coleman's behalf on March 6, 2020. He then failed to appear at pretrial status conferences on August 21 and September 18 of that year, and the Hon. Stephen H. Kehoe issued a bench warrant. That warrant was executed by the arrest of Stone-Coleman on December 2, 2020.

On December 3, 2020, Judge Kehoe set bail at $2,000, with permission to post 10%. The following day, Stone-Coleman posted that bond.

Stone-Coleman then failed to appear for a pretrial hearing on July 30, 2021, and Judge Kehoe held the bond forfeit, and issued a second bench warrant. Police served that warrant and arrested

_____

[1]     This Statement of the Case is drawn from the docket entries presented in the online MDEC resource.

Stone-Coleman on March 9, 2022. On March 11, Judge Kehoe set bail at $50,000. On March 18, 2022, the Hon. Sidney S. Campen, Jr., denied a motion to reduce the bail.

Four days later, on March 22, 2022, Stone-Coleman filed another motion to reduce the bail. That motion was denied roughly three hours after it was filed, with the order including the language that "[t]he Defendant has not alleged any reason as to why bond status should change."

In the evening of March 24, 2022, Stone-Coleman filed another motion for a reduction in his bail. The following day it was denied; the court's order indicated that "Defendant has failed to allege any reason why bond status should be changed."

On April 15, 2022, the court conducted a pretrial hearing, at which it denied a third motion for a review of bail status. On May 20, 2022, Judge Kehoe denied Stone-Coleman's motion to discharge counsel and ordered a competency evaluation. Stone-Coleman took this timely appeal.

2

## QUESTION PRESENTED

Should this Court decline to consider Stone-Coleman's arguments, because they do not state a basis for granting relief?

## STATEMENT OF FACTS

In the absence of a transcript, the State is unable to prepare a Statement of Facts.

## ARGUMENT

**THIS COURT SHOULD DECLINE TO CONSIDER STONE-COLEMAN'S ARGUMENTS, BECAUSE THEY DO NOT STATE A BASIS FOR GRANTING RELIEF.**

Stone-Coleman seeks a modification of his bail and other relief, following the circuit court's ruling on "May 20, 2022." (Brief of Appellant at 2). He provides no doctrinal or record support for his argument, which must therefore be rejected.

First, Stone-Coleman appears to be appealing from a hearing at which the circuit court (1) denied a motion to discharge counsel and (2) ordered a competency evaluation. (Docket entries, "Hearing Sheet," 5/20/22). Stone-Coleman offers no authority for the proposition that such an order is appealable, and the State is

3

aware of none. In the absence of authority providing a right to appeal, an appeal must be dismissed. *See* Md. Rule 8-602 (b)(1) ("The Court shall dismiss an appeal if . . . the appeal is not allowed by these Rules or other law[.]").

Second, Stone-Coleman does not provide a transcript supporting his claim. *See* Md. Rule 8-411 (a) ("the appellant shall order in writing from the court reporter a transcript"). In the absence of a record supporting Stone-Coleman's claims, they should be rejected. *See Kovacs v. Kovacs*, 98 Md. App. 289, 303 (1993) ("The failure to provide the court with a transcript warrants summary rejection of the claim of error."). Stone-Coleman's appeal is subject to dismissal, for this reason as well. Md. Rule 8-602(c)(3).

Third, Stone-Coleman's arguments fail, even without a transcript. He cites a series of (apparently private) conversations between himself and his attorney, or his mother and his attorney, as reasons why Judge Kehoe should have discharged counsel. (Brief of Appellant at 2). But "acrimony towards defense counsel" is not itself sufficient to compel the granting of a meritorious motion to discharge. *Cousins v. State*, 231 Md. App. 417, 442 (2017). If Stone-Coleman wishes to discharge counsel before trial,

4

he will have other opportunities to move to do so. Should he obtain private counsel, as he suggests he might do, that attorney could then file an entry of appearance.

Stone-Coleman's next argument is that his bail is too high. (Brief of Appellant at 3). His argument that his bail is too high is founded upon federal statutory authority, though, and not related to the rules of pretrial detention in Maryland state court. (Brief of Appellant at 3).

Stone-Coleman's next argument is that the circuit court judge was biased against him. (Brief of Appellant at 4). He does not identify what decision, precisely, was affected by this "bias," though he does complain that the judge "doesn't trust me with an unsecured bond." (Brief of Appellant at 4). To the extent that Stone-Coleman is complaining that "bias," and not three prior failures to appear and two prior bench warrants, improperly influenced the judge to hold him on $50,000 bail, (1) that issue was not apparently before the court on the date of the appealed ruling, and (2) Stone-Coleman offers no authority in support of it.

In short, this appeal must be dismissed because it is not allowed by law, it should be dismissed because there is no record

5

support for the arguments within it, and the arguments that it
contains are not supported by relevant authority.

CONCLUSION

The State respectfully asks the Court to dismiss the appeal,
or in the alternative to affirm the judgment of the Circuit Court for
Talbot County.

Dated: September 2, 2022        Respectfully submitted,

                                BRIAN E. FROSH
                                Attorney General of Maryland

                                BENJAMIN A. HARRIS
                                Assistant Attorney General
                                Attorney No. 9512120345

                                Counsel for Appellee

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

CERTIFICATION OF WORD COUNT AND
COMPLIANCE WITH THE MARYLAND RULES

This filing was printed in 13-point Century Schoolbook font;
complies with the font, line spacing, and margin requirements of
Maryland Rule 8-112; and contains 943 words, excluding the parts
exempted from the word count by Maryland Rule 8-503.

*/s/ Benjamin A. Harris*
BENJAMIN A. HARRIS
Assistant Attorney General
Attorney No. 9512120345

Counsel for Appellee

8

| JEREZ NEHMIAH STONE-COLEMAN, | IN THE |
|---|---|
| | COURT OF SPECIAL APPEALS |
| Appellant, | OF MARYLAND |
| v. | September Term, 2022 |
| STATE OF MARYLAND, | No. 685 |
| Appellee. | |

### CERTIFICATE OF SERVICE

In accordance with Maryland Rule 20-201(g), I certify that on this day, September 2, 2022, I electronically filed the foregoing "Brief of Appellee" using the MDEC System, which sent electronic notification of filing to all persons entitled to service, including Jerez Nehmiah Stone-Coleman, Talbot County Detention Center, 115 West Dover Street, Easton, Maryland 21601.

/s/ Benjamin A. Harris
BENJAMIN A. HARRIS
Assistant Attorney General
Attorney No. 9512120345

Counsel for Appellee



GREGORY HILTON,
CLERK

# Court of Special Appeals

Robert C. Murphy Courts of Appeal Building
361 Rowe Boulevard
Annapolis, Maryland 21401-1699

(410)260-1450   WASHINGTON AREA 1-888-200-7444

**SUMMARY NOTICE**

**Jerez Nehemiah Stone-Coleman v. State of Maryland**
Case Number:  CSA-REG-0685-2022
Circuit Court Number: C-20-CR-19-000314
Date:  9/6/2022

Dear Counsel and Parties:

The referenced case shall be decided without oral argument in the October 2022

session.

Gregory Hilton, Clerk

Emergency Motion for bail reduction/pretrail release

Case No:
C-20-CR-19-000314

Jerez coleman                                    8/31/22

I, Jerez coleman, moving Pro Se, request, for an emergency motion for bail reduction as my continued detention violates my farteenth, fifth and eighth Amendment rights of the united states constitution.

A bail Practice violates the farteenth Amendment if, without consideration of ability to pay and alternative methods of assuring appearance at trail, it results in the pretrail detention of indigent Defendants. A.) The 14th Amendment Prohibits Incarcerating individuals without meaningful consideration of indigence and alternative methods of achieving a legitimate gavernment interest. B.) Bail systems that Keep indigent Defendants in Jail solely because they cannot Pay bail result in the unnecessary Pretrail detention and impede the fair administration of Justice. This cart should affirm that a bail scheme that mandates Payment of fixed amants to obtain pretrail release, without meaningful consideration of an individuals indigence and alternatives that would serve the city's interest, violates the farteenth Amendment. On March 11th, 2022, I told the cart that I can Pay a 5,000 10% unsecured or secured bail which would have been 500 dollars, along with reasonable conditions, yet without taking into accant what I can Pay bail was set at 50,000, thus Violating my 14th Amendment, 8th Amendment and fifth Amendment rights of the u.s constitution.

A.) The farteenth Amendment Prohibits Incarcerating Individuals Without meaninaful consideration of indience and alternative methods of achieving A Legitimate

SR 245

2.)

government interest. The supreme court has long held that "there can be no equal justice where the kind of trail a man gets depends on the amount of money he has." - Griffin v. Illinois, 351 U.S. 12, 19 (1956)(plurality opinion),° accord smith v. Bennett, 365 U.S. 708, 710 (1961). As explained more fully below, in a long line of cases beginning with Griffin, the court has repeatedly reaffirmed that denying access to equal justice, without meaningful consideration of indigence and alternative methods of achieving a legitimate government interest, violates the 14th Amendment. Although a jurisdiction has discretion to determine which rights and penalties beyond what the constitution minimally requires are ~~entered~~ appropriate to achieve it's legitimate interest, the fourteenth Amendment prohibits a jurisdiction from categorically imposing different criminal consequences- including and especially incarceration - on poor people without accounting for their indigence. In Griffin, the court first considered whether a state "may, consistent with the Due process and equal protection clauses of the 14th Amendment, deny adequate appellate review of a criminal conviction to the poor while granting such review to all others". 351 U.S. at 13. The court held that once a state decides to grant appellate rights, it may not do so in a way that discriminates against some convicted defendants on account of their poverty." Id. at 18. The court ~~does~~ therefore found it

3)

unconstitutional to deny indigent criminal defendants appellate review by effectively requiring them to furnish appellate courts with a trial transcript, which cost money, before they could appeal their convictions. See id at 18-19. In holding that "destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts", id. at 19, the court declined to hold that the state must purchase a stenographer's transcript in every case where a defendant cannot buy it", id. at 20. Instead, it held that the state "may find other means of affording adequate and effective appellate review to indigent defendants". Ibid. In a line of cases building on Griffin, the supreme court has held that incarcerating individuals solely because of their inability to pay a fine or fee, without regard for indigence and a meaningful consideration of alternative methods of achieving the governments interests, effectively denies equal protection to one class of people within the criminal justice system while also offending due process principles. In Williams V. Illinois, 399 U.S. 235, 244 (1970), for example, the court struck down a practice of incarcerating an indigent individual beyond the statutory maximum term because he could not pay the fine and court costs to which he had been sentenced. The court held that "once the state has defined the outer limits of ~~incarceration~~ incarceration necessary to satisfy it's penological interests and policies, it may not then subject a certain class of convicted defendants to a period of imprisonment →

4)

beyond the statutory maximum solely by reason of their indigency". Id. at 241-242. The court made clear, however, that "the state is not powerless to enforce judgments against those financially unable to pay a fine". Id. at 244. On the contrary, nothing in the court's holding "limits the power of the sentencing judge to impose alternative sanctions" under state law. Id. at 245. Similarly, in Tate v. Short, 401 U.S. 395, 398 (1971), the court held that incarcerating an indigent individual convicted of fines-only offenses to "satisfy" his outstanding fines constituted unconstitutional discrimination because it subjected him to imprisonment solely because of his indigency". Id. at 397-398. The court explained that the scheme in tate suffered from the same constitutional defect as that in Williams, and again emphasized that there "other alternatives to which the state may constitutionally resort to serve its concededly valid interest in ~~collecting~~ enforcing payment of fines". Id. at 399. (See also Barnett v. Hopper, 548 F.2d 550, 554 (5th Cir. 1977)(relying on Williams and tate to hold that "to imprison an indigent when in the same circumstances an individual of financial means would remain free constitutes a denial of equal protection of the laws), vacated as moot, 439 U.S. 1041 (1978). And in Bearden v. Georgia, 461 U.S. 660 (1983), the court held that the 14th Amendment prohibits a state from revoking an indigent defendants probation for failure to pay a fine and restitution" without determining that the defendant had not made sufficient bona fide efforts to pay or that adequate

SR 248

5)

alternative forms of punishment did not exist". Id. at 661-662. Such treatment of indigent defendants would amount to little more than punishing a person for his poverty". Id. at 662. The bearden court further explained that, because "due process and equal protection principles converge in the court's analysis in these cases," 461 U.S. at 665, the traditional equal protection framework that usually requires analysis under a particular level of ~~scrutiny~~ scrutiny does not apply. Because "indigency in this context is a relative term rather than a classification, fitting the problem of this case into an equal protection framework is a task too Procrustean to be rationally accomplished". Id. at 666 n. 8 (Internal quotation marks omitted). "Whether analyzed in terms of equal protection or due process, the issue can't be resolved by resort to easy slogans or pigeonhole analysis." Id. at 666. Instead, the relevant analysis "requires a careful inquiry into such factors as the nature of the individual interest affected, the extent to which it is affected, the rationality of the connection between legislative means and purpose, and the existence of alternative means for ~~effectuating~~ the purpose". Id. at 666-667 (citation and internal quotation marks omitted; brackets in original). Although bearden and other cases in Griffin's progeny have arisen in the sentencing and post-conviction context, their holdings apply with equal, if not greater, force in the bail context. Indeed, defendants who have not been found guilty have an especially "strong interest in liberty" - United States v. Salerno, 481 U.S.

739, 750, 755 (1987). Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984) (When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary). Because of that liberty interest, pretrial release should be the norm, and pretrial detention "the carefully limited exception". Ibid. To be sure, in certain circumstances, such as when a court finds that a defendant poses a threat to others or presents a flight risk, this fundamentally important right may be circumscribed on a case-by-case ~~440~~ basis. see, e.g, id at 750-751, 754-765. If a court finds that no other conditions may reasonably assure an individuals appearance at trial, financial conditions may be constitutionally imposed - but "bail must be set by a court at a sum designed to ensure that goal, and no more". Id. at 754 (emphasis added). Although the imposition of bail in such circumstances may result in a persons incarceration, the deprivation of liberty in such circumstances is not based solely on inability to pay. But fixed bail schedules that allow for the pretrial release of only those who can pay, without accounting for ability to pay and alternative methods of assuring future appearance, do not provide for such individualized determinations, and therefore unlawfully discriminate based on indigence. under such bail schemes, arrestees who can afford to pay

7.)

the fixed bail amount are promptly released whenever they are able to access sufficient funds for payment, even if they are likely to miss their assigned court date or pose a danger to others. Conversely, the use of such schedules effectively denies pretrial release to those who cannot afford to pay the fixed bail amount, even if they pose no flight risk, and even if alternative methods of assuring appearance (such as an unsecured bond or supervised release) could be imposed. Such individuals are unnecessarily kept in jail until their court appearance, often for even minor offenses, such as a traffic or ordinance violation, including violations that are not punishable by incarceration. Incarcerating individuals solely because of their inability to pay for their release, whether through the payment of fines, fees, or a cash bond, violates the equal protection clause of the fourteenth Amendment. See Tate v. Short, 401 U.S. ~~3920~~ 395, 398 (1971); Williams v. Illinois, 399 U.S. 235, 240-41 (1970); Smith v. Bennett, 365 U.S. 708, 709 (1961). As the former fifth circuit recognized in an en banc decision, while "utilization of a master bond schedule provides speedy and convenient release for those who have no difficulty in meeting it's requirements", the incarceration of those who can't, without meaningful consideration of other possible alternatives, infringes on both due process and equal protection requirements." Pugh v. Rainwater, 572 F.2d 1053, 1057 (5th cir. 1978) (en banc). (Decisions of the

8)

former fifth circuit rendered before October 1, 1981,
serve as binding precedent of the eleventh circuit.
See Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (
11th cir. 1981) (en banc). Although the court in Pugh found
moot plaintiffs' claim challenging the use of monetary
bail to incarcerate defendants pretrail without meaningful
consideration of alternatives (This court didn't seek those
possibilities), it acknowledged " that imprisonment solely
because of indigent status is invidious discrimination
and not constitutionally permissible". Id. at 1056 (citing
Williams, supra; Tate, supra)." see also Varden, supra at
2 (concluding that "the fourteenth Amendment prohibits
punishing a person for his poverty, and this includes
deprivations of liberty based on the inability to pay
fixed-sum bail amounts"— a principle that "applies
with special force" to pretrail defendants) (internal
citation and quotation marks omitted). In fact, where
fixed bail schedules are used without meaningful
consideration of alternatives that account for inability
to pay, indigent arrestees seeking bail are faced
with precisely the same type of "illusory choice"
that the Supreme court has recognized " works
an invidious discrimination". Williams, 399 U.S.
at 242. The Supreme ~~court rejected~~ arguments in respect
to policies that implicate due process concerns and
discriminate against the indigent in the sanctions imposed,
explaining that, because such policies expose only
indigents to an additional sanction, they are not

9.)

merely disproportionate in impact. Rather, they are
Wholly contingent on one's own, ability to pay, and
thus visit different consequences on two categories
of persons: they apply to all indigents and do not
reach anyone outside the class". - M.L.B. V. S.L.J.,
519 U.S. 102, 127 (1956) (internal citation omitted;
second brackets in original); see also Bearden, 461
U.S. at 664 (applying "Griffin's principle of equal
justice" post - Washington V. Davis to prohibit
revocations of probation without inquiring into ability
to pay and consideration of alternatives); Williams,
399 U.S. at 242 (Here the Illinois statutes as
applied to williams works an invidious discrimination
solely because he is unable to pay the fine"). In
sum, under bearden and other cases in Griffin's
progeny, a jurisdiction may not use a bail system
that incarcerates indigent individuals without meaningful
consideration of their indigence and alternative methods
of assuring their appearance at trail. I am requesting
that my bail be switched to a 50,000 unsecured
bond with reasonable conditions or a 5,000 10% bond
with reasonable conditions, my continued confinement
at Talbolt county detention center renders me substantially
likely to contract covid-19 again, as on 8/10/22, I
contracted covid-19 in this facility, since then I have
had serious breathing issues; I stop breathing when I
sleep, then my vision is blurry etc. My severe health
conditions render me substantially likely to suffer

10.)

irreparable harm or death as a result. Precautions taken to reduce exposure were insufficient. The due process clause prohibits the government from imposing torture or cruel and unusal confinement conditions on non convicted detainees. See, Bell V. Wolfish, 441 U.S. 520, 535, 99 S. ct. 1861, 60 L. Ed. 2d 447 (1979) (under the due process clause, a detainee may not be punished prior to an adjudication of guilt or innonce). This type of 5th Amendment claim is analyzed under the same rubric as the Eighth Amendment claims braght by Prisoners". Villegas V. Metropolitan Government of Nashville, 709 F. 3d 563, 568 (6th Cir. 2013). Eighth Amendment claims require a showing of deliberate indifference. See Farmer V. Brennan, 511 U.S. 825, 835, 114 S. ct. 1970, 128 L. Ed. 2d 811 (1944), which has a subjective and objective component. See Villegas v. Metro. Gov't of Nashville, 709 F. 3d 563, 568 (6th cir. 2013) (citing Harrison V. Ash, 539 F. 3d 510, 518 (6th cir. 2008).

1.) Objective component: The objective component is satisfied by showing that, "absent reasonable precautions, an inmate is exposed to a substantial risk of serious harm". Richko V. Wayne Cty, 819 F. 3d 907, 915 (6th Cir. 2016) (citing Amick V. Ohio Dep't of rehab. and corr, 521 Fed. Appx. 354, 361 (6th cir. 2013). A generalized risk is a substantial risk. From 8/10/22 - 8/22/22, myslef and other yang men on the unit was on quartine, people still had to use the phone, showers,

11

(All in the same
Unit with everyone - 19)
having covid

eat, etc. (This Place (Talbott County detention center
Placed me in Substantial risk of serious harm, that
if I was released I wouldn't have contracted the
coronavirus. As the supreme court explained in Helling
V. McKinney, "we have great difficulty agreeing
that Prison authorities may not be deliberately indifferent
to an inmate's current health Problems but may ignore
a condition of confinement that is sure or very
likely to cause serious illness and needless suffering
the next week or month or year." 509 U.S. 25, 33, 113
S. ct. 2475, 125 L. Ed. 2d 22 (1993). "That the eighth
Amendment Protects against future harm to inmates is not
a novel Proposition". Id. "It would be odd to deny an
injunction to inmates who Plainly Proved an unsafe,
life-threatening condition in their Jail or Prison on the
ground that nothing yet had happened to them." Id.
The above analysis regarding the risk of irreparable injury
to me demonstrates, the Parties in this case ~~are~~ grievously
underestimate the seriousness of the risk to me, in spite
of Precautionary measures and the outbreak to date. The
ever-growing number of covid-19 outbreaks in Prisons
and detention facilities, despite a range of Precautionary
measures, demonstrates that the risk of another covid-19
outbreak at Talbott County Detention facility is significant
Nor, given the percentage of asymptomatic covid-19
cases and the virus' incubation Period of up to fourteen
days, the respondents can only allege that ~~there~~ there are
no confirmed cases. By the time a case is confirmed

SR 255

12

it will almost certainly be too late to protect my constitutional rights. So long as I remain in pretrial detention, I will be exposed to a substantial risk of serious harm.

2) Subjective component: The subjective component is demonstrated by showing that "1.) The official being sued subjectively perceived facts from which to infer a substantial risk to prisoner, (2.) the official did in fact draw the inference, and (3) the official then disregarded that risk." 819 F. 3d at 915-16 (citing Rouster V. Cty. of Saginaw, 749 F. 3d 437, 446 (6th Cir. 2014). "Because government officials do not readily admit the subjective component of this test, it may be demonstrated in the usual ways, including inference from circumstantial evidence". Richko, 819 F. 3d at 916 (citing Dominguez V. Corr. Med. Servs., 555 F. 3d 543, 550 (6th Cir. 2009) Additionally, "a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious". Farmer, 511 U.S. at 842. No set of possible confinement conditions would be sufficient to protect my 8th and 14th Amendment rights or my 5th Amendment right. Release with reasonable conditions from custody represent the only adequate remedy in this case. See Swann V. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1, 15-16, 91 S. Ct. 1267, 28 L. Ed. 2d 554 (1971) (once a right and violation have been shown, the scope of a district court's equitable powers

13

to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies). The public interest favors my release because of the risk that my constitutional rights will be deprived absent an injunction." It is always in the public interest to prevent the violation of a party's constitutional rights". G and V Lange Inc. v. Mich Liquor Control comm, 23 F. 3d 1071, 1079 (6th cir. 1994)

B.) In closing; Bail systems that keep indigent defendants in jail solely because they cannot pay bail result in unnecessary pretrail detention and impede the fair Administration of Justice. Bail Practices that do not accant for indigence result in the unneccessary Incarceration of numerous individuals who are presumed innocent. of the more than 730,000 individuals incarcerated in local jails nationwide in 2011, for example, about 60% were pretrail detainees (a rate unchanged since 2005), and most of them were accused of nonviolent offenses. (see, Richard Williams, Bail or Jail, State Legislatures (may 2012) available at http://www.ncsl.org/research/civil-and-criminal-justice/bail-or-jail.aspx; see also Todd D. Minton and Zhen Zeng, United States Department of Justice, Bureau of Justice Statistics, Jail inmates at midyear 2014, NCJ 248629, at 1, 3 (2015), available at http://www.bJS.gov/content/pub/pdf/jim14.pdf.) Unnecessary pretrail detention significantly burdens the limited resources of taxpayers and state and

14

local governments. It also creates additional problems as jails become overcrowded. The repercussions of unnecessary pretrial detention that disproportionately affect indigent individuals can reverberate in other parts of the criminal justice process and impede the fair administration of justice. The "traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction". Pugh, 572 F. 2d at 1056-1057 (en banc) (citing Hudson V. Parker, 156 U.S. 277, 285 (1895). But incarceration could hinder a defendant's ability to gather evidence, contact witnesses, or otherwise prepare his defense." Barker V. Wingo, 407 U.S. 514, 533 (1972). Excessive pretrial detention could also induce the innocent to plead guilty for a quicker release or result in a detention period that exceeds the expected sentence" (see, e.g. Andrew D. Leipold, How the Pretrial Process contributes to wrongful conviction 42, am. crim. L. Rev. 1123, 1154 (2005); Mary T. Phillips, New York City criminal Justice Agency, Inc, Bail, detention, and felony case outcomes, Research Brief No. 18, at 7 (2008), available at http://www. nycja.org/1wdcms/doc-view.php? module = reports and module_id = 597 and doc_doc_name = doc; Stephanos Bibas, plea Bargaining outside the shadow of trial, 117 Harv. L. Rev. 2463, 2492 (2004). and Because most jails offer little or no recreational or rehabilitative programs, pretrial detention is not likely to reduce

15

recidivism. Ibid. Pretrail incarceration also "often means loss of a Job; it disrupts family life," and it enforces idle idleness". Barker, 407 U.S. at 532 See also ABA standards for criminal Justice: Pretrail release 10-1.1 (Deprivation of liberty pending trail is harsh and oppressive, subjects defendants to economic and psychological hardship, interferes with their ability to defend themselves, and, in many instances, deprives their families of support). (see, Available at http://www.americanbar.org/publications/criminal_Justice_section_archive/crimJust_standards_pretrial release_blk.html# 10-1.1.), see open society Justice Initiative, the socioeconomic Impact of Pretrail Detention 27-32 (2001) (examining the cost to Pretrail detainees and their families as measured by income, employment, education, incarceration-related expenses, and long-term effects), available at http:// www.Pretrail. org/download/research/OSI% 20Socieconomic % 20Impact %20Pretrail/20% Detention% 202011.pdf.). This impact may be exacerbated for indigent individuals who, as a consequence of their poverty, are already in vulnerable situations. In short, bail practices that fail to account for indigence are not only unconstitutional, but also conflict with sand public policy considerations. In conclusion, Due to ~~remaning cartin~~ the state and the cart not taking into account of my ability to pay and alternative methods of assuring appearance at trail, it ~~rested~~ resulted in Pretrail detention thus violating my

16.

eighth and farteenth Amendment rights
of the U.S constitution because a bail scheme
violates the farteenth Amendment if, without
a cart's meaningful consideration of ability to
pay and alternative methods of assuring appearance.
I, Jerez coleman, respectfully request for a
50,000 unsecured bond or a 5,000 10% bond
with reasonable conditions.

                    Respectfully submitted,
                    Jerez coleman

**MARYLAND JUDICIARY**

**CIRCUIT COURT FOR** Talbot canty _____, **MARYLAND**
City/County

Located at 11 N. washington street _____ Case No. C-20-CR-19-000314
Court Address

Plaintiff

20 N. west street
Address
Easton, MD 21601                    Telephone
City, State, Zip

vs.

Defendant
115 west Dover street
Address
Easton, MD 21601                    Telephone
City, State, Zip

## CERTIFICATE OF SERVICE

I certify that on this **31st** day of **August**, **2022**, a copy of the
                              Month              Year
document(s) titled Bail Reduction ( Electronic Filing request)
                              Title(s) of document(s)

was/were ☑ mailed, postage prepaid ☐ hand delivered, to:

~~BRYCE COLEMAN~~ Joseph Cole          20 N. west street
Name                                   Address
                                       Easton, MD 21601
                                       City, State, Zip
Jerez Coleman                          115 west Dover street
Name                                   Address
                                       Easton, MD 21601
8/31/22                                City, State, Zip
Date                                   _____
                                       Signature of Party Serving

CC-DR-058 (Rev. 06/2019)

Case No:
C-20-CR-19-000314

Jerez Coleman                                    8/31/22

I, Jerez coleman, hereby certify that on August 31st, 2022, I requested this to be electronically filed the foregoing '' Emergency Motion for Bail Reduction/ Pretrail release herein with the clerk of the cort for talbolt canty by using the CM/ECF system. I certify that all participants in this case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that on 8/31/22, I will cause paper copies of this motion to the clerk of the cort for talbolt canty by mail, and will cause one paper copy of the same to be mailed to the following cansel:

Joseph Coale
20 N. west street
Easton, MD 21601

                                    Jerez Coleman

# IN THE CIRCUIT COURT FOR TALBOT COUNTY

**Date:** 9-14-22    **Judge:** Hon Stephen H Kehoe

**Case Number/Title:** CR-19-314   St vs Stone-Coleman

**Hearing Type:** Competency    ☐ In Person Hearing   ☒ Remote Hearing

                       ☐ Defendant elected/consented to proceed remotely

**Parties Present:**

☒ State's Atty _Coale_    ☒ Defendant ☒ Defendant's Counsel: _Petticolas_

☐ Interpreter: _____

☐ Defendant FTA

☐ Bench warrant issued: No Bond/Bond: $_____ ○ Cash  ○ Surety ○ Property  ○ May post _____%


**Plea:**  ☐ Guilty to Count(s): _____

☐ Defendant sworn  ☐ Jury trial waiver  ☐ 180 day waiver

☐ Testimony taken  ☒ Parties/Counsel heard by Court

**Witnesses:**

_____    _____

_____    _____

_____    _____

_____    _____

**Court's Ruling:**

☐ Defendant has freely, voluntarily, knowingly and intelligently:

○ waived right to jury trial  ○ waived right to speedy trial   ○ entered into plea

☐ State entered: ☐ Nolle Pros on the record, Court so notes ☐ Stet on the record, Court so notes

☐ Pre Trial/Status hearing: _____  ☐ Motions hearing: _____

☐ Court/Jury Trial: _____  ☐ Plea date: _____

☒ Other: Court finds deft is unable to understand proceedings
+ assist in his defense.
Court finds deft is a danger to self
Deft committed to MDH
Trial date vacated
Evaluation to be provided w/in 60 days

☐ Bench Warrant issued  ○ No bond  ○ Bond: $_____

**SR 263**



**CIRCUIT COURT FOR TALBOT COUNTY, MARYLAND**

11 N. Washington Street, Easton, Maryland 21601
Clerks Office: 410-822-2611 Assignment Office: 410-770-6801 Juvenile Assignment Office: 410-822-2611

REPORTABLE

| | |
|---|---|
| **Case Number:** | **C-20-CR-19-000314** |
| **Tracking Number:** | **197020000236** |
| **Other Reference Number(s):** | **C-20-JG-21-000176; CSA-REG-0367-2022; CSA-ALA-0450-2022; CSA-REG-0685-2022; COA-PET-0168-2022** |

**STATE OF MARYLAND VS. JEREZ NEHEMIAH STONE-COLEMAN**

Defendant DOB: 01/17/1995

SID Number: MD-37749592

## COMMITMENT TO THE MARYLAND DEPARTMENT OF HEALTH AFTER A FINDING OF DEFENDANT'S INCOMPETENCY TO STAND TRIAL AND A FINDING THAT BY REASON OF A MENTAL DISORDER OR MENTAL RETARDATION THE DEFENDANT IS A DANGER TO SELF OR THE PERSON OR PROPERTY OF ANOTHER
### (Criminal Procedure § 3-106)

| Charges: | CR.7.104 | Theft: $25,000 To Under $100,000 |
|---|---|---|
| | CR.8.301(c)(2)(i)(ii) | Fraud Ident Info Theft $25k -<$100k |
| | CR.8.301(c)(2)(iii) | Fraud-Per Id Avoid Pay $25k -<$100k |

The defendant having been charged with the commission of a crime and having been found incompetent to stand trial, and having been found because of ☒ a mental disorder ☐ mental retardation to be a danger to self or the person or property of another, it is

ORDERED that the defendant be and is hereby committed to the Maryland Department of Health until the court is satisfied that the defendant is no longer incompetent to stand trial or is no longer, by reason of a mental disorder or mental retardation, a danger to self or the person or property of another.

ORDERED the Department of Health admit the defendant to a designated health care facility as soon as possible, but no later than 10 business days after receipt of the order of commitment, and to notify the court of the date on which the defendant was admitted, and to which designated health care facility.

It is further ORDERED upon receipt of this order, the transportation unit named below will transport the defendant immediately to the facility designated by the Maryland Department of Health upon notification by the Maryland Department of Health:
Transportation Unit:      Maryland Department of Health
Recommended Facility:    TBD

☒ If committed because of a mental disorder, it is further ORDERED that as soon as possible after the defendant's admission, but not to exceed 48 hours, that the Health Department evaluate the defendant, develop a prompt plan of treatment for the defendant under § 10-706 of the Health General Article, and evaluate whether there is a substantial likelihood that, without immediate treatment, including medication, the defendant will remain a danger to self or the person or property of another.

It is further ORDERED a review hearing shall be convened no later than sixty (60) days from the date of this order. The Health Department shall submit a report pursuant to Criminal Procedure § 3-108 to the court and counsel at

least two (2) weeks prior to the scheduled hearing and shall transport the defendant to court for hearing.

09/15/2022 2:13:45 PM
Date

Judge

Stephen H. Kehoe
Printed Name