IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEREZ COLEMAN,

    Petitioner,

v.

CHRISTINA TYLER,
TERRY KOCALIS,
BRIAN FROSH,

    Respondents.

Civil Action No.:  JRR-22-1985

**ORDER**

On September 19, 2022, this Court issued an Order requiring Respondents to show cause why self-represented Petitioner Jerez Coleman should not receive the injunctive relief he seeks in his Emergency Motions for Pretrial Release (ECF Nos. 4 and 7).  ECF No. 8.  Respondents filed their response asserting that injunctive relief is not available in the context of a Petition for Writ of Habeas Corpus, this Court should abstain from ruling on a claim arising out of an active criminal prosecution, and Coleman's claims are moot because he is now being held without bail after he was found not competent to stand trial and committed to the custody of the Maryland Department of Health.  ECF No. 12.  For the reasons stated below, Coleman's requests for injunctive relief shall be denied and his Petition for Writ of Habeas Corpus shall be dismissed without prejudice.[1]

When Coleman filed his Petition with this Court, he was a pre-trial detainee in the custody of Talbot County, Maryland.  He complained that the bail set for him, $50,000, was excessive and violated his Eighth and Fourteenth Amendment rights because his family cannot afford to pay it.

---

[1] Coleman's Motion to Appoint Counsel (ECF No. 9) shall also be denied.  Under Rule 8(c) of the Federal Rules Governing § 2254 Habeas Corpus cases, "[i]f an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel."  *See also* Rule 1(b) permitting this Court to apply any or all of the rules governing § 2254 cases to habeas corpus petitions not otherwise covered by the rules.

Coleman later informed the Court that he has cancer (glioblastomia), has weakened immune system, and is at a greater risk of developing serious side effects if he contracts COVID-19. ECF No. 4 at 7-8. Paradoxically, Coleman also states that he contracted the virus on August 10, 2022, while detained in the Talbot County Detention Center ("TCDC"). *Id*. at 2. Coleman argues that the amount of bail that was set, together with the conditions in TCDC that heighten the risk of COVID-19 infection is, in his case, a violation of both the Fourteenth and Eighth Amendments. *Id*. at 7.

Respondents assert that this Court is not authorized to issue an injunction filed in the context of a habeas petition, but more importantly, they provide evidence that Coleman is no longer being held under the bail he initially contested, and he is no longer in the custody of Talbot County. Rather, Coleman has been committed to the custody of the Maryland Department of Health after he was found not competent to stand trial and a danger to himself. ECF No. 12-1 at 272-74 (Cir. Ct. for Talbot County Order). Coleman must be transferred to a health care facility no later than ten days from September 14, 2022, the date the court found him not competent to stand trial. *Id*. at 273.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"

*Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). "The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). Here, Coleman is no longer being held pursuant to the bail he claimed was excessive, nor is he exposed to the alleged unconstitutional conditions at TCDC. His claims are therefore moot and the merits of his assertions may not be reached.[2]

Accordingly, it is this _27th__ day of September, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Coleman's Motions for Temporary Restraining Order (ECF No. 4) and for Pre-trial Release (ECF No. 7) ARE DENIED;

2. The Petition for Writ of Habeas Corpus IS DISMISSED without prejudice as moot;

3. In light of the disposition of this case, Coleman's Motion to Appoint Counsel (ECF No. 9) IS DENIED;

4. The Clerk SHALL PROVIDE a copy of this Order to counsel for Respondents and to Petitioner; and

5. The Clerk SHALL CLOSE this case.

                  _____/S/_____
                  Julie R. Rubin
                  United States District Judge

---

[2] Although Respondents address the merits of Coleman's excessive bail claim and also argue that his confinement to the Maryland Department of Health cannot be challenged here because it has not been exhausted, this Court declines the invitation to examine the merits of Coleman's claim or to address a claim that has not been presented for review.